Wesley C. Dorsey Jr.
Margarete S. Dorsey
660 9th Avenue
San Diego, CA 92101
619-208-0241
Plaintiff In Pro Per

FILED
MAY 01 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Wesley C. Dorsey Jr.,**<br>**Margarete S. Dorsey**<br><br>Plaintiffs,<br><br>v.<br><br>**Gary Kreep,** in his official capacity as a Judge of the Superior Court of California for the County of San Diego;<br>**Kerry Wells,** in her official capacity as Presiding Judge of the Superior Court of California for the County of San Diego, Appellate Division;<br>**Charles R. Gill,** in his official capacity as a Judge of the Superior Court of California for the County of San Diego, Appellate Division;<br>**Gale E. Kaneshiro,** in her official capacity as a Judge of the Superior Court of California for the County of San Diego, Appellate Division<br><br>Defendants. | Case No.: 17 CV 0871 WQH NLS<br><br>**VERIFIED COMPLAINT FOR DECLARATIVE RELIEF** |

## Jurisdiction

1. This Court has jurisdiction pursuant to the following statutes:
   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil action arising under the Constitution, laws or treaties of the United States;
   b. 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over action to secure civil rights extended by the United States government;
   c. 28 U.S.C. § 1367, which give the district court supplemental jurisdiction over state law claims;

## Venue

2. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint happened in this district.

## Parties

3. Plaintiff Wesley C. Dorsey Jr. is a citizen of the United States and resides in the County of San Diego, California, which is in this judicial district.
4. Plaintiff Margarete S. Dorsey is a Permanent Resident Alien of the United States and resides in the County of San Diego, California, which is in this judicial district.
5. Defendant Gary Kreep is a Judge presiding in the Superior Court for the County of San Diego.
6. Defendant Kerry Wells is a Presiding Judge in the Superior Court for the County of San Diego, Appellate Division.
7. Defendant Charles R. Gill is an Associate Judge presiding in the Superior Court for the County of San Diego, Appellate Division.

8. Gale E. Kaneshiro is an Associate Judge presiding in the Superior Court for the County of San Diego, Appellate Division.

## General Allegations

9. California Code of Civil Procedure, Part 3, Title 3, Chapter 4, sections 1159 - 1179a, entitled, "*Summary Proceedings for Obtaining Possession of Real Property in Certain Cases,*" otherwise known as the Unlawful Detainer Act (hereafter UDA), provides the statutory framework necessary for landlords to terminate lease agreements with tenants for non payment of rent and regain possession of property indicated in the agreement.
10. Landlords wishing to terminate a tenants lease for non payment of rent must first serve the tenant with a 3 Day Notice to Pay Rent or Quit (hereafter 3 Day Notice).
11. Valid service of the 3 Day Notice is possible only by following the strict statutory requirements of CA CCP 1162.
12. CA CCP 1162 lists in order, the methods of service required to be attempted on a tenant in order to effect valid service of a 3 Day Notice. Strict adherence to these steps is required to effect valid service of notice. Those steps are as follows:
    a. *By delivering a copy to the tenant personally.*
    b. *If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence.*
    c. *If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in*

*a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner.*

d. *The notices required by Section 1161 may be served upon a commercial tenant by any of the following methods:*

e. *By delivering a copy to the tenant personally.*

f. *If he or she is absent from the commercial rental property, by leaving a copy with some person of suitable age and discretion at the property, and sending a copy through the mail addressed to the tenant at the address where the property is situated.*

g. *If, at the time of attempted service, a person of suitable age or discretion is not found at the rental property through the exercise of reasonable diligence, then by affixing a copy in a conspicuous place on the property, and also sending a copy through the mail addressed to the tenant at the address where the property is situated. Service upon a subtenant may be made in the same manner.*

h. *For purposes of subdivision (b), "commercial tenant" means a person or entity that hires any real property in this state that is not a dwelling unit, as defined in subdivision (c) of Section 1940 of the Civil Code, or a mobilehome, as defined in Section 798.3 of the Civil Code.*

13. CA CCP 1177, which falls under the UDA, is the provision of the Act that specifies that the rules in California Code of Civil Procedure, Part 2, constitute the rules of practice under the UDA and reads:

a. *Except as otherwise provided in this Chapter the provisions of Part II of this Code are applicable to, and constitute the rules of practice in the proceedings mentioned in this Chapter.*

*14.* The UDA in its entirety contains no provision with regard to service of notice by mail under CA CCP 1162 to bar the provisions of "*Part II of this Code*" from constituting the rules of practice under the UDA.

*15.* California Code of Civil Procedure, Part 2, Title 14, Chapter 5, sections 1010 - 1020, entitled, "*Notices, and Filing and Service of Papers,*" (hereafter Notice Section) contains the statutory references for serving and filing notices and other papers as authorized under CA CCP 1177.

*16.* CA CCP 1010 defines service of notice in general and reads in part:

a. *"Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code."*

*17.* CA CCP 1011 differentiates between service of notice on an attorney on an attorney and service of notice on a party and reads:

a. *The service may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:*

b. *If upon an attorney, service may be made at the attorney's office, by leaving the notice or other papers in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or with a person having charge thereof. When there is no person in the office with whom the notice or papers may be left for purposes of this subdivision at the time service is to be effected, service may be made by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office, or, if the attorney's office is not open so as to admit of that service, then service may be made by leaving the notice or papers at the attorney's residence, with some person of not less than 18 years of age, if the attorney's residence is in the same county with his or her office, and, if the attorney's residence is not known or is not in the same county with his or her office, or being in the same county it is not open, or a person 18 years of*

*age or older cannot be found at the attorney's residence, then service may be made by putting the notice or papers, enclosed in a sealed envelope, into the post office or a mail box, subpost office, substation, or mail chute or other like facility regularly maintained by the Government of the United States directed to the attorney at his or her office, if known and otherwise to the attorney's residence, if known. If neither the attorney's office nor residence is known, service may be made by delivering the notice or papers to the address of the attorney or party of record as designated on the court papers, or by delivering the notice or papers to the clerk of the court, for the attorney.*

c. *If upon a party, service shall be made in the manner specifically provided in particular cases, or, if no specific provision is made, service may be made by leaving the notice or other paper at the party's residence, between the hours of eight in the morning and six in the evening, with some person of not less than 18 years of age. If at the time of attempted service between those hours a person 18 years of age or older cannot be found at the party's residence, the notice or papers may be served by mail. If the party's residence is not known, then service may be made by delivering the notice or papers to the clerk of the court, for that party.*

18. CA CCP 1012 explains service of notice by mail and reads:

a. *Service by mail may be made where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail, or where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail.*

19. CA CCP 1013(a) further defines service of notice by mail and reads:

a. *In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like*

*facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence. Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 calendar days if either the place of mailing or the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.*

*20.* On or about November 10, 2015, according to trial court records, Monica Cuevas (hereafter Ms. Cuevas), served Wesley C. Dorsey Jr. and Margarete S. Dorsey (hereafter Defendants), by posting and mailing in accordance with CA CCP 1162 (3), a 3 Day Notice **(Exhibit 1)** for non payment of rent.

*21.* Prior to her service of the 3 Day Notice at Plaintiffs residence by posting and mailing, Ms. Cuevas made no attempt to determine if Plaintiffs were at home in order to attempt personal service on Plaintiffs.

*22.* Prior to her service of the 3 Day Notice at Plaintiffs residence by posting and mailing, Ms. Cuevas made no attempt to determine if any other suitable persons

were present at Plaintiffs residence in order to attempt substituted service on Plaintiffs.

23. Prior to her service of the 3 Day Notice at Plaintiffs residence by posting and mailing, Ms. Cuevas made no attempt at personal service on Plaintiffs at their places of business, despite having knowledge, custody, and control of Plaintiffs original, verified applications to rent the subject premises; said applications clearly showing Plaintiffs places of employment, addresses, and contact information for each place of employment.

24. Prior to her service of the 3 Day Notice at Plaintiffs residence by posting and mailing, Ms. Cuevas made no attempt to determine if any suitable persons were present at Plaintiffs places of employment in order to attempt substituted service on Plaintiffs at their places of business, despite having knowledge, custody, and control of Plaintiffs original, verified applications to rent the subject premises; said applications clearly showing Plaintiffs places of employment, addresses, and contact information for each place of employment.

25. On or about November 17, 2015, The Leavitt Investment Company (hereafter Leavitt), filed an unlawful detainer action (**Exhibit 2**) in the Superior Court for the County of San Diego.

26. Then Defendants Wesley C. Dorsey Jr. and Margarete S. Dorsey (hereafter *then Defendants*), in their answer (**Exhibit 3**) filed on January 27, 2016, generally denied all allegations in the complaint and presented an affirmative defense that Ms. Cuevas' service of the 3 Day Notice and Leavitt's filing of the complaint violated the laws of the State of California and the Constitution of the United States.

27. At trial on February 29, 2016, Ms. Cuevas testified (**Exhibit 4, trial court transcript**) to serving the 3 Day Notice by posting and mailing the notice in accordance with CA CCP 1162 (3).

*28.* At trial, Ms. Cuevas made no testimony in regards to **any** attempt at personal or substituted service on Plaintiffs at their place of residence.

*29.* At trial, Ms. Cuevas made no testimony in regards to **any** attempt at personal or substituted service on Plaintiffs at their places of business.

*30.* At trial, the court ruled that the 5 day extension provision of CA CCP 1013(a) did not apply to service of a 3 Day Notice by mail.

*31.* At the conclusion of the unlawful detainer trial, the trial court ruled in favor of Leavitt, awarding possession of the subject premises and costs to Leavitt. The trial court also issued a writ of possession for the subject premises.

*32.* On March 10, 2016, *then Defendants* filed an ex parte application requesting a stay of eviction pending appeal. The application was based on the defective service of the 3 Day Notice by Ms. Cuevas. The ex parte was heard the same day and denied.

*33.* On March 11, 2016, *then Defendants* filed a timely notice of motion for new trial (**Exhibit 5**).

*34.* On March 11, 2016, *then Defendants* timely filed a notice of appeal (**Exhibit 6**) in the Superior Court for the County of San Diego, Appellate Division (hereafter reviewing court).

*35.* On March 14, 2016, *then Defendants* were evicted from their place of residence by the San Diego County Sheriff's Department under the writ issued by the trial court.

*36.* On or about March 14, 2016, *then Defendant* Wesley C. Dorsey Jr. went to the office of Ms. Cuevas to request copies of his tenant file in order to have a complete record of *then Defendants* tenancy.

*a.* Among the copied documents provided to Mr. Dorsey by Ms. Cuevas's staff at that time were copies of *then Defendants* original applications to rent the subject premises (**Exhibit 7**) filled out in August of 2011.

*b.* The applications contained the address and contact information for *then Defendants* places of employment.

c. *Then Defendants* employment information had been verified by SDPM prior to signing the lease agreement with Defendants.

*37.* It was at that time, *then Defendants* realized that Ms. Cuevas, must have had knowledge of the existence of *then Defendants* applications to rent as well as custody and control the applications.

*38.* On March 21, 2016, *then Defendants* filed a declaration in support of motion for new trial (**Exhibit 8**) claiming:

a. *Defective service of the 3 Day Notice due to Ms. Cuevas' failure to attempt personal or substituted service on Defendants at their place of residence as required under CA CCP 1162 (1).*

b. *Defective service of the 3 Day Notice due to Ms. Cuevas' failure to attempt personal or substituted service on Defendants at their places of business as is required under CA CCP 1162 (2).*

c. *Discovery of Defendants original applications to rent the subject premises. The applications were obtained from the office of Ms. Cuevas when Defendants requested documents to complete their record of their tenancy in the subject premises. The applications clearly showed Defendants places of employment which were verified by SDPM prior to the signing of the lease between SDPM and Defendants in 2011.*

*39.* The motion for new trial was deemed denied by operation of law 60 days after filing.

*40.* On October 12, 2016, *then Defendants* filed a renewed motion for new trial, memorandum in support of renewed motion for new trial and statement of undisputed facts (**Exhibit 9**).

*41.* During the interim between the denial of the original motion for new trial and the filing of the renewed motion for new trial, *then Defendants* researched and corrected an error in the trial court judgment of February 29, 2016 that indicated a proof of service for the 3 Day Notice had been submitted into evidence at trial. No

proof of service was submitted into evidence at trial and no proof of service exists in the record. The trial court judgment was amended to reflect as much on September 30, 2016 (**Exhibit 10**).

*42.* On November 30, 2016, the trial court denied the renewed motion for new trial without addressing the validity of Ms. Cuevas's service by mail of the 3 Day Notice under the strict requirements of CA CCP 1162. The trial court contended that *then Defendant's* failure to object to the submission of the 3 Day Notice at trial constituted a waiver of the objection.

*43.* At an ex parte hearing (**Exhibit 11**) on December 5, 2016, *then Defendants* presented case law showing:

a. *Sufficiency of the evidence is never waived.*
b. *A pure question of law based on undisputed facts, even if not properly brought before the trial court is reviewable.*
c. *A general denial of all allegations in a complaint does not require defendants to plead affirmative defenses.*

The trial court again denied the ex parte without addressing the validity of Ms. Cuevas's service by mail of the 3 Day Notice under the strict requirements of CA CCP 1162.

44. On December 7, 2016, Appellants filed their opening brief (**Exhibit 12**) in the reviewing court arguing:

a. *The de novo standard of review applies in this instance.*
b. *As a matter of law, Ms. Cuevas's service by mail of the 3 Day Notice is defective because she failed to follow the strict, step by step requirements to effect valid service.*
c. *The trial court erred in ruling that the five day extension provision of CA CCP 1013(a) did not apply to the service of a 3 Day notice served by mail.*

45. On or about December 21, 2016 Respondent Leavitt filed its reply brief (**Exhibit 13**) arguing:

a. *Abuse of discretion should be the standard of review.*

b. *The trial court did not err in its ruling on the validity of the service of the 3 Day Notice.*

c. *The trial court did not err in its ruling on the five day extension provision of CA CCP 1013(a).*

*46.* On January 31, 2017, the reviewing court affirmed the trial court's ruling (**Exhibit 14**). In its statement of decision, the reviewing court:

a. *Declined to review Appellants renewed motion for new trial, holding that an order denying a motion for new trial is not an appealable order.*

b. *Held that Leavitt's unlawful detainer complaint was timely filed after the expiration of the three day notice period, and that the time to respond was not extended under CA CCP 1013(a).*

c. *Held that Ms. Cuevas's service by mail of the 3 Day Notice was proper due to:*

1. *Her uncontroverted live testimony to service by posting and mailing.*
2. *Appellant testifying at trial to actual receipt of the 3 Day notice.*

d. *Held that Appellant waived the argument that there was no showing of reasonable diligence in Ms Cuevas's attempts at personal service before utilizing the substituted service provisions, and that the failure to object to the admission of the notice at trial, showed that Appellant acquiesced to the trial courts finding that the opposing party had established, "this essential element of its unlawful detainer action."*

*47.* On February 9, 2017, Appellants filed a petition for rehearing (**Exhibit 15**) based on the following (*the issues presented are alphabetical responses in the same order as the above paragraph*):

a. *Appellant presented the reviewing court with case law and California statute clearly showing that an order denying a motion for new trial is appealable.*

b. *Appellant again referred the reviewing court to CA CCP 1177 and CA CCP 1013(a), clearly showing that the five day extension provision of notice served by mail applies to the service by mail of a 3 Day Notice.*

c. *Appellant presented the reviewing court with:*

   1. *additional case law and California statute clearly showing that Ms. Cuevas's service of the 3 Day Notice by posting and mailing in accordance with CA CCP 1162(c), is not a "first resort" method of service of notice. An attempt at personal or substituted service must be attempted at a tenants place of residence, and then attempted at their place of business if known before posting and mailing is authorized. In this instance, Ms. Cuevas made no attempt at personal or substituted service on Appellants at their place of residence or their places of business.*

   2. *evidence in the court record clearly showing that Appellant did not in fact receive the 3 Day Notice dated November 10, 2015. Appellants testimony at trial was in regards to receipt of a rent check returned to Appellants, un-cashed, via certified mail, by Leavitt. The trial court transcript clearly shows the court and opposing counsel discussing the returned check.*

d. *Appellants contention as outlined in Appellants opening brief was that there was no **attempt** by Ms. Cuevas effect personal or substituted service on Appellants of the 3 Day Notice before resorting to service by posting and mailing. Appellant concurred with the reviewing courts contention that a showing of diligence is not required.*

e. *As part of the petition for rehearing, Appellant requested a rehearing, or supplemental briefing based on the fact that the reviewing court based it's decision in part on its contention that Appellant had in fact received the 3 Day Notice. The issue of receipt of the 3 Day Notice had not been briefed or*

*proposed by either party in the trial phase or during appeal. CA GOV 68081 permits an opportunity to address such an issue and reads, "Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."*

*48.* On February 9, 2017, Appellants also filed a request for Judicial Notice (**Exhibit 16**), asking the reviewing court to take judicial notice of the provisions of CA CCP sections1010, 1011, 1012, 1013(a), 1162, 1177, and CA GOV 68081.

*49.* On February 14, 2017, Appellants filed a Petition for transfer (**Exhibit 17**) to the Court of Appeal, Fourth Appellate District.

*50.* On March 2, 2017, in a modified decision (**Exhibit 18**), the reviewing court denied the petition for rehearing under CA Rules of Court 8.889. Since the petition was timely filed, Appellant should have been granted a rehearing or supplemental briefing under CA GOV 68081.

*51.* In its modified decision, the reviewing court held that the issues raised by Appellant in his motion for new trial were the same as those arising from the appeal from the judgment. This is not the case, the appeal of the motion for new trial was challenging the trial courts decisions in the denial of the new trial motion which would have required a de novo review of the case.

*52.* In it's modified statement of decision, the reviewing court again failed to address:

*a.* the applicability of the CA CCP sections 1162, 1177, and 1013(a) in regards to Ms. Cuevas's service by mail of the 3 Day Notice.

*b.* the applicability of CA GOV 68081 in its decision to deny rehearing or supplemental briefing on the issue of actual receipt by Appellant of the 3 Day Notice.

*53.* In the same modified decision, the reviewing court denied Appellants petition for transfer.

*54.* On March 13, 2017, Appellants Dorsey filed a petition for transfer (**Exhibit 19**) with the CA Court of Appeal, Fourth Appellate District, Division One.

55. On March 14, 2017, the petition was denied. The denial of this petition exhausted all of Appellants appeals.

**CLAIM I**

<u>Fraud on The Court; Violation of Civil Rights: Due Process/Equal Protection 14th Amendment/42 U.S.C. § 1983; Violation of the California Code of Judicial Ethics, Canon 3(B)</u>

56. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

57. In the hearing on Plaintiffs renewed motion for new trial on November 30, 2016, Defendant Gary Kreep acted intentionally to ensure the trial courts judgment of February 29, 2016 remained in favor of Leavitt, despite conclusive evidence presented by Plaintiff, sufficient for the granting of a new trial in this instance, by:

a. Failing to address Plaintiffs contention that the service by mail of the 3 Day Notice on Plaintiffs was defective due to failure of Ms. Cuevas to follow the strict statutory requirements of service under CA CCP 1162.

b. Failing to address Plaintiffs contention that Leavitt filed their complaint prematurely by failing to allow five extra days for Plaintiffs to respond to

service of the 3 Day Notice by mail as authorized under CA CCP sections1177 and 1013(a).

c. Failing to rule on the issue of whether there was sufficient evidence to justify the decision of the court based on the minutes of the court and evidence submitted at trial.

58.Defendant acted under the color of state law when Defendant deprived Plaintiffs of their federal rights, property interests and otherwise discriminated against Plaintiffs.

59.Defendants actions subjected Plaintiffs to deprivation of rights, privileges, and immunities secured by the Constitution, federal law and the laws of the State of California. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff was unfairly denied a new trial and the trial court's judgment in the unlawful detainer action was improperly upheld.

**CLAIM II**

Fraud on the Court; Violation of Civil Rights: Due Process/Equal Protection 14th Amendment/42 U.S.C. § 1983; Violation of the California Code of Judicial Ethics, Canon 3(B)

60.Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

61.In the ex parte hearing on December 5, 2016, on Plaintiffs request that the trial court grant Plaintiffs renewed motion for new trial on November 30, 2016, Defendant Gary Kreep again acted intentionally to ensure the trial courts judgment of February 29, 2016 remained in favor of Leavitt, despite conclusive evidence presented by Plaintiff, sufficient for the granting of a new trial in this instance, by:

a. Failing to address Plaintiffs contention that the issue of the validity of the service by mail of the 3 Day Notice by Ms. Cuevas, as a matter of law, cannot be waived by failing to object to the issue at trial.

62. Defendant acted under the color of state law when Defendant deprived Plaintiffs of their federal rights, property interests and otherwise discriminated against Plaintiffs.

63. Defendants actions subjected Plaintiffs to deprivation of rights, privileges, and immunities secured by the Constitution, federal law and the laws of the State of California. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff was again unfairly denied a new trial and the trial court's judgment in the unlawful detainer action was again improperly upheld.

## CLAIM III

<u>Fraud on the Court; Violation of Civil Rights: Due Process/Equal Protection 14th Amendment/42 U.S.C. § 1983; Violation of the California Code of Judicial Ethics, Canon 3(B)</u>

64. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

65. In their statement of decision on January 31, 2017, Defendants Kerry Wells, Charles R. Gill, and Gale Kaneshiro (hereafter, The Panel) acted intentionally to ensure the trial courts judgment of February 29, 2017 remained affirmed, despite conclusive evidence presented by Plaintiff, sufficient to reverse the trial courts judgment by:

a. In reference to appellants opening brief, failing to address the issue of whether Respondents service by mail of the 3 Day Notice under the strict statutory requirements of CA CCP 1162 was invalid as a matter of law.

b. In reference to appellants opening brief, failing to address the applicability of CA CCP 1177 to the extension provisions of CA CCP 1013(a).

c. Failing to address the statutory construction of CA CCP 1013(a).

d. Failing to address the legislative intent of CA CCP 1013(a).

e. Failing to provide Appellants and Respondents the opportunity for supplemental briefing on the issue of receipt of the 3 Day Notice by Plaintiff Wesley C. Dorsey Jr., an issue that had not been briefed or proposed by either party, but ruled on by The Panel, as is required under CA GOV 68081.

f. Failing to provide de novo review of the service of the 3 Day notice on *then Defendants* by Ms. Cuevas under the strict statutory requirements of CA CCP 1162

66.Defendants acted under the color of state law when Defendants deprived Plaintiffs of their federal rights, property interests and otherwise discriminated against Plaintiffs.

67.Defendants actions subjected Plaintiffs to deprivation of rights, privileges, and immunities secured by the Constitution, federal law and the laws of the State of California. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff was again unfairly denied a new trial and the trial court's judgment in the unlawful detainer action was improperly affirmed.

## CLAIM IV

Fraud on the Court; Violation of Civil Rights: Due Process/Equal Protection 14th Amendment/42 U.S.C. § 1983; Violation of the California Code of Judicial Ethics, Canon 3(B)

68.Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

69. In their modified decision/statement on March 2, 2017, Defendants The Panel again acted intentionally to ensure the trial courts judgment of February 29, 2016 remained affirmed, despite conclusive evidence presented by Plaintiff, sufficient to reverse the judgment by:

a. In reference to Plaintiffs ex parte hearing on December 5, 2016, requesting that the trial court grant defendants renewed motion for new trial, failing to address the issue of whether or not the sufficiency of evidence is ever waived.

b. In reference to Plaintiffs ex parte hearing on December 5, 2016, requesting that the trial court grant defendants renewed motion for new trial, failing to address the issue of whether a general denial of all allegations of a complaint requires defendants to plead affirmative defenses.

c. Failing to grant Plaintiffs petition for rehearing based on The Panel ruling on Plaintiff Wesley C. Dorsey Jr.'s receipt of the 3 Day Notice, an issue that had not been briefed or proposed by either party, by filing a timely petition for such rehearing, as is required under CA GOV 68081.

70. Defendants acted under the color of state law when Defendants deprived Plaintiffs of their federal rights, property interests and otherwise discriminated against Plaintiffs.

71. Defendants actions subjected Plaintiffs to deprivation of rights, privileges, and immunities secured by the Constitution, federal law and the laws of the State of California. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff was again unfairly denied a new trial and the trial court's judgment in the unlawful detainer action was again improperly affirmed.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff requests:

72. A judicial declaration that the service of the 3 Day Notice on Plaintiffs, by Ms. Cuevas, on November 10, 2015, by posting and mailing, as a matter of law, is/was defective.

73. A judicial declaration that CA CCP 1177 provides the statutory authority necessary to extend the 5 day extension provision of CA CCP 1013(a) to the service of a three day notice when the notice is served by posting and mailing.

74. A judicial declaration that the complaint for unlawful detainer filed on November 17, 2015, was, in regards to the provisions of CA CCP 1177 and CA CCP 1013(a) filed prematurely.

75. A judicial declaration on the applicability of CA GOV 68081 in regard to The Panel's failure to grant rehearing on an issue not briefed by either party.

76. A judicial declaration confirming all defendants violations of the California Code of Judicial Ethics, Canon 3(B).

77. That the judgment of the trial court on February 29, 2016, in the underlying unlawful detainer case be rendered void.

78. That the underlying unlawful detainer complaint be dismissed, in its entirety, with prejudice.

79. Any further relief the court may deem appropriate.

Dated: April 26, 2017

Wesley C. Dorsey Jr.

660 9th Avenue
San Diego, CA 92101
619-208-0241
ska_major@yahoo.com
Plaintiff In Pro Per

I, Wesley C. Dorsey Jr., verify under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2017

______________________

**EXHIBIT 2**

San Diego Properties & Management

3060 B Street
Suite A
San Diego, CA 92102
(619) 232-9643
Rentgoldenhill.com

## THREE DAY NOTICE TO PAY RENT OR QUIT

November 10, 2015

Wesley Dorsey, Margarete Dorsey all tenants in possession of the premises located at 2743 B Street, Unit #2, San Diego, California 92102

WITHIN THREE DAYS after the service on you of this notice, you are hereby required to pay rent to San Diego Properties & Management, for the premises above described, of which you now hold possession amounting to the sum of $2,300.00 (Two Thousand Three Hundred and Fifty Dollars) for the following charges:

$1,150.00 for the rental period from November 1, 2015 through November 30, 2015

$1,150.00 for the rental period from October 1, 2015 through October 31, 2015

OR QUIT AND DELIVER UP THE POSSESSION OF THE PREMISES.

YOU ARE FURTHER NOTIFIED THAT, the undersigned does hereby elect to declare the forfeiture of your lease or rental agreement under which you hold possession of the above described premises and lesser will institute legal proceedings to recover rent and possession of said premises which could result in a judgment against you including costs and necessary disbursements together with treble damages as allowed by law for such unlawful detention. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency.

Payment must be made to San Diego Properties & Management at 3060 B Street, Suite A, San Diego, CA, 92102 should you have any questions please call our office at (619) 232-9643.

Payments made in person may be delivered between 9am and 5pm Monday through Friday or deposited in the drop box located on the alley side of our office. Acceptable method of payment is Money order or a Cashier check only

Thank you,

Monica Cuevas
San Diego Properties & Management
3060 B Street
Suite A
San Diego, CA 92102
(619) 972-1338 Cell
(619) 232-9643 Office
monica@rentgoldenhill.com



Ex 1

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eduardo Garcia SBN#290572
Kimball, Tirey & St. John LLP
7676 Hazard Center Drive, Suite 900
San Diego, CA 92108
TELEPHONE NO.: (619) 234-1690 FAX NO. (Optional): (619) 237-0457
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/17/2015 at 04:08:54 PM
Clerk of the Superior Court
By Shameka Simpson,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY, ROOM 225
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION

PLAINTIFF: Leavitt Investment Co.

DEFENDANT: Margarete Dorsey; Wesley Dorsey

[X] DOES 1 TO 10 inclusive

**COMPLAINT - UNLAWFUL DETAINER***
[X] **COMPLAINT** [ ] **AMENDED COMPLAINT** *(Amendment Number)*:

CASE NUMBER: 37-2015-00038520-CL-UD-CTL

**Jurisdiction** *(check all that apply):*
[X] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded [X] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000
[ ] **ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint** *(check all that apply):*
[ ] from unlawful detainer to general unlimited civil (possession not in issue) [ ] from limited to unlimited
[ ] from unlawful detainer to general limited civil (possession not in issue) [ ] from unlimited to limited

1. PLAINTIFF *(name each)*: Leavitt Investment Co.

alleges causes of action against DEFENDANT *(name each)*:
Margarete Dorsey; Wesley Dorsey

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years. (4) [ ] a partnership.
(2) [ ] a public agency. (5) [ ] a corporation.
(3) [X] other *(specify)*: Limited Partnership

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
2743 B Street #2
San Diego, CA 92102
County of SAN DIEGO

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify)*:
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date)*: 9/17/2011 defendant *(name each)*:
Margarete Dorsey; Wesley Dorsey

(1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify)*: 1 Year
(2) agreed to pay rent of $ 950.00 payable [X] monthly [ ] other *(specify frequency)*:
(3) agreed to pay rent on the [X] first of the month [ ] other day *(specify)*:

b. This [X] written [ ] oral agreement was made with
(1) [ ] plaintiff. (3) [ ] plaintiff's predecessor in interest
(2) [X] plaintiff's agent. (4) [ ] other *(specify)*:

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).



Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

Martin Dean's ESSENTIAL FORMS™



Ex 2

| PLAINTIFF (Name): Leavitt Investment Co. | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Margarete Dorsey; Wesley Dorsey | |

6. c. [X] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [X] other *(specify)*: unknown as to Does.

   d. [X] The agreement was later changed as follows *(specify)*:
   Pursuant to California Law rent was increased to $1150.00 per month, Effective 08/01/2014.

   e. [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f. [X] *(For residential property)* A copy of the written agreement is not attached because *(specify reason)*:
   (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) [X] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant *(name each)*: Margarete Dorsey; Wesley Dorsey

   was served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit
   (2) [ ] 30-day notice to quit
   (3) [ ] 60-day notice to quit
   (4) [ ] 3-day notice to perform covenants or quit
   (5) [ ] 3-day notice to quit
   (6) [ ] Other *(specify)*:

   b. (1) On *(date)*: 11/13/2015 the period stated in the notice expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.

   c. All facts stated in the notice are true.

   d. [X] The notice included an election of forfeiture.

   e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

   f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)*

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) [ ] by personally handing a copy to defendant on *(date)*:
   (2) [ ] by leaving a copy with *(name or description)*:
   a person of suitable age and discretion, on *(date)*: at defendant's [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence on *(date)*: because defendant cannot be found at defendant's residence or usual place of business.
   (3) [X] by posting a copy on the premises on *(date)*: 11/10/2015 [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 11/10/2015
   (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
   (b) [X] because no person of suitable age or discretion can be found there.
   (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
   (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

   b. [ ] *(Name)*:
   was served on behalf of all defendants who signed a joint written rental agreement.

   c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

   d. [ ] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): Leavitt Investment Co. | CASE NUMBER |
|---|---|
| DEFENDANT (Name): Margarete Dorsey; Wesley Dorsey | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 2,300.00

11. ☒ The fair rental value of the premises is $ 38.33 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. ☒ past-due rent of $ 2,300.00
d. ☒ reasonable attorney fees.
e. ☒ forfeiture of the agreement.
f. ☒ damages at the rate stated in item 11 from *(date):* 12/01/2015 for each day that defendants remain in possession through entry of judgment.
g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
h. ☐ other *(specify):*

18. ☐ Number of pages attached *(specify):* ______

**UNLAWFUL DETAINER ASSISTANT** **(Bus. & Prof. Code, §§ 6400-6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, state:)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone No.:
d. County of registration:
e. Registration No.:
f. Expires on *(date):*

Date: 11/16/2015

KIMBALL, TIREY & ST. JOHN LLP Eduardo Garcia SBN#290572 ▶ /s/
(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/16/2015

PLEASE SEE ATTACHED ▶ ______
(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF)

**VERIFICATION**

I, Monica Cuevas, declare:

That I am the agent for Leavitt Investment Co., the Plaintiff in this action, and am authorized to make this verification for and on its behalf. I am making this verification for the Plaintiff because I am the person with the most personal knowledge of the facts contained in this complaint.

I know the contents of the foregoing Complaint and am informed and believe that the matters stated therein are true and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of November, 2015 at San Diego, California.

Monica Cuevas,
Authorized Agent for Plaintiff

UD-105

ATTORNEY OR PARTY WITHOUT ATTORNEY
NAME: Wesley C. Dorsey Jr. STATE BAR NO.:
FIRM NAME:
ADDRESS: 2743 B Street #2
CITY: San Diego STATE: CA ZIP CODE: 92102
TELEPHONE NO.: 619-208-0241
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name): In Pro Per

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
2016 JAN 27 PM 2:00
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway, Room 225
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF: Leavitt Investment Co
DEFENDANT: Wesley C. Dorsey Jr.

# ANSWER—UNLAWFUL DETAINER

CASE NUMBER: 37-2015-00038520-cl-ud-ctl

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs)*: Wesley C. Dorsey Jr.

answers the complaint as follows:

2. ***Check ONLY ONE of the next two boxes:***
   a. [✓] Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. [ ] Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025)*: [ ] Explanation is on MC-025, titled as Attachment 2b(1).

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025)*:
      [ ] Explanation is on MC-025, titled as Attachment 2b(2).

3. AFFIRMATIVE DEFENSES ***(NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)***
   a. [ ] *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. [ ] *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. [✓] *(nonpayment of rent only)* On *(date)*: 11/06/15 before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. [✓] Plaintiff waived, changed, or canceled the notice to quit.
   e. [ ] Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. [✓] By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. [ ] Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. [ ] Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. [ ] Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. [✓] Other affirmative defenses are stated in item 3k.



Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2012]



Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov



Ex 3

UD-105

CASE NUMBER: 37-2015-00038520-cl-ud-ctl

3. AFFIRMATIVE DEFENSES (cont'd)
 k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:
 [✓] Description of facts is on MC-025, titled as Attachment 3k.

4. OTHER STATEMENTS
 a. [ ] Defendant vacated the premises on *(date)*:
 b. [ ] The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:
 [ ] Explanation is on MC-025, titled as Attachment 4b.

 c. [ ] Other *(specify below or on form MC-025 in attachment)*:
 [ ] Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
 a. that plaintiff take nothing requested in the complaint.
 b. costs incurred in this proceeding.
 c. [✓] reasonable attorney fees.
 d. [ ] that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
 e. [✓] Other *(specify below or on form MC-025)*:
 [✓] All other requests are stated on MC-025, titled as Attachment 5e.

6. Number of pages attached: 2

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** [✓] did not [ ] did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state:*
 a. Assistant's name: b. Telephone No.:
 c. Street address, city, and zip code:
 d. County of registration: e. Registration No.: f. Expires on (date):

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

Wesley C. Dorsey Jr. ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT OR ATTORNEY)

▶
(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:

Wesley C. Dorsey Jr. ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT)

MC-025

| SHORT TITLE: Leavitt Investment Co v Dorsey | CASE NUMBER: 37-2015-00038520-cl-ud-ctl |
|---|---|

**ATTACHMENT** *(Number)*: Attachment 3k

*(This Attachment may be used with any Judicial Council form.)*

In reference to paragraphs 3c, on November 6, 2015, in accordance with the terms of an agreement between Ms. Cuevas and Defendants, Defendants paid Ms. Cuevas $400.00 in the form of Check #1557. Check #1557 was returned un-cashed, by Ms. Cuevas to Defendants via certified mail on November 10, 2015. The certified mailing contained no information whatsoever to indicate a reason for the return of the check.

In reference to paragraph 3d, 1. On or about August 3, 2015, Monica Cuevas (Ms. Cuevas), a representative of Leavitt Investment Co. (Leavitt) entered into an implied in fact agreement with Defendants to accept late, as well as partial rent payments from Defendants with the goal of curing delinquent rent owed to Leavitt by Defendants. Since entering into the agreement, Ms. Cuevas has accepted and processed several partial as well as late payments made by Defendants. In each instance of serving Defendants a 3 Day Notice, Ms. Cuevas waived her right to enforce the terms of the 3 Day Notices, by continuing accept partial and late payments from Defendants under the terms of the agreement.

In reference to paragraph 3f, The complaint was filed prematurely. Plaintiff placed a 3 day notice dated November 10, 2015 in the mail on Tuesday, November 10, 2015. The following day, Wednesday, November 11, 2015, was Veterans Day, a holiday. The three days fc Defendants to perform or quit began on Thursday, November 12, 2015 and ended on Monday November 16, 2015. Defendants are allowed an additional five days to respond because the 3 day notice was mailed, giving Defendants until Monday November 23, 2015 to perform or quit. This timeframe includes an intervening weekend. The complaint was digitally filed with the court on Tuesday, November 17, 2015, before Defendants time to respond ended.

In reference to paragraph 3j, After entering into the agreement with Defendants, Ms. Cuevas also sent numerous 3 Day Notices To Pay Rent Or Quit (3 Day Notices) to Defendants. These 3 Day Notices were interspersed with Defendant's payments to Ms. Cuevas. In each instance of serving Defendants a 3 Day Notice, Ms. Cuevas waived her right to enforce the terms of the 3 Day Notices, by continuing accept payments from Defendants under the terms of the agreement. These 3 Day Notices over time became so common place to Defendants as to become a mere administrative necessity to ensure Defendants continued compliance with the terms of agreement as opposed to a "Genuine Demand To Pay Rent Or Quit". At no time after entering into the agreements with Defendants dic Ms. Cuevas communicate to Defendants in any way shape or form, any intent to modify, change, or otherwise, alter the terms and conditions of the agreement. Defendants had no knowledge of Ms. Cuevas's intent to enforce the terms of the 3 Day Notice dated November 10, 2015. Defendants had no knowledge of Ms. Cuevas' termination of the agreement, or initiation of Unlawful Detainer proceedings against Defendants until Defendant Wesley C Dorsey Jr received a return call from Ms. Cuevas on November 16, 2015.

In further reference to paragraph 3j, In a phone conversation with Ms. Cuevas on November 16, 2015, she indicated to Defendant Wesley C. Dorsey Jr. that eviction proceedings had been undertaken against Defendants. She alleged in the phone conversation that the Defendants were falling behind in their rent payment commitments as grounds for eviction. Ms. Cuevas's allegation is false. Defendants maintain and reiterate they have performed consistently with the terms of the agreement between Defendants and Ms. Cuevas.

The rent due on November 10, 2015 was not $2300.00.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

MC-025

| SHORT TITLE: Leavitt Investment Co v Dorsey | CASE NUMBER: 37-2015-00038520-cl-ud-ctl |
| --- | --- |

**ATTACHMENT** *(Number)*: Attachment 5e

*(This Attachment may be used with any Judicial Council form.)*

In reference to 5e, Defendants request dismissal of plaintiffs claim, to remain in possession of premises, resume the agreed upon payment plan between Defendants and Ms. Cuevas in order to cure Defendants delinquent rent, court costs as appropriate.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

CERTIFIED COPY

AD HOC REPORTING

2220 Otay Lakes Road
Suite 502-85
Chula Vista, CA 91915

(619) 236-9325

AdHocReporting
@aol.com

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| LEAVITT INVESTMENT CO.,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY DORSEY aka WESLEY C. DORSEY, JR., et al.,<br><br>Defendants. | Case No. 37-2015-00038520-CL-UD-CTL |

TRANSCRIPT OF UNLAWFUL DETAINER COURT TRIAL
BEFORE THE HONORABLE GARY KREEP
SUPERIOR COURT JUDGE
(Department 7)

San Diego, California
Monday, February 29, 2016

***AD HOC REPORTING***
***2220 Otay Lakes Road, Suite 502-85***
***Chula Vista, California 91915***
***(619) 236-9325***

Ex 4

INDEX

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| WITNESSES FOR THE PLAINTIFF: | | | | |
| Monica Cuevas | 2 | -- | -- | -- |
| WITNESSES FOR THE DEFENSE: | | | | |
| Wesley C. Dorsey, Jr. | 6 | -- | -- | -- |

| EXHIBITS: | | Marked | Received |
|---|---|---|---|
| Plaintiff | | | |
| 1 | Rental/lease agreement | 2 | 4 |
| 2 | Notice to quit | 3 | 4 |

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| LEAVITT INVESTMENT CO.,<br>Plaintiff,<br>v.<br>WESLEY DORSEY aka WESLEY C. DORSEY, JR., et al.,<br>Defendants. | ) | Case No. 37-2015-00038520-CL-UD-CTL |

TRANSCRIPT OF UNLAWFUL DETAINER COURT TRIAL
BEFORE THE HONORABLE GARY KREEP
SUPERIOR COURT JUDGE
(Department 7)

San Diego, California
Monday, February 29, 2016

APPEARANCES:

For Plaintiff: WENDY L. ST. JOHN, ESQ.
Kimball Tirey & St. John, LLP
7676 Hazard Center Drive
Suite 900-A
San Diego, California 92108
(619) 234-1690

For Defendant: WESLEY C. DORSEY, JR.
In Pro Per

Transcription Service: Peggy Schuerger
Ad Hoc Reporting
2220 Otay Lakes Road
Suite 502-85
Chula Vista, California 91915
(619) 236-9325

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

SAN DIEGO, CALIFORNIA MONDAY, FEBRUARY 29, 2016 3:02 P.M.

--oOo--

(Call to order of the Court.)

THE COURT: Leavitt Investment Company v. Dorsey. You ready, Counsel?

MS. ST. JOHN: Yes.

THE COURT: All right. Parties and Counsel, please come forward. Appearance for the record, please, Counsel.

MS. ST. JOHN: Wendy St. John for the Plaintiff.

THE COURT: Ma'am, please remain standing. Sir, please remain standing. Raise your right hand. Prepare to be sworn.

MONICA CUEVAS, PLAINTIFF'S WITNESS, SWORN

WESLEY C. DORSEY, JR., DEFENDANT, SWORN

THE CLERK: Thank you. You may be seated. Ma'am, state and spell your last name for the record.

MS. CUEVAS: Monica Cuevas, M-o-n-i-c-a C-u-e-v-a-s.

THE CLERK: Thank you. And, sir?

MR. DORSEY: Wesley C. Dorsey, Jr., W-e-s-l-e-y C. D-o-r-s-e-y, Jr.

THE CLERK: Thank you.

THE COURT: Please be seated, sir. I assume there's no stip. This is a trial?

MS. ST. JOHN: This is a trial.

THE COURT: All right. Proceed, Counsel.

MS. ST. JOHN: Thank you.

//

//

MONICA CUEVAS, PLAINTIFF'S WITNESS, PREVIOUSLY SWORN

DIRECT EXAMINATION

BY MS. ST. JOHN:

Q Ms. Cuevas, are you familiar with Leavitt Investment Company?

A Yes.

Q Is that entity the Plaintiff in this action?

A Yes.

Q And are they the owner of the premises at 2743 B Street, Number 2, San Diego, California 92102?

A Yes.

Q What is your relationship to the company?

A Property manager.

Q As such, do you have custody and control of the records regarding the premises?

A Yes.

Q Do your records reflect that Dorsey and Margarete Dorsey, the Defendants in this action, entered into a written rental agreement for the use of those premises?

A Yes.

Q Was that in 2011?

A Yes.

Q Showing you a document entitled "Lease Agreement," is that a true and correct copy of the agreement?

A Yes.

Q Does that appear to be signed by the Defendants back in 2011?

A With one of our staff members, yes.

Q And how about the tenants?
A Yes.
Q Was the original monthly rent the sum of $950?
A Yes.
Q And was rent due in advance on the first day of each month?
A Yes.
Q Back in August of 2014, was the rent raised to $1,150 per month?
A Yes.
Q Did there come a time when the Defendants fell behind in their monthly rent?
A Yes.
Q Showing you Exhibit 2, did you prepare a three-day notice to pay rent or quit on November 10th of 2015?
A Yes.
Q Is this a true and correct copy of that notice?
A Yes.
Q After all payments have been credited to past-due rent, was there an outstanding balance of $1,150 for November of last year?
A Yes.
Q And $1,150 for October of last year?
A Yes.
Q And did that total $2,300?
A Yes.
Q Did you serve that notice on October -- I'm sorry -- November 10th, 2015 at the subject premises by posting and mailing?

A Yes.

MS. ST. JOHN: I'm going to offer those exhibits into evidence, sir, as Plaintiff's 1 and 2. You may have these to retain.

MR. DORSEY: It's all right. Thank you.

THE COURT: Mr. Dorsey, do you have any legal objection to my reviewing the lease or the three-day notice?

MR. DORSEY: No, Your Honor.

THE COURT: Okay. Without objection. I have not looked at them yet, but turned them upside down. All right.

BY MS. ST. JOHN:

Q Did you receive any payment after that time? Well, did you receive the full amount of $2,300 after that time?

A No.

Q And did you accept any money whatsoever?

A No.

Q Have you received possession of the premises?

A No.

Q And are you asking this Judge for restitution of the premises?

A Yes.

Q Judgment in favor of Plaintiff against both Defendants jointly and severally?

A Yes.

Q And are you seeking damages for rent and holdover damages for October, November, December, January, and 29 days of February, for a total principal of $5,750?

A Yes.

THE COURT: That doesn't sound right.

MS. ST. JOHN: October, November, December, January, February, five months at 1150.

THE COURT: I apologize. I thought you said November was the first month. I apologize. You're right.

MS. ST. JOHN: Well, that's because I said November, October. I should have said October, November.

THE COURT: Okay.

MS. ST. JOHN: I went out of order. I confused myself as well as the Court.

THE COURT: Well, that's not hard to do.

MS. ST. JOHN: It's getting more and more common. It's frightening.

We're seeking a total principal of $5,750, attorney fees pursuant to paragraph 25 of the contract of $1100. There were unusual procedural issues on this case, the (indiscernible) removal, etc., 390 court costs pursuant to a memo of costs to be filed. We're seeking possession as to all unknown occupants by default.

And I offer the exhibits into evidence.

THE COURT: Okay. I didn't look at the tenants' ledger. I don't think you --

MS. ST. JOHN: I didn't get to that yet.

THE COURT: Okay. Sorry.

MS. ST. JOHN: That's just in case.

THE COURT: I'm going to -- I'm not going to look at it then, Counsel. All right. Mr. Dorsey -- I'm sorry. Is that it, Counsel?

MS. ST. JOHN: I believe so. Did you accept Exhibits 1 and 2?

THE COURT: I already did without objection -- 1 and 2.

MS. ST. JOHN: Yeah.

THE COURT: Mr. Dorsey, here's your option to answer. You can say nothing -- not a good idea, but you have the right to do that. It's called standing moot. Means, Judge, rule on whatever you've heard so far -- again, not a good idea.

Number two, you can ask questions of the Plaintiff's representative. You don't have to, but you have the right do to that about anything on this case.

And, number three, you can tell me your side of the story, and you can do a combination of two and three. You can ask questions and tell me, or one or the other. Okay?

MR. DORSEY: Okay.

THE COURT: How would you like to proceed, sir?

MR. DORSEY: I'll just explain my side.

THE COURT: Please.

WESLEY C. DORSEY, JR., DEFENDANT, PREVIOUSLY SWORN

DIRECT TESTIMONY

MR. DORSEY: What we have here basically is a -- it amounts to a perfect storm. Going back to October of 2014, my wife --

THE COURT: Excuse me -- 2014?

MR. DORSEY: 2014.

THE COURT: Okay. Just wanted to make sure.

MR. DORSEY: Yes, sir.

THE COURT: Thank you. Please proceed.

MR. DORSEY: Back in 2014, my wife became self-employed. She opened up a storefront in downtown San Diego.

February of -- March of 2015, she was taken ill. She was admitted to the hospital. She had a very large tumor removed from her, which turned out to be cancerous.

THE COURT: My condolences, sir.

MR. DORSEY: Thank you, Your Honor. She had to undergo therapy. She was twice more hospitalized and she was our sole source of income for rent and everything. We had approached SOS earlier on that year for --

THE COURT: Excuse me. SOS is --

MR. DORSEY: Oh, I'm sorry, not SOS -- San Diego Properties and Management.

THE COURT: Is that Leavitt Investment Company?

MR. DORSEY: Yes.

THE COURT: Okay. Thank you. I'm sorry.

MR. DORSEY: No problem, sir.

THE COURT: Just want to make sure I know --

MS. ST. JOHN: It's the authorized agent for them.

THE COURT: Okay. I just want to make sure I know who we're talking about. Thank you. Please proceed, Mr. Dorsey.

MR. DORSEY: So we had approached them earlier in the year for a forbearance because we -- our finances were impacted by her hospitalization and recovery. And to that point, she had to go -- undergo intensive rounds of chemotherapy, and this was pretty much through the spring and into the summer. This procedure pretty much left her debilitated, unable to work, and

basically was crippling our business.

She recovered to a small degree and she was able to do some work. Like I said, she was hospitalized twice more with complications. And for the majority of the summer, we were able to continue to pay our rent on time. Later on in the year, we weren't. We were --

THE COURT: You're talking about 2015, sir?

MR. DORSEY: This is 2015.

THE COURT: Thank you. I'm sorry. Please proceed.

MR. DORSEY: So then we contacted San Diego Properties and Management and we explained to them that we were not able to pay our rent in full. In my answer, this is probably -- referenced at paragraph 3(d). This is August 3rd, 2015. I received an agreement from Ms. Cuevas to make partial rent payments.

THE COURT: Is this part of your attachment to the case, sir?

MR. DORSEY: Yes, Your Honor.

THE COURT: I printed that off, so I've got it right here.

MR. DORSEY: Okay. And Ms. Cuevas made me to understand that even though I was making partial payments, she would still have to send out three-day notices which I agree with completely. And I made payments. I received three-day notices. I continued to make payments. I continued to receive three-day notices up until November 10th. The last payment check that I sent in to San Diego Properties and Management was returned to me without explanation, which I did not find out

about until the 16th, at which time I called Ms. Cuevas up to get an explanation of why the check was returned. I was told that her supervisor had told her to evict us. She further explained that I was falling behind in my rent, which was not true, and that it was in our best interest to just go ahead and move out.

THE COURT: May I ask you a question, Mr. Dorsey, please?

MR. DORSEY: Yes.

THE COURT: The -- I've got your 3K here, and it references that this check in question is for $400; is that correct, sir?

MR. DORSEY: Yes, Your Honor.

THE COURT: Now, was that a check on October's rent or November's rent? It's unclear from what I'm reading here.

MR. DORSEY: The last payments that were cashed, that was for September rent.

THE COURT: Okay. The $400?

MR. DORSEY: Yes.

THE COURT: Okay. So -- just a second. Let me -- Ms. St. John, so is that money also due from September for the $400 or --

MS. ST. JOHN: If the Court would take a look at the ledger, what you will see is that the amount due after his last $400 payment in November says it was applied to September --

THE COURT: Okay.

MS. ST. JOHN: -- balance and --

THE COURT: Then returned.

MS. ST. JOHN: -- the total -- no, it wasn't. That was not returned. The last -- the last payment that they have happened to be $400. A subsequent payment for 400 was --

THE COURT: Okay.

MS. ST. JOHN: -- returned, but that left a balance of 2500. The three-day is 2300.

THE COURT: All right.

MS. ST. JOHN: They did not ask for that holdover balance of September.

THE COURT: Okay. That's fine. I just am trying to figure out what we're talking about here.

MS. ST. JOHN: The little bit of September that wasn't paid was not asked for.

THE COURT: Okay. Go ahead, Mr. Dorsey. I'm sorry. I'm trying to -- I'm trying to understand what's going on in my own mind, sir. Okay.

MR. DORSEY: Well, in the lump sum, Your Honor, we had an agreement with Ms. Cuevas to make payments to address our back rent as well as paying our current rent. Our rent at that time was 1150 a month. And the checks were totaling, you know -- one check a week was totaling $1600, and there was no explanation as to why all of this stopped, why we were being put out. There was just nothing. So, you know --

THE COURT: Well, unfortunately, under -- well, I shouldn't say unfortunately. As I regularly tell, I'm a landlord myself. While I was practicing law, I represented tenants. And California law gives the landlord the right to demand the rent in full on time. I mean, whether you think it's

good idea, bad idea, so --

And I have a question for you, Ms. St. John. You said the original rent was 950 a month.

MS. ST. JOHN: Right.

THE COURT: I've seen no increase -- paperwork documenting the increase.

MS. ST. JOHN: I -- I -- she testified that the rent was increased to 1150 a month August 1st of 2014. And he paid 1150 a month month after month. He hasn't denied it. And the ledger is in front of you.

THE COURT: Okay.

MS. ST. JOHN: It will reflect his payment of $1150 a month for each and every month until he didn't.

THE COURT: Okay. You acknowledge that the rent was increased to 1150 per month, sir?

MR. DORSEY: Yes, Your Honor.

THE COURT: Okay. Okay. Mr. Dorsey, anything further?

MR. DORSEY: No, Your Honor.

THE COURT: Your situation essentially seems to be that you and your wife tried to do -- follow the American dream and, because of her health problems, it didn't work out. I mean, that's kind of what you're telling me, and I mean that in all respect, sir.

MR. DORSEY: Well, no. It's -- it's working out fine. I --

THE COURT: Well, can you pay the rent now?

MR. DORSEY: I cannot pay -- no. I can pay monthly

rent and I can address the rent that was owed.

THE COURT: But you can't pay the back rent?

MR. DORSEY: I cannot pay a lump sum.

THE COURT: Okay.

MR. DORSEY: That's -- when I came in here today, you know, as Ms. St. John explained, there's been -- you know, I opened up a line of communication when -- back in November when my check was sent back. No answer. I've been in this court twice. No offers. So I came in here to either try and get back on track with making rent payments, you know, or lose this case and then, you know, I'm sandbagged with, Well, you know, we're willing to deal with you if you can come up with a lump sum of cash.

THE COURT: Well, I'm going to ask you a question, Mr. Dorsey, and please don't take any negative inference from this. If you had to come up with some money today for beyond just one month's rent, could you?

MR. DORSEY: No, Your Honor. I can't.

THE COURT: Okay.

MR. DORSEY: We're -- and the reason why we can't is when my wife was taken ill, we had to deal with everybody across the board. We had to deal with our apartment rent. We had to deal with our store landlord, our creditors, everybody. We talked to them. We explained the situation. In a couple of cases, we sent notices from doctors saying, Look, you know, we're -- we're in a bind here and we need help. And everybody -- everybody on down the line up until November of last year was like, Okay, let us know, let us know, let us know.

And I also had money -- even after we received their notice, I continued to set money aside for our apartment rent. What happened is after I couldn't deal with them, I contacted our -- because I had no hope of maintaining our apartment -- I got in contact with our store landlord -- this was in December -- and I explained to him that I was going to increase -- because we were in -- you know, we had a debt with them also that we had to address. So since I couldn't apply the money to them, I took that money and I applied it to the payments that we had to make for our store rent. That's one of the things I addressed in my wife Margarete's fee waiver request because that was an additional, you know, amount of money that we were having to pay out to, you know, keep ourselves moving along.

We're -- our -- our business -- her business is running great. We're making money and we're in a position where we can address all of our debts, plus we can address in a fashion our back debts. It's just that --

THE COURT: How much could you afford to pay each month on your back debt? I mean, I'm talking about this one I'm not talking about the others.

MR. DORSEY: Just -- we can pay -- we can pay our rent in full. Here today, I have no money to pay. I can pay full rent and maybe 2- or $300 a month to address our back rent.

THE COURT: Okay. Do you have any latitude, Ms. St. John, or --

MS. ST. JOHN: No. My client has the sale pending and she needs possession.

THE COURT: Sale pending of --

MS. ST. JOHN: Of the building.

THE COURT: Oh, okay. Okay. I'm sorry. All right. All right. Anything further, Mr. Dorsey?

MR. DORSEY: No, Your Honor.

THE COURT: Okay. I'm very sorry about your wife, sir. I hope that she recovers in toto and that she has a long life.

For a variety of reasons I won't bore you with, I've very familiar with that situation a couple of times.

All right. I'm sorry to do this, Mr. Dorsey, because I really do feel for you, but I've got to follow the law and I don't have any latitude because they're the only ones that can agree to negotiate with you. I can't make them negotiate with you. I have latitude but not in this particular situation.

Post-judgment's another thing but, I mean, I'm not -- I don't even know if you have any post-judgment motions here, but right now I've got to follow the law.

Judgment for Plaintiff. Writ of possession to issue forthwith upon providing the appropriate paperwork to the Clerk's Office, Counsel, being approved by same. Tenancy is terminated. Lease is forfeited.

Have unknowns been defaulted? I gave you my calendar.

THE CLERK: Yes, Your Honor.

THE COURT: Writ of possession shall apply to all unknowns that haven't been previously defaulted. Damages in the amount of $5,750, made up of $1,150 each for the months of October and November and December 2015 and January and February 2016.

Attorney's fees in the amount of $1100. $390 in costs, subject to a memorandum of costs to be submitted by your office to the Clerk's Office and being approved by same.

Anything further, Counsel?

MS. ST. JOHN: Yes, Your Honor. I wanted to address -- Mr. Dorsey, we named him as Wesley Dorsey. I believe he answered as Wesley C. Dorsey, Jr. I believe there has been an amendment but I would like it on the minutes if I could to avoid confusion with paperwork, but we move to amend the pleadings to reflect Wesley Dorsey aka Wesley C. Dorsey, Jr. as one Defendant and so --

THE COURT: You did amend the pleadings, but it had to do with Margarete S. Dorsey.

MS. ST. JOHN: We took the "S" out; right? We just went with "Margarete."

THE COURT: No. You added the "S" in.

MS. ST. JOHN: Okay. Then I'll make sure to have that in my judgment. And for Mr. Dorsey, the confusing part is I -- I think I remember talking about at one of the motion hearings that we might have defaulted Wesley Dorsey and then Wesley C. Dorsey, Jr. answered or something like that.

THE COURT: I --

MS. ST. JOHN: Okay. So then what we would like is a way to have it be clear -- I guess we can dismiss a defaulted Wesley Dorsey and have the answering Wesley C. Dorsey, Jr. be Wesley Dorsey aka Wesley C. Dorsey, Jr.

THE COURT: Do you any objection, sir?

MR. DORSEY: I have no objections, Your Honor.

THE COURT: Okay. So -- go ahead.

MR. DORSEY: Just one question. 3(f) on my attachment about the attorney's complaint -- Plaintiff's complaint being filed prematurely --

THE COURT: Just a second. Let me -- let me look at that, sir. I don't remember seeing that when I went -- I work up every case. I don't just, you know, show up and say "Hi," you know, "Let's do it." So let me find your -- let's find your answer. Here we go. It's ROA-46. I'm sorry. Three what, sir?

MR. DORSEY: 3(f).

THE COURT: 3(f) is "By serving Defendant with a notice to quit or filing the complaint (indiscernible) is arbitrarily discriminating against the Defendant, in violation of the Constitution and the laws of the United States of America." That's what 3(f) says on your answer, sir. So --

You didn't enter any evidence saying that that was happening, so --

MR. DORSEY: Can the bailiff show you my conformed copy, Your Honor?

THE COURT: Sure. Show it to Ms. St. John first, Plaintiff's counsel.

MR. DORSEY: Oh.

MS. ST. JOHN: Thank you. I've read that.

THE COURT: Okay.

MS. ST. JOHN: It's paragraph three on the attachment.

THE COURT: Is it Attachment 3(k) then?

MS. ST. JOHN: Yeah, but it's paragraph three that refers to paragraph three on --

THE COURT: Okay. I'm sorry. I've got it.

MR. DORSEY: Oh, okay.

THE COURT: I was looking for 3(f) on your answer, sir.

MR. DORSEY: I see.

THE COURT: Okay. All right. In paragraph 3(f), "The complaint was filed prematurely. Place a three-day notice dated November 10th, 2015 in the mail on Tuesday, November 10th, 2015. The following day was Veterans' Day, a holiday. The three days took (indiscernible) on Thursday and ended on Monday 2016. Defendant" blah, blah, blah.

Well, if your due date ended on the 16th, they can file the complaint on the 17th, sir.

MR. DORSEY: Section 1013 of the CCP --

THE COURT: Just a second. Let me get that.

MS. ST. JOHN: No, 1013 doesn't apply. That's for post-litigation notice.

MR. DORSEY: I'll wait on your opinion, Your Honor.

THE COURT: Well, let -- let me look it up just to make sure that Mr. Dorsey's rights are observed. 1013?

MR. DORSEY: 1013, Your Honor.

THE COURT: (a) or regular? That's service by mail.

MR. DORSEY: For the complaint, yes.

THE COURT: Yeah, but that's one of the --

MS. ST. JOHN: Your Honor, 1013 applies to any notice in litigation where you mail something out and add five days for mailing. It does not apply to CCP 1162 posted mail and --

THE COURT: That was my memory, too.

MS. ST. JOHN: Right, and I think the most recent case -- there's a whole line of cases that battle back and forth -- *Highland Plastics* and some other cases --

THE COURT: Now, you're just showin' off.

MS. ST. JOHN: No. Some -- I just remember historically some said you had to add five days back in the day. Some said you didn't. And ultimately the case that said you didn't -- and now I can't remember, but it might be the *Wasatch* (ph) case. No. It wasn't *Wasatch*. It was -- it will be under CCP 1162 if you --

THE COURT: I'll look under 1162.

MS. ST. JOHN: Yeah, that's what --

THE COURT: I've been shown before, Mr. Dorsey, that I don't know everything, so I always check.

MR. DORSEY: Neither do I, Your Honor.

THE COURT: So 1162. "Unlawful detainer. Service on a residential tenant." This was a sub-serve, Counsel, posting?

MS. ST. JOHN: It was post and mail.

THE COURT: Okay. It doesn't say when the service is good, though, under 1162. We'll find out the answer, Mr. Dorsey, sooner or later.

(Pause.)

MS. ST. JOHN: I don't have a way to look at annotations on my phone.

(Pause.)

THE COURT: I'm not seeing anything here that tells me -- here it is -- computation of three-day notice. No -- "Three-day notice served by mail is effective on date of posting and

mailing. This is *Walters v. Meyers* (1990), 226 Cal.App.3d Supp 15 at 20., 277 Cal.Rptr. 316 at 319. "Three-day notice served by mail is effective on date of posting and mailing." So that's when the three-day starts to run, sir, and it's three calendar days. It just can't end on a holiday or a weekend.

So if they served it -- if -- it sounds like they served it in such a way so that the end of the three days was the Monday and they filed it on the Tuesday, sir, so that would appear to be proper.

MR. DORSEY: Just a quick question then.

THE COURT: Certainly, sir.

MR. DORSEY: Is there a difference between -- and I believe your three days, 'cause you know this more than I do -- why is the additional five days not allowed?

THE COURT: Well, it is in other types of circumstances, sir. But in -- in the situation of unlawful detainers, the legislature has decided to give substantially quicker access to the landlords to the court based upon the claim that real property is a unique item and not subject to just mere monetary recompense.

In other words, if you buy -- the way that that case says, you know, the lady's got $400,000 worth of stamps. Well, you may think that's crazy. I may think that's -- anybody may think it's crazy, but the point is that you can value those. All right? The legislature has deemed that real property is such a unique thing, every house being different, different views, different square footage, different this, different that, bathrooms, whatever, that it's unique, so it gives an

accelerated ability to obtain its possession back by the owner.

I mean, I'm not saying that's a good reason or a bad reason. I'm just saying that's the reason. So -- okay?

MS. ST. JOHN: Also, CCP 1013 is post-litigation notices.

THE COURT: Okay.

MS. ST. JOHN: That's why they have five days.

THE COURT: Well, anyway, I found the case, so -- okay. Thank you, Mr. Dorsey. Good luck to you.

MR. DORSEY: Thank you, Your Honor.

THE COURT: And you'll be getting stuff in the mail from the Plaintiff. Their time to get you out of there doesn't start running until they do some paperwork, sir.

MR. DORSEY: I'm sure they'll be efficient in it.

THE COURT: You'd be amazed sometimes how long it takes from the courts. Stipulate to the release of exhibits, Counsel?

MS. ST. JOHN: So stipulated.

THE COURT: Thank you. I'm just giving them back their paperwork, sir.

MR. DORSEY: Okay.

THE COURT: All right. Good luck to you, sir.

MR. DORSEY: Thank you, Your Honor.

MS. ST. JOHN: My client and I both agree. Good luck.

THE COURT: Court will be in recess.

//

//

//

(Proceedings adjourned at 3:32 p.m.)

CERTIFICATE

I, Peggy Schuerger, a transcriber for Ad Hoc Reporting, do hereby certify, under penalty of perjury, that the foregoing is a verbatim transcription prepared from the electronic sound recording provided to me from the proceedings in the above-entitled matter, and is a true and accurate transcript of said proceedings to the best of my ability and belief.

Peggy Schuerger, Transcriber

Date

Wesley C. Dorsey Jr.
Margarete S. Dorsey
2743 B Street #2
San Diego, CA 92102
619-208-0241

WESLEY C. DORSEY JR., IN PRO PER
MARGARETE S. DORSEY, IN PRO PER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

LEAVITT INVESTMENT CO

Plaintiff(s),

vs.

WESLEY C. DORSEY JR.

MARGARETE S. DORSEY

Defendant(s).

Case No.: 37-2015-00038520-CL-UD-CTL

**NOTICE OF INTENTION TO MOVE FOR NEW TRIAL**

To: Eduardo Garcia and Leavitt Investment Co.

NOTICE IS HEREBY GIVEN that Defendants Wesley C. Dorsey Jr. and Margarete S. Dorsey intend to move this court, at a time to be set by the court, to vacate and set aside the decision of the court rendered in favor of Plaintiff Leavitt Investment Co and against Defendants, and the judgment entered on that decision and to grant Defendants a new trial on the following issues:



Ex 5

If, in ruling on this motion, the court grants alternative relief under Section 662 of the Code of Civil Procedure, Defendants request the court vacate and set aside the statement of decision and judgment and, in lieu of granting a new trial on the grounds of insufficiency of the evidence to justify verdict or error in law and newly discovered evidence, to reopen the case for further proceedings and the introduction of additional evidence as described in the Declaration of Wesley C. Dorsey Jr. in support of the motion for new trial because the new evidence will show that the service of the 3 Day Notice dated November 10, 2015 was defective and that Plaintiffs Summons and Complaint was consequently filed prematurely. These further proceedings would have the same effect as if the case had been reopened after the submission thereof and before a decision had been filed or judgment rendered.

The motion will be made on the following grounds:

1. There is newly discovered evidence, material for the Defendants which could not with reasonable diligence have been discovered and produced at trial as shown by the declaration of Defendant Wesley C. Dorsey Jr
2. The evidence is insufficient to justify the decision as shown by the minutes of the court.

With respect to the grounds specified in Paragraphs (1) and (2) above, this motion will be made on the minutes of the court

DATED: March 11, 2016

Wesley C. Dorsey Jr
In Pro Per

# APP-102 Notice of Appeal/Cross-Appeal (Limited Civil Case)

*Clerk stamps date here when form is filed.*

FILED
Clerk of the Superior Court
MAR 11 2016
By: G. HOHMAN, Deputy
'16 MAR 11 AM 11:23

## Instructions

- This form is only for appealing in a limited civil case. You can get other forms for appealing in unlimited civil cases at any courthouse or county law library or online at *www.courts.ca.gov/forms*.
- Before you fill out this form, read *Information on Appeal Procedures for Limited Civil Cases* (form APP-101-INFO) to know your rights and responsibilities. You can get form APP-101-INFO at any courthouse or county law library or online at *www.courts.ca.gov/forms*.
- You must serve and file this form no later than 30 days after the trial court or a party serves a document called a Notice of Entry of the trial court judgment or a file-stamped copy of the judgment or 90 days after entry of judgment, whichever is earlier (see rule 8.823 of the California Rules of Court for very limited exceptions). **If your notice of appeal is late, your appeal will be dismissed.**
- Fill out this form and make a copy of the completed form for your records and for each of the other parties.
- Serve a copy of the completed form on each of the other parties and keep proof of this service. You can get information about how to serve court papers and proof of service from *What Is Proof of Service?* (form APP-109-INFO) and on the California Courts Online Self-Help Center at *www.courts.ca.gov/selfhelp-serving.htm*.
- Take or mail the original completed form and proof of service on the other parties to the clerk's office for the same court that issued the judgment or order you are appealing. It is a good idea to take or mail an extra copy to the clerk and ask the clerk to stamp it to show that the original has been filed.

*You fill in the name and street address of the court that issued the judgment or order you are appealing:*

**Superior Court of California, County of**
San Diego
330 West Broadway
San Diego, CA 92101

*You fill in the number and name of the trial court case in which you are appealing the judgment or order:*

**Trial Court Case Number:** 37-2015-00038520-CL-UD-CTL

**Trial Court Case Name:** Leavitt Investment Co v Dorsey

*The clerk will fill in the number below*

**Appellate Division Case Number:**

## (1) Your Information

a. Name of appellant (the party who is filing this appeal):
Wesley C. Dorsey Jr.

b. Appellant's contact information *(skip this if the appellant has a lawyer for this appeal):*

Street address: 2743 B Street #2 (Street) San Diego (City) CA (State) 92102 (Zip)

Mailing address *(if different):* ______ (Street) ______ (City) ______ (State) ______ (Zip)

Phone: 619-208-0241 E-mail *(if available):* ska_major@yahoo.com

c. Appellant's lawyer *(skip this if the appellant does not have a lawyer for this appeal):*

Name: ______ State Bar number: ______

Street address: ______ (Street) ______ (City) ______ (State) ______ (Zip)

Mailing address *(if different):* ______ (Street) ______ (City) ______ (State) ______ (Zip)

Phone: ______ E-mail *(if available):* ______

Fax *(if available):* ______



Ex 6

Trial Court Case Name: Leavitt Investment Co v Dorsey

Trial Court Case Number: 37-2015-00038520-CL-UD-CTL

(2) This is *(check a or b)*:

a. ☒ The first appeal in this case.

b. ☐ A cross-appeal (an appeal filed after the first appeal in this case *(complete (1), (2), and (3))*.

(1) The notice of appeal in the first appeal was filed on *(fill in the date that the other party filed its notice of appeal in this case)*: ____________

(2) The trial court clerk served notice of the first appeal on *(fill in the date that the clerk served the notice of the other party's appeal in this case)*: ____________

(3) The appellate division case number for the first appeal is *(fill in the appellate division case number of the other party's appeal, if you know it)*: ____________

## (3) Judgment or Order You Are Appealing

I am/My client is appealing *(check a or b)*:

a. ☒ The final judgment in the trial court case identified in the box on page 1 of this form.
The date the trial court entered this judgment was *(fill in the date)*: *Feb 29, 2016*

b. ☐ Other:

(1) ☐ An order made after final judgment in the case.
The date the trial court entered this order was *(fill in the date)*: ____________

(2) ☐ An order changing or refusing to change the place of trial (venue).
The date the trial court entered this order was *(fill in the date)*: ____________

(3) ☐ An order granting a motion to quash service of summons.
The date the trial court entered this order was *(fill in the date)*: ____________

(4) ☐ An order granting a motion to stay or dismiss the action on the ground of inconvenient forum.
The date the trial court entered this order was *(fill in the date)*: ____________

(5) ☐ An order granting a new trial.
The date the trial court entered this order was *(fill in the date)*: ____________

(6) ☐ An order denying a motion for judgment notwithstanding the verdict.
The date the trial court entered this order was *(fill in the date)*: ____________

(7) ☐ An order granting or dissolving an injunction or refusing to grant or dissolve an injunction.
The date the trial court entered this order was *(fill in the date)*: ____________

Trial Court Case Name: Leavitt Investment Co v Dorsey

Trial Court Case Number: 37-2015-00038520-CL-UD-CTL

(3) *(continued)*

(8) ☐ An order appointing a receiver.
The date the trial court entered this order was *(fill in the date)*: ____________

(9) ☐ Other action *(please describe and indicate the date the trial court took the action you are appealing)*:

## (4) Record Preparation Election

*Complete this section only if you are filing the first appeal in this case. If you are filing a cross-appeal, skip this section and go to the signature line.*

*Check a or b if you are filing the first appeal in this case:*

a. ☒ I have/My client has completed *Appellant's Notice Designating Record on Appeal (Limited Civil Case) (form APP-103) and attached it to this notice of appeal.*

b. ☐ I/My client will complete *Appellant's Notice Designating Record on Appeal (Limited Civil Case)* (form APP-103) later. I understand that I must file this notice in the trial court within 10 days of the date I file this notice of appeal.

**REMINDER: Except in the very limited circumstances listed in rule 8.823, you must serve and file this form no later than (1) 30 days after the trial court clerk or a party serves either a document called a Notice of Entry of the trial court judgment or a file-stamped copy of the judgment or (2) within 90 days after entry of judgment, whichever is earlier. If your notice of appeal is late, your appeal will be dismissed.**

Date: Mar 11, 2016

Wesley C. Dorsey Jr.
*Type or print your name*

▶ [signature]
*Signature of appellant/cross-appellant or attorney*

Wesley C. Dorsey Jr.
Margarete S. Dorsey
660 9th Avenue
San Diego, CA 92101
619-208-0241

WESLEY C. DORSEY JR, IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

Leavitt Investment Co,

Plaintiff(s),

vs.

WESLEY C. DORSEY JR,

MARGARETE S DORSEY,

Defendant(s).

Case No.: 37-2015-00038250-CL-UD-CTL

**NOTICE OF LODGEMENT IN SUPPORT OF DEFENDANTS DECLARTION IN SUPPORT OF MOTION FOR NEW TRIAL**

Defendant Wesley C. Dorsey Jr., lodges the following with the Court in support of his Declaration In Support Of Motion For New Trial.

1. Application to Rent, page 1, executed on September 12, 2011 between Plaintiff's agent and Defendant Margarete S. Dorsey.
2. Application to Rent, page 1, executed on September 12, 2011 between Plaintiff's agent and Defendant Wesley C. Dorsey Jr.

DATED: March 21, 2016

~~Your signature~~
WESLEY C. DORSEY JR.
In Pro Per



Ex 7

EXHIBIT 1

☐Tenant
☐Guarantor

# APPLICATION TO RENT

(All sections must be completed) Individual applications required from each occupant 18 years of age or older.

| | | | |
|---|---|---|---|
| Last Name: DORSEY | First Name: Margarete | Middle Name: Sandra | Social Security Number or ITIN: 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 |
| Other names used in the last 10 years: | | Work phone number: (619) 2301249 | Home phone number: (619) 2080236 |
| Date of birth: 08-05-1966 | E-mail address: meg-the-first@yahoo.com | | Mobile/Cell phone number: (619) 2080236 |
| Photo ID/Type: | Number: E1308609 | Issuing government: USA | Exp. date: 08-05-12 — Other ID: |

| | | | | |
|---|---|---|---|---|
| 1. Present address: 4155 Georgia Str. #109 | City: San Diego | State: CA | Zip: 92103 | |
| Date in: Feb 06 | Date out: | Owner/Agent Name: SOS Property Management | Owner/Agent Phone number: 858-2732800 | |
| Reason for moving: need smaller place | | | Current rent: $ 1295.- /Month | |
| 2. Previous address: Germany | City: | State: | Zip: | |
| Date in: | Date out: | Owner/Agent Name: | Owner/Agent Phone number: | |
| Reason for moving: | | | | |
| 3. Next previous address: | City: | State: | Zip: | |
| Date in: | Date out: | Owner/Agent Name: | Owner/Agent Phone number: | |
| Reason for moving: | | | | |

| | | |
|---|---|---|
| Proposed Occupants: List all in addition to yourself | Name: | Name: |
| | Name: | Name: |
| | Name: | Name: |

| | | | |
|---|---|---|---|
| Will you have pets? NO | Describe: | Will you have a waterbed? NO | Describe: |

How did you hear about this rental?

| | | |
|---|---|---|
| A. Present occupation or source of income: Couture Seamstress | | Employer name: Jason Markowitz |
| Dates of employment: 4-11 until now | Supervisor's phone number: (619) 2301249 | Employer address: 1350 6TH Ave, San Diego, CA 92101 |
| Name of your supervisor: Jason Markowitz | | City, State, Zip: |
| B. Prior occupation: Couture Seamstress, Cutter helper | | Employer name: Rose Cleaner |
| Dates of employment: 7-07 - 4-11 | Supervisor's phone number: (619) 2917594 | Employer address: 1945 El Cajon Blvd |
| Name of your supervisor: Hassan Motevaselani | | City, State, Zip: San Diego, CA 92104 |
| Current gross income: $ 2500.- Per | Check one: ☐ Week ☒ Month ☐ Year | |

Other income source: Sewing privately for other customers as a mobile service Amount $ 200-300.- Frequency monthly

Other income source ______ Amount $ ______ Frequency ______



Unauthorized Reproduction of Blank Forms is Illegal.

EXHIBIT 2

# APPLICATION TO RENT

☐ Tenant
☐ Guarantor

(All sections must be completed) Individual applications required from each occupant 18 years of age or older.

| | | | | | |
|---|---|---|---|---|---|
| Last Name [illegible] | First Name [illegible] | Middle Name [illegible] | Social Security Number or ITIN [illegible] | | |
| Other names used in the last 10 years [illegible] | Work phone number [illegible] | Home phone number NONE | | | |
| Date of birth [illegible] | E-mail address [illegible] | Mobile/Cell phone number [illegible] | | | |
| Photo ID/Type [illegible] | Number [illegible] | Issuing government [illegible] | Exp. date [illegible] | Other ID | |
| 1. Present address [illegible] | City [illegible] | State [illegible] | Zip [illegible] | | |
| Date in [illegible] | Date out [illegible] | Owner/Agent Name [illegible] | Owner/Agent Phone number [illegible] | | |
| Reason for moving [illegible] | Current rent $ [illegible] /Month | | | | |
| 2. Previous address [illegible] | City [illegible] | State [illegible] | Zip [illegible] | | |
| Date in [illegible] | Date out [illegible] | Owner/Agent Name [illegible] | Owner/Agent Phone number [illegible] | | |
| Reason for moving [illegible] | | | | | |
| 3. Next previous address GERMANY | City | State | Zip | | |
| Date in | Date out | Owner/Agent Name | Owner/Agent Phone number | | |
| Reason for moving | | | | | |
| Proposed Occupants: List all in addition to yourself | Name [illegible] | Name | | | |
| | Name | Name | | | |
| | Name | Name | | | |
| Will you have pets? | Describe NO | Will you have a waterbed? NO | Describe | | |
| How did you hear about this rental? [illegible] | | | | | |
| A. Present occupation or source of income [illegible] | Employer name [illegible] | | | | |
| Dates of employment [illegible] | Supervisor's phone number [illegible] | Employer address [illegible] | | | |
| Name of your supervisor [illegible] | City, State, Zip [illegible] | | | | |
| B. Prior occupation [illegible] | Employer name [illegible] | | | | |
| Dates of employment [illegible] | Supervisor's phone number ( ) | Employer address [illegible] | | | |
| Name of your supervisor [illegible] | City, State, Zip [illegible] | | | | |
| Current gross income $ [illegible] Per | Check one ☐ Week ☒ Month ☐ Year | | | | |

[illegible]

Other income source ____________ Amount $ ____________ Frequency ____________

Other income source ____________ Amount $ ____________ Frequency ____________



Unauthorized Reproduction of Blank Forms is Illegal.

Wesley C. Dorsey Jr.
Margarete S. Dorsey
2743 B Street #2
San Diego, CA 92102
619-208-0241

WESLEY C. DORSEY JR., IN PRO PER
MARGARETE S. DORSEY, IN PRO PER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff(s),<br>vs.<br>WESLEY C. DORSEY JR.,<br>MARGARETE S. DORSEY<br>Defendant(s). | Case No.: 37-2015-00038520-CL-UD-CTL<br>**DECLARATION IN SUPPORT OF MOTION FOR NEW TRIAL** |

I, Wesley C. Dorsey Jr., declare.

1. I am a party in the above-entitled action.

2. There is newly discovered evidence, material for Defendants which could not, with reasonable diligence, have been discovered and produced at trial in that after the trial of the above-entitled action, Defendants learned for the first time on or about March 9, 2016 that the service of the 3 Day Notice To Pay Rent Or Quit dated November 10, 2015



Ex 8

(*hereafter 3 Day Notice*) on Defendants was defective. Defendants also learned on or about March 9, 2016 that Plaintiffs complaint was also filed prematurely.

3. Defendants Application's To Rent, signed and dated by Defendants on September 12, 2011, and maintained in Plaintiffs Agent's filing system to date, at 3060 B Street, Suite A, San Diego, CA 92102, clearly showing Defendants present and past employers, addresses related to places of employment as well as contact information for employers, was recently obtained by Defendants from Plaintiffs Agent Christian (*last name unknown*) on March 14, 2016. As part of the Defendants rental application process at the time, Plaintiffs Agent Janice Reynosa (*agents name may not be spelled properly*), contacted Defendants employers via telephone to verify employment and income before approving Defendants Application To Rent

4. Plaintiffs complaint states that Defendants were served with the 3 Day Notice on November 10, 2016 in accordance with CA CCP §1162 (3) which allows service on a tenant when that tenants place of residence and place of business cannot be ascertained, or a person of suitable age or discretion there cannot be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated Service upon a subtenant may be made in the same manner.

5. Prior to service under the provisions of CA CCP §1162 (3), service on a tenant must be attempted first by delivering a copy to the tenant personally CA CCP §1162 (1); or, if he or she is absent from his or her usual place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or place of residence, CA CCP §1162 (2)

6. It would have been a simple matter for Plaintiffs agent to inspect Defendants tenant file, review the employment information in Defendants Application To Rent and attempt service

at either Defendant's place of employment. Plaintiffs agent failed to attempt personal or substituted service on either Defendant at their places of employment as required under the provisions of CA CCP §1162 (2) before resorting to service under the provisions of section CA CCP §1162 (3). The court record in this case contains no declaration or other statement indicating that personal service was attempted at the places of employment of either of the Defendants. The court record in this case contains no declaration or other statement indicating that substituted service was attempted at the place of employment of either of the Defendants. The court record in this case contains no proof of service for the Three Day Notice in question. The court record in this case contains no declaration or other statement by Plaintiffs Agent or process server indicating service by posting and mailing was accomplished in accordance with the provisions of CA CCP §1162. Only strict compliance with statutory requirements will afford remedy of Unlawful Detainer *(Carry, Christian A.M. "The California Unlawful Detainer Process and its Required Notices." LexisNexis® Expert Commentary, page 2)., Lieborich v. Shahrokhkhany (1997) 56 Cal. App. 4th 511, 513-514, 65 Cal. Rptr. 2d 457.* Thus, if there is not complete compliance with CA CCP §1162, judgment for unlawful detainer cannot be had *[Lieborich v. Shahrokhkhany (1997) 56 Cal. App. 4th511, 513-514, 65 Cal. Rptr. 2d 45; Losornio v. Motta (1998) 67 Cal.App. 4th 110, 78 Cal. Rptr. 2d 799; Underwood v Corsino (2005) 133 Cal. App 4th 132, 135, 34 Cal. Rptr. 2d542].*

7 Lack of this evidence at trial (Defendants Application To Rent), materially affected the substantial rights of Defendants in that Defendants, without a copy of the Application To Rent, could not prove their denial of all statements in Plaintiffs complaint in general, and in this particular instance, proper service of, receipt of, or service at all of, the Three Day Notice.

8. A different result is likely on retrial had Defendants been in possession of a copy of the Application To Rent since, Defendants would have had the opportunity to file a Motion to Quash as well as a Declaration in Support of Motion to Quash outlining the facts stated in paragraphs 2-7. This evidence is not merely cumulative or impeaching, but is material in that the Application To Rent would substantiate Defendants consistent claims of not receiving the 3 Day Notice. Plaintiffs will have been found to have defectively served the Three Day Notice in question on Defendants, which would have resulted in Plaintiffs Complaint being filed prematurely, with a subsequent dismissal of Plaintiffs complaint and Defendants retaining possession of the rental unit located at 2743 B Street #2, San Diego, CA 92101

9. After trial, this evidence was discovered and this declaration was prepared in support of a motion for new trial.

DATED: March 21, 2016

Wesley C. Dorsey Jr
In Pro Per

Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
619-208-0241

WESLEY C. DORSEY JR., IN PRO PER

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2016 OCT 12 A 10:44

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff(s),<br>vs.<br>WESLEY C. DORSEY JR,<br>MARGARETE S. DORSEY<br>Defendant(s). | Case No.: 37-2015-00038520-CL-UD-CTL<br>**NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR NEW TRIAL, SUPPORTING DECLARATION OF WESLEY C. DORSEY JR. AND SUPPORTING MEMORANDUM**<br>**Date: November 9, 2016**<br>**Time: 1:30pm**<br>**Location: 220 West Broadway, Department 7, San Diego, CA 92101**<br>**Judge: Hon. Gary Kreep** |

To: Plaintiff Leavitt Investment Co and to Wendy St. John, plaintiffs attorney of record:

NOTICE IS HEREBY GIVEN that on **11/9/16, at 1:30pm**, or as soon thereafter as the matter may be heard, in Department 7 of this court, located at 230 W. Broadway, San Diego, CA 92101, defendant Wesley C. Dorsey Jr. will, and hereby does, move the court for a new trial. This motion is made on the grounds that new facts, as well as different facts and circumstances will be presented that exist now than did at the time Defendants prior motion for new trial was submitted to the court.



Ex 9

3. A different state of facts and circumstances is now presented than what was presented at the time the prior motion was filed with the court. These facts and circumstances will clarify and reinforce Defendants contention in the prior motion that Plaintiffs service on Defendants of the 3 Day Notice To Pay Rent Or Quit dated 11/10/16, was defective.

4. Shortly after filing the original motion for new trial, Defendant Wesley C. Dorsey Jr. (*Mr. Dorsey*) became aware of his failure to schedule a hearing date on the motion for new trial and had every intention of contacting the court business office to schedule a hearing date, as well as re-file and re-serve an amended motion for new trial that included the actual date and time for the hearing. Prior to obtaining a hearing date, Mr. Dorsey also became aware of the existence of the erroneous inclusion of a proof of service for the 3 Day Notice To Pay Rent Or Quit dated 11/10/15 in the courts minute order dated 2/29/16. Before scheduling a hearing date and filing and serving an amended Notice Of Motion For New Trial, Mr. Dorsey needed to again verify that no proof of service for the 3 Day Notice was in the court file in this proceeding or submitted to the court by Plaintiff's counsel during trial. This is because Defendants grounds for a new trial were solely based on Plaintiffs defective service of the 3 Day Notice To Pay Rent Or Quit dated 11/10/15. A proof of service on file with the court indicating that Ms. Cuevas had attempted personal or substituted service at Defendants residence or places of employment before serving Defendants by posting and mailing would have negatively impacted Defendants contention that the service of the 3 Day Notice was defective. Renewed searches of the court record by Mr. Dorsey revealed that there was in fact no proof of service for the 3 Day Notice filed with the court.

5. Mr. Dorsey then purchased an audio recording of the unlawful detainer hearing of 2/29/16 from the court's business office. The purpose of purchasing the audio recording of the trial was to verify whether or not Plaintiffs counsel had submitted a proof of service for the 3 Day Notice into evidence during the trial, as well as reinforce Mr. Dorsey's contention that

Ms. Cuevas made no testimony regarding any attempts at personal or substituted service on Defendants at their place of residence or their places of employment. The audio record of the trial clearly shows Plaintiffs counsel submitting into evidence, a copy of the 3 Day Notice To Pay Rent Or Quit dated 11/10/15, that Ms. Cuevas testified she served on Defendants by posting and mailing; and a copy of the lease agreement between Plaintiffs and Defendants. The audio recording also clearly shows the court returning those same two documents to Plaintiffs counsel at the conclusion of the trial. It is important to note here that Ms. Cuevas made no statements whatsoever during the trial indicating that she had attempted personal or substituted service on Defendants at their residence or places of employment before serving Defendants by posting and mailing. In addition, at no time during the entire recording is a proof of service for the 3 Day Notice submitted to the court or discussed by Plaintiff.

6. After verifying that no proof of service for the 3 Day Notice had been filed by Plaintiffs, submitted to the court at trial, or discussed by Plaintiffs at trial, Mr. Dorsey moved the court to correct what can only be assumed to have been a clerical error in the original minute order. On 9/30/16, the court issued an amended minute order showing the 3 Day Notice and the lease agreement as the only two documents submitted into evidence by Plaintiffs and returned to Plaintiffs at the conclusion of the trial.

7. With the court's correction of the minute order of 2/29/16, it can now be factually shown that Ms. Cuevas' service of the 3 Day Notice on Defendants was defective in that she made no attempt to serve Defendants personally, or by substituted service at their residence or places of employment as is required by the strict, plain language of CA CCP 1162 before serving Defendants by posting and mailing. ***[Liebovich v. Shahrokhkhany (1997) 56 Cal. App. 4th 511, 513-514, 65 Cal. Rptr. 2d 457.]***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: October 11, 2016

Wesley C. Dorsey Jr.
In Pro Per

Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
619-208-0241

WESLEY C. DORSEY JR., IN PRO PER

FILED
Clerk of the Superior Court
OCT 12 2016

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br><br>Plaintiff(s),<br><br>vs.<br><br>WESLEY C. DORSEY JR,<br><br>MARGARETE S. DORSEY<br><br>Defendant(s). | Case No.: 37-2015-00038520-CL-UD-CTL<br><br>**MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR NEW TRIAL**<br><br>**Code of Civil Procedure 1008(b); Cal. Rules of Ct., Rule 3.1113**<br><br>**Date: November 9, 2016**<br><br>**Time: 1:30pm**<br><br>**Location: 220 West Broadway, Department 7, San Diego, CA 92101**<br><br>**Judge: Hon. Gary Kreep** |

THIS RENEWED MOTION SHOULD BE GRANTED BECAUSE A RENEWED MOTION BASED ON NEW OR DIFFERENT FACTS, CIRCUMSTANCES, OR LAW IS AUTHORIZED BY STATUTE. AND THE NEW FACTS SET FORTH IN THE DECLARATION UNDER PENALTY OF PERJURY ATTACHED TO THE NOTICE OF MOTION SHOW THAT THE MOTION FOR NEW TRIAL SHOULD BE GRANTED ON THE GROUNDS THAT PLAINTIFFS SERVICE ON DEFENDANTS OF THE 3 DAY NOTICE DATED 11/10/15 WAS DEFECTIVE IN THAT PLAINTIFFS FAILED TO FOLLOW THE STRICT LANGUAGE OF THE GOVERNING STATUTE REGARDING SERVICE OF NOTICE.

A. **Jurisdiction of Trial Court.** Assuming that the original motion for new trial that was never calendared has been deemed denied by the court, that decision is not res judicata, and a trial court has the jurisdiction to reconsider the deemed prior ruling or to entertain a renewal of a previous motion (Curtin v. Koskey (1991) 231 Cal. App. 3d 873,876, 282 Cal. Rptr. 706).

B. **Governing Statute.** Renewed motions are governed by Code Of Civil Procedure Section 1008(b) (Graham v. Hansen (1982) 128 Cal. App. 3d 965, 970-971, 180 Cal. Rptr. 604).

**C. Statute Applies to All Applications For Interim Orders.** Code of Civil Procedure Section 1008 applies to all applications for interim orders (Code Civ. Proc. Section 1008(h)).

**D. Statutory Requirements.** When the party who originally made an application for an order which was refused in whole or in part, or granted conditionally or on terms, makes a subsequent application for the same order on new or different facts, circumstances, or law, it shall be shown by affidavit (or declaration under penalty of perjury [Code Civ. Proc. Sec. 2015.5]) what application was made before, when and to what judge, what order or decisions were made thereon, and what new or different facts, circumstances, or law are claimed to be shown (Code Civ. Proc. Sec. 1008(b)).

**E. Inapplicability of 10 Day Limitation Period.** The provision in Code of Civil Procedure Section 1008(a) requiring that a motion for reconsideration be made within 10 days after service upon the party of written notice of entry of the order does not apply to a renewed motion under Code of Civil Procedure Section 1008(b), which is not subject to any time limitation (Monsan Homes, Inc. v. Pogrebneak (1989) 210 Cal. App. 3d 826, 831, 258 Cal. Rptr. 676 (prior law; criticized on another point in Passavanti v. Williams (1990) 225 Cal. App. 3d 1602, 1608 n.5, 275 Cal. Rptr. 887); Graham v. Hansen (1982) 128 Cal. App. 3d 965, 970-971, 180 Cal. Rptr. 604).

**F. Sufficiency of New Facts to Support Motion.** Whether the "new" facts alleged on a renewal motion are sufficient to satisfy the requirements of Code of Civil Procedure Section 1008(b) is a question confided to the sound discretion of the trial court, the exercise of which the appellate court will not interfere with absent an obvious showing of abuse (Graham v. Hansen (1982) 128 Cal. App. 3d 965, 971, 180 Cal. Rptr. 604 (prior law)).

**G. New Trial Statutes.** Motions for new trial are governed by Code Civ. Proc. Secs. 655-663.2 and 914. A new trial is defined in Code Civ. Proc. Sec. 656. Grounds on which the motion may be granted are set forth in Code Civ. Proc. Sec. 657.

DATED: October 12, 2016

Wesley C. Dorsey Jr.
In Pro Per

Wesley C. Dorsey Jr.
Margarete S. Dorsey
660 9th Avenue
San Diego, CA 92101
619-208-0241

FILED
Clerk of the Superior Court
OCT 12 2016

WESLEY C. DORSEY JR., IN PRO PER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff(s),<br>vs.<br>WESLEY C. DORSEY JR,<br>MARGARETE S. DORSEY<br>Defendant(s). | Case No.: 37-2015-00038520-CL-UD-CTL<br>**DEFENDANTS STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF RENEWED MOTION FOR NEW TRIAL**<br>**Date: November 9, 2016**<br>**Time: 1:30pm**<br>**Location: 220 West Broadway, Department 7, San Diego, CA 92101**<br>**Judge: Hon. Gary Kreep** |

Defendant Wesley C. Dorsey Jr., hereby provides this statement of undisputed facts.

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Ms. Monica Cuevas testified that she served the 3 Day Notice To Pay Rent Or Quit dated 11/10/15 on Defendants by posting and mailing. | Audio record of proceedings from the unlawful detainer trial heard on 2/29/16. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 2. Ms. Cuevas made no testimony indicating that she attempted personal or substituted service on Defendants at their place of residence or their places of employment before serving Defendants by posting and mailing as is required by the plain language of CA CCP 1162. | Audio record of proceedings from the unlawful detainer trial heard on 2/29/16; CA CCP 1162. |
| 3. No proof of service, declaration, affidavit, or other documents were filed with the court in this cause to show Ms. Cuevas attempted personal or substituted service on Defendants at their residence or their places of employment before serving the 3 Day Notice by posting and mailing. | Register of actions for these proceedings. |
| 4. No proof of service, declaration, affidavit, or other documents were submitted to the court during the trial to show Ms. Cuevas attempted personal or substituted service on Defendants at their residence or their places of employment before serving the 3 Day Notice by posting and mailing. | Audio record of proceedings from the unlawful detainer trial heard on 2/29/16. |
| 5. Ms. Cueva's service of the 3 Day Notice on Defendents by posting and mailing is defective due to her failure to follow the plain language of CA CCP 1162. | CA CCP 1162; Items 1 - 4 in this table. |

DATED: October 11, 2016

Wesley C. Dorsey Jr.
In Pro Per

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER** [X] Amended on 09/30/2016

DATE: 02/29/2016 TIME: 01:30:00 PM DEPT: C-07

JUDICIAL OFFICER PRESIDING: Gary Kreep
CLERK: Tina Curry
REPORTER/ERM: CD: 1:26:37
BAILIFF/COURT ATTENDANT: L. Gonzales

CASE NO: **37-2015-00038520-CL-UD-CTL** CASE INIT.DATE: 11/17/2015
CASE TITLE: **Leavitt Investment Co vs Dorsey [IMAGED]**
CASE CATEGORY: Civil - Limited CASE TYPE: Unlawful Detainer - Residential

---

**EVENT TYPE**: Unlawful Detainer Court Trial
MOVING PARTY: Leavitt Investment Co
CAUSAL DOCUMENT/DATE FILED: Request to Set Case for Trial (At Issue Memorandum), 02/09/2016

---

**APPEARANCES**
Wesley Dorsey, self represented Defendant, present.
Wendy St. John, specially appearing for counsel Eduardo Garcia, present for Respondent on Appeal,Plaintiff(s).
Monica Cuevas, authorized agent for plaintiff

---

09/30/16 Minutes corrected by C. Lunt.

Corrected minute order nunc pro tunc to 02/29/16 to reflect that a Proof of Service of Notice to Quit was neither submitted nor received in evidence at time of trial.

Party and witness, as noted above, are sworn to testify on their behalf.

The following exhibits are marked and admitted: Notice to Quit, Rental / Lease Agreement.

Counsel makes a request to dismiss Wesley Dorsey, and amend the pleadings to reflect the true name as Wesley Dorsey aka Wesley C Dorsey Jr. The Court grants the request.

The Court orders Wesley Dorsey dismissed without prejudice from the Complaint Demanding Less than $10,000.

The Court having fully considered the testimony of all parties, both written and oral, as well as the evidence presented, now rules as follows:



Ex 10

CASE TITLE: Leavitt Investment Co vs Dorsey [IMAGED] CASE NO: **37-2015-00038520-CL-UD-CTL**

The Court finds judgment on the Complaint Demanding Less than $10,000 for Leavitt Investment Co against Wesley Dorsey, AKA Wesley C Dorsey Jr, Margarete S Dorsey in the amount of: $5750.00 damages, $390.00 pre judgment costs and $1100.00 attorney fees. Possession of the premises is awarded. All unknown occupants are included in the judgment.

Rental/lease agreement forfeited.

Writ of Possession to issue forthwith.

Exhibits released to counsel.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
TELEPHONE NO. 619-208-0241 FAX NO.(Optional):
ATTORNEY FOR (Name): In Pro Per

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
☐ CENTRAL DIVISION, JUV. MINOR OFFENSE, 2901 MEADOW LARK DR., SAN DIEGO, CA 92123
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ EAST COUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PLAINTIFF(S)/PETITIONER(S)
Leavitt Investment Co

DEFENDANT(S)/ RESPONDENT(S)
Wesley C. Dorsey Jr., Margarete S. Dorsey

JUDGE/DEPT
Department 7

## EX PARTE APPLICATION AND ORDER

CASE NUMBER
37-2015-00038520-CL-UD-CTL

Hearing Date: 12/5/16 Time: 1:15 ☐ a.m. ☒ p.m. ☒ Opposed ☐ Unopposed

1. Type of relief requested: Defendants request the court grant Defendants New Trial Motion brought before the court on 11/30/16.

2. Reason(s) ex parte relief is necessary: Defendants believe the court was in error in denying Defendants Motion for New Trial based on the the failure of Defendants to object, at trial, to the defective service by Plaintiff's Agent, of the 3 Day Notice dated 10/11/15. The validity of the service of the 3 Day Notice is a matter of law which cannot be waived by failure to object at trial. A denial on this ground is prejudicial to Defendants case.

3. Name of opposing parties (or attorneys): Wendy St. John, Esq. of Kimball, Tirey & St John LLP

4. Was notice of the ex parte application given to the opposing parties? ☒ Yes ☐ No

5. ☒ **NOTICE GIVEN:** The opposing parties were notified of the relief request and that the ex parte application would be heard by the court on *(date)* 12/5/16, at *(time)* 1:15 ☐ a.m. ☒ p.m., as indicated below:
   a. Notice was given to the ☒ attorney for the ☒ plaintiff/petitioner ☐ defendant/respondent.
   b. Notification occurred on *(date)*: 12/5/16, at *(time)* 8:31 ☒ a.m. ☐ p.m.
   c. Manner of notification:
      ☐ By telephone. Name of the person you spoke to: ______
      ☐ By letter ☐ mailed ☐ personally delivered on *(date)* ______, at *(time)* ______ ☐ a.m. ☐ p.m.
      ☒ By fax *(specify fax number)* 619-237-0457, which I know to be the fax number of the person served.
      ☒ Other manner of notification *(specify)*: ______
   d. Response to notice: none



Ex 11

| SHORT TITLE<br>Leavitt Investment Co v Dorsey | CASE NUMBER<br>37-2015-00038520-CL-UD-CTL |
|---|---|

☐ **NOTICE NOT GIVEN:** Notice of the application was not given for the reason(s) indicated below:

☐ Notice of the ex parte application would frustrate the purpose of the order sought for the following reason(s): ________________

☐ Applicant would suffer immediate and irreparable harm before the matter can be heard on notice. *(explain in detail the nature of the immediate and irreparable harm):* ________________

☐ A reasonable and good faith effort to notify the opposing party was made but notification was unsuccessful. *(describe in detail attempts made):* ________________

6. Have you appeared ex parte before for the same relief? ☐ Yes ☒ No. If yes, relief was ☐ granted ☐ denied

7. If required, have Points & Authorities been submitted? *(Cal. Rules of Court, rule 3.1202)* ☒ Yes ☐ No

**I declare under penalty of perjury under the laws of the State of California that the above information and all attachments are true and correct.**

Date: 12/5/16

________________
Signature

**ORDER**

**IT IS SO ORDERED.**

☐ The requested relief is ☐ DENIED ☐ GRANTED as follows: ________________

☐ Hearing is continued to ________ at ________ ☐ a.m. ☐ p.m. in dept. ______.

Date: ________________

________________
Judge/Commissioner of the Superior Court

Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
619-208-0241

WESLEY C. DORSEY JR., IN PRO PER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

LEAVITT INVESTMENT CO

Plaintiff(s),

vs.

WESLEY C. DORSEY JR,

MARGARETE S. DORSEY

Defendant(s).

Case No.: 37-2015-00038520-CL-UD-CTL

**DECLARATION OF WESLEY C DORSEY JR. IN SUPPORT OF DEFENDANTS EX PARTE APPLICATION REQUESTING THE COURT GRANT DEFENDANTS RENEWED MOTION FOR NEW TRIAL**

**Date: December 5, 2016**

**Time: 1:30pm**

**Location: 220 West Broadway, Department 7, San Diego, CA 92101**

**Judge: Hon. Gary Kreep**

I, Wesley C. Dorsey Jr., declare,

1. I am a Defendant in the above-entitled action make this Declaration in support of Defendants ex parte application requesting the court grant Defendants Renewed Motion For New Trial.
2. On 11/30/16, Defendants brought before the court a timely submitted Renewed Motion For New Trial.

3. The court denied the motion based on the courts contention that Defendants waived their objection to the validity of the service of the 3 Day Notice by failing to object to the service at trial.

4. The validity of the service of the 3 Day Notice on Defendants by Ms. Monica Cuevas is a matter of law that cannot be waived by failure to object at trial.

5. Mr. Dorsey then filed the referenced ex parte application requesting, in light of the presented evidence, the court grant Defendants an expedited hearing on the motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 12, 2016

Wesley C. Dorsey Jr.
In Pro Per

Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
619-208-0241

WESLEY C. DORSEY JR., IN PRO PER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff(s),<br>vs.<br>WESLEY C. DORSEY JR,<br>MARGARETE S. DORSEY<br>Defendant(s). | Case No.: 37-2015-00038520-CL-UD-CTL<br>**DEFENDANTS MEMORANDUM IN SUPPORT OF DEFENDANTS EX PARTE APPLICATION REQUESTING THE COURT GRANT DEFENDANTS RENEWED MOTION FOR NEW TRIAL**<br>**Date: December 15, 2016**<br>**Time: 1:15pm**<br>**Location: 220 West Broadway, Department 7, San Diego, CA 92101**<br>**Judge: Hon. Gary Kreep** |

Defendant Wesley C. Dorsey Jr. offers the following Points and Authorities in support of Defendants Ex Parte Motion Requesting The Court grant Defendants Renewed Motion For New Trial.

I.

FACTS

1. Plaintiff and Defendants appeared before the court on 11/30/16 on a Renewed Motion To Grant New Trial.

2. The Court denied Defendants Renewed Motion For New Trial.

3. The denial of the motion was based solely on the Courts contention that while Defendants, in their Answer, generally denied all allegations of the complaint, they failed to object at trial to Ms. Cuevas's defective service on Defendants of the 3 Day Notice To Pay Rent or Quit dated 11/10/15.

4. The Court held that Defendants failure to object to the validity of the service of the 3 Day Notice at trial constituted a waiver of the objection and therefore not proper grounds for a New Trial Motion based on insufficiency of the evidence.

II

MS. CUEVAS' SERVICE OF THE 3 DAY NOTICE AND HER TESTIMONY AT TRIAL RENDER THE SERVICE INVALID AS A MATTER OF LAW UNDER THE PLAIN LANGUAGE OF CA CCP 1162

1. In the verified Complaint dated 11/17/15, Plaintiff indicated service upon Defendants was accomplished by Plaintiff's agent Ms. Monica Cuevas, by "posting and mailing" the 3 Day Notice on 11/10/15 in accordance with the provisions of CA CCP 1162 (3) which reads, *"If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner."*

2. At trial on 2/29/16, Ms. Cuevas, when questioned by Plaintiff counsel, testified:
   - That in her role as Plaintiff's agent, she was the property manager for the subject premises
   - That in her role as property manager for the subject premises, she, *"had custody and control of the records regarding the* [subject] *premises."*
   - That on 11/10/16 she served the 3 Day Notice on Defendants by *"posting and mailing."*

3. Before service by posting and mailing is attempted, the strict, plain, statutory language of CA CCP 1162 requires personal or substituted service be attempted at a persons place of residence, and place of business, if known.
   - In her role as property manager for Plaintiff, Ms. Cuevas had custody and control over Defendants original applications to rent the subject premises.

- Said applications clearly showing the addresses and phone numbers of Defendants places of business.
- Said places of business having been verified by Ms. Cuevas's staff prior to renting subject premises to Defendants.

4. Ms. Cuevas failed to attempt personal or substituted service on Defendants at their place of residence.
5. Ms. Cuevas failed to attempt personal or substituted service on Defendants at their places of business.
6. At trial on 2/29/16:
   - Ms. Cuevas made no testimony that she attempted personal or substituted service on Defendants at their place of residence as required by the plain, statutory language of CA CCP 1162 (1) and (2).
   - Despite having custody and control over rental applications that clearly showed Defendants places of business and the addresses of those places of business, Ms. Cuevas failed to attempt personal or substituted service on Defendants at their places of business as required by the statutory language of CA CCP 1162 (1) and (2).
   - Plaintiff counsel offered no evidence that personal or substituted service was attempted on Defendants at their place of residence or at their places of residence as required by the plain, statutory language of CA CCP 1162 (1) and (2).
7. The undisputed facts, statutory reference, and case law presented above clearly show Plaintiff failed to meet the prima facie threshold required to effect valid service of the 3 Day Notice on Defendants in accordance with the plain language of CA CCP 1162 as a matter of law.

II

SUFFICIENCY OF THE EVIDENCE IS NEVER WAIVED

1. The Court denied Defendants Renewed Motion for New Trial based on the failure of Defendants to object at trial to the validity of the service of the 3 Day Notice Ms. Cuevas testified she served on Defendants by posting and mailing, which the Court construed as a waiver of the objection.

2. The specific grounds of Defendant's motion denied by the Court concerned sufficiency of the evidence.

3. *"Sufficiency of the Evidence: This issue is never waived."* **(People v. Parra 70 Cal.App.4th 222, 224, fn. 2; People v. Neal (1993) 19 Cal.App. 4th 1114, 1121.)**

4. *"A theory which presents a question of law based on undisputed facts in the record may be raised for the first time on appeal."* **(People v. Yeoman (2003) 31Cal.4th 93, 118; People v. Borland (1996) 50 Cal.App.4th 124, 129; People v. Whitfield (1993) 19 Cal.App.4th 1652, 1657, fn. 6; People v. Carr (1974) 43 Cal.App.3d 441, 444-445.)** *"This includes, for example, the constitutionality of a statute* **(People v. Hines (1997) 15 Cal.4th 997, 1061; In re Samuel V. (1990) 225 Cal.App.3d 511)** *and the issue of vagueness or overbreadth"* **(In re Justin S. (2001) 93 Cal.App.4th 811, 814-815.)**

5. *"Furthermore, even if the issue had not been properly presented to the trial court, we may nonetheless examine the validity of the statute under which penalties herein have been assessed. We have held that a litigant may raise for the first time on appeal a pure question of law which is presented by undisputed facts."* **(Ward v. Taggart (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; see also California Sch. Employees Assn. v. Sunnyvale Elementary Sch. Dist. (1973) 36 Cal.App.3d 46, 56 [111 Cal.Rptr. 433].)**

III

DEFENDANTS GENERAL DENIAL OF ALL ALLEGATIONS IN PLAINTIFFS COMPLAINT DOES NOT REQUIRE DEFENDANTS TO PLEAD AFFIRMATIVE DEFENSES IN THEIR ANSWER.

1. *"An affirmative defense is an allegation of new matter in the answer that is not responsive to an essential allegation in the complaint. In other words, an affirmative defense is an allegation relied on by the defendant that is not put in issue by the plaintiff's complaint. (Bevill v. Zoura (1994) 27 Cal.App.4th 694, 698; State Farm Mut. Auto. Ins. Co. v. Superior Court (1991) 228 Cal.App.3d 721, 725.) Where the answer alleges facts showing that some essential allegation of the complaint is not true, those facts are not "new matter," but only a traverse. (Ibid.) Because proper service of the termination notices was an essential element of Bank's unlawful detainer actions, Appellants' general denial of each statement of the complaint sufficiently put the service of the notices at issue and Appellants were not required to plead ineffective notice as an affirmative defense. (See Bevill v. Zoura, supra, 27 Cal.App.4th at p. 698.)"* **(The Bank Of New York Mellon v. Preciado, 224 Cal. App. 4th Supp. 1, 169 Cal. Rptr. 3d 653, 2013 Cal. App.)**

IV

CONCLUSION

Based on the reasons presented, and having shown conclusively that Defendants have not waived their objections in this instance as a matter of law, Defendants respectfully request this Court grant the Renewed Motion For New Trial.

DATED: December 12, 2016

Wesley C. Dorsey Jr.
In Pro Per

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

FILED
Clerk of the Superior Court
DEC - 7 2016
By: A. SANTIAGO, Deputy

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff and Respondent,<br>vs.<br>WESLEY C. DORSEY JR,<br>MARGARETE S DORSEY,<br>Defendants and Appellants | Court of Appeal No.<br>37-2016-00200125-CL-UD-CTL<br><br>Superior Court No.:<br>37-2015-00038520-CL-UD-CTL |

Appeal From a Judgment
Of The Superior Court, County of San Diego,
The Honorable Gary Kreep, Judge

APPELLANT'S OPENING BRIEF

Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
619-208-0241

Appellant
Self-Represented



Ex 12

## TABLE OF CONTENTS


| | |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| STATEMENT OF THE CASE | 4 |
| STATEMENT OF APPEALABILITY | 8 |
| STATEMENT OF FACTS | 9 |
| ARGUMENT: RESPONDENTS SERVICE OF THE THREE DAY NOTICE TO PAY RENT OR QUIT DATED 11/10/15 IS INVALID AS A MATTER OF LAW. | 11 |
| ARGUMENT: THE TRIAL COURT ERRED BY RULING THAT THE 5 DAY EXTENSION PROVISION OF CA CCP 1013 (a) DID NOT APPLY TO THE SERVICE BY MAIL OF A 3 DAY NOTICE TO PAY RENT OR QUIT | 14 |
| | |
| CONCLUSION | |
| CERTIFICATE OF COMPLIANCE | |

## TABLE OF AUTHORITIES


| | |
|---|---|
| | |
| CA CCP 1162 (a)(3) | 9, 12,13 |
| CA CCP 1013(a) | 10, 14,15, 17, 18 |
| CA CCP 1162 | 12, 14 |
| CA CCP 1159 - 1179a, Unlawful Detainer Act | 18 |
| | |
| Kwok v. Bergren (1982), 130 Cal. App. 3d 596, 181 Cal. Rptr. 795 | 11 |
| Liebovich v. Shahrokhkhany (1997), 56 Cal. App. 4th 511, 513-514, 65 Cal. Rptr. 2d. 457 | 11 |
| The Bank of New York Mellon v. Preciado (2013), 224 Cal. App. 4th Supp. 1 | 11 |
| Hozz v. Lewis (1989), 215 Cal. App. 3d 314-327 | 12 |
| In re Southern Cinemas, Inc., 256 B.R. 520 [Bankr. M.D. Fla. 2000] | 14 |
| In re Lisowski, 395 B.R. 771 [Bankr. M.D. Fla. 2008] | 14 |
| California Toll Bridge Authority v. Kuchel, 40 Cal.2d 43, 53; 251 P.2d 4 | 14 |
| County of Alameda v. Kuchel, 32 Cal.2d 193, 199; 195 P.2d 17 | 14 |
| Bleecker Charles Co. v. 350 Bleecker Apartment Corp., 327 F.3d 197 [2d Cir. 2003] | 15 |
| Wasatch Property Management v Degrate, 35 Cal. 4th 1111, 29 Cal. Rptr. 3d 262, 112 P. 3d 647 [2005], as modified, [July 27, 2005] | 15 |
| People v. Knowles (1950) 35 Cal.2d 175, 182 [217 P.2d 1], cert. den. 340 U.S. 879 [95 L.Ed. 639, 71 S.Ct. 117] | 15 |
| Kane v. Board of Appeals of Prince George's County, 390 Md. 145, 887 A.2d 1060 [2005] | 15 |
| Select Base Materials v. Board of Equalization, supra, 51 Cal.2d at p. 645 | 15 |
| Florida State Racing Commission v Bourquardez, 42 So.2d 87 [1949] | 15 |
| Highland Plastics, Inc. v. Enders (1980), 109 Cal. App. 3d Supp. 1, 167 Cal. Rptr. 353 | 15 |
| Matson Nav. Co. v. United States, 284 U.S. 352, 356 [52 S.Ct. 162, 76 L.Ed. 336 | 16 |
| State Board of Equalization v. Young's Market Co., 299 U.S. 59, 62-64 [57 S.Ct. 77, 81 L.Ed. 38] | 16 |
| McLeod v. Nagle, 48 F.2d 189 | 16 |
| In re Jones' Estate, 360 P.2d 70, 11 Cal. Rptr. 574, Cal 2.d 531 | 16 |
| Contra Costa Water Co. v Breed [1903], 73 P. 189, 139 Cal. 432 | 17 |
| Blue Diamond Co. v. Gollos, 39 P.2d 284, 3 Cal. App. 2d 432 | 17 |
| Thomson v City of Highland Park, 58 N.E. 328, 187 Ill.265 | 17 |
| Kennedy v New York Life Ins. Co., 172 So. 743, 178 Miss. 258 | 17 |
| P. 284 U. S. 356 | 18 |
| | |

## STATEMENT OF THE CASE

Plaintiff and Respondent Leavitt Investment Co (*Leavitt*) filed a complaint on November 17, 2015 for Unlawful Detainer against Appellants. **(1 CT, 1)** The complaint alleged non payment of rent in accordance with the terms of the lease agreement between Appellants and Respondents signed in September of 2011.

Appellants filed an Answer on January 27, 2016 and presented a general denial of each allegation of the complaint as well as affirmative defenses denying each allegation of the complaint. **(1 CT, 14-21)**

At trial on February 29, 2016, the court rejected Appellants affirmative defenses. The trial court subsequently entered judgment in favor of Respondent. **(1 RT, 14)** Appellants lease was forfeited and the tenancy terminated. Respondent was awarded possession of the property as well as court costs and attorney fees. The court furthermore issued a writ of possession for the subject premises located at 2743 B Street #2, San Diego, CA 92102. The writ of possession was scheduled to be executed on 3/14/16.

On 3/10/16, Appellants filed and notified Respondent of, an ex parte application for a stay of execution of the writ of possession pending appeal. The application was based on Appellants contention that Respondents service of the 3 Day Notice on Appellants was defective. The hearing was held the same day and the application was denied by the trial court. **(1 CT, 27)**

On 3/11/16, Appellants timely filed and served upon Respondent, Notice of Appeal, Notice Designating Record on Appeal, and Election to Proceed on Clerk's Transcript and Transcript from Official Electronic Recording. **(1 CT, 28, 31)**

On 3/11/16, Appellants also timely filed and served upon Respondent, Notice of Intent To Move For New Trial. The motion was based on the discovery of new evidence, as well as insufficiency of the evidence to justify the judgment. **(1 CT, 37)**

On 3/14/16, prior to the arrival of sheriff's deputies, Appellants involuntarily surrendered possession of the premises to Respondent in accordance with the writ of possession issued by the trial court.

On 3/21/16, Appellants timely filed and served upon Respondent, Declaration in Support of Motion for New Trial, and Notice of Lodgment (*Appellants applications to rent the subject premises*). The motion was based on the discovery of new evidence, as well as insufficiency of the evidence to justify the judgment. **(1 CT, 39, 43)**

On or about 4/29/16, the motion was ultimately deemed denied by operation of law due to the failure of Appellants to calendar the motion for a hearing date.

This failure was primarily due to the discovery by Appellants of a clerical error in the trial court's (*original*) minute order dated 2/29/16, indicating that Respondents had submitted into evidence at trial, a proof of service for the 3 Day Notice served on defendants, when in fact, no proof of service was submitted. **(1 RT, 3, 4)** The existence of a proof of service for the 3 Day Notice would have negatively impacted Appellants contention that the service of the 3 Day Notice on Appellants was defective. Appellants could not in good faith calendar the new motion hearing without verifying through the court record as well as the audio recording of the trial that no proof of service for the 3 Day Notice had been filed or submitted into evidence at trial. This research and verification took a significant amount of Appellants time.

Following the discovery by Appellants, and verification of the clerical error in the trial court's minute order of 2/29/16, Appellants, on 8/25/16, timely filed and served upon Respondents a Notice of Motion and Motion to Correct Clerical Error in Minute Order and Amend Minute Order Nunc Pro Tunc, Declaration In Support of Notice of Motion and Motion to Correct Clerical Error in Minute Order and Amend Minute Order Nunc Pro Tunc, and Memorandum In Support of Notice of Motion and Motion to Correct Clerical Error in Minute Order and Amend Minute Order Nunc Pro Tunc. Respondent did not object to the motion, or appear at the hearing on 9/30/16. The trial court granted Appellants motion and issued an amended minute order in which the erroneous inclusion of a proof of service for the 3 Day Notice is removed.

On 10/12/16, Appellants timely filed and served upon Respondent a Notice of Renewed Motion for New Trial, Renewed Motion for New Trial, Declaration of Wesley C. Dorsey Jr., Memorandum In Support of Renewed Motion for New Trial, and Defendants Statement of Undisputed Facts In Support of Renewed Motion for New Trial.

On 10/31/16, Respondent untimely filed and served upon Appellants, Plaintiffs Memorandum in Opposition to Defendants Renewed Motion for New Trial and Declaration of Plaintiff's counsel, David C. Williamson, Esq. Appellants filed and served upon Respondent, Reply to Plaintiffs Memorandum in Opposition to Defendants Renewed Motion for New Trial on 11/2/16.

Appellants then, on 11/10/16, timely filed and served upon Respondents and the trial court, a Motion to Augment the Record on Appeal, Declaration of Wesley C. Dorsey Jr. in Support of Motion to Augment the Record on Appeal, and Memorandum in Support of Motion to Augment the Record on Appeal. The documents requested are as follows:

1. Notice of Motion and Motion To Correct Clerical Error In Minute Order and Amend Minute Order Nunc Pro Tunc filed 8/25/16.
2. Declaration In Support Of Notice Of Motion And Motion To Correct Clerical Error In Minute Order And Amend Minute Order Nunc Pro Tunc filed 8/25/16.
3. Points And Authorities In Support Of Notice Of Motion And Motion To Correct Clerical Error In Minute Order And Amend Minute Order Nunc Pro Tunc filed 8/25/16.
4. Order granting Motion To Correct Clerical Error In Minute Order And Amend Minute Order Nunc Pro Tunc issued 9/28/16.
5. Amended Minute Order of 2/29/16, issued 9/30/16.

The Renewed Motion for New Trial was calendared for a hearing on 11/9/16. On the date of the trial, and before the matter could be heard, the trial court ascertained from Appellant that the case was under appeal. The trial court then declined to hear Appellants motion. The trial court based its decision on the fact that it had no jurisdiction to hear the motion because the case was under appeal.

Appellants then on 11/10/16, timely filed and notified Respondents counsel of an ex parte application Requesting the Trial Court Recognize its Statutory Authority to Hear Defendants Renewed Motion For New Trial, Defendants Memorandum in Support of ex parte application Requesting the Trial Court Recognize its Statutory Authority to Hear Defendants Renewed Motion For New Trial, and Declaration of Wesley C. Dorsey Jr. in Support of ex parte application Requesting the Trial Court Recognize its Statutory Authority to Hear Defendants Renewed Motion For New Trial.

The ex parte was heard on 11/15/16. After review by the trial court's legal department, the trial court was found to have jurisdiction to hear and rule on Appellants Renewed Motion for New Trial and subsequently granted the ex parte application, allowing Appellants Renewed Motion for New Trial to be heard.

The new hearing date for the Renewed Motion for New Trial was calendared for 11/30/16. At the trial hearing of 11/30/16, the trial court denied Appellants motion.

## STATEMENT OF APPEALABILITY

This appeal is from the judgment of the San Diego Country Superior court and is authorized by the Code of Civil Procedure, Section 904.2, subdivisions (a) and (b).

3. Appellants, in their answer and at trial denied having knowledge of the 3 Day Notice To Pay Rent Or Quit. Appellants only found out about the pending complaint for unlawful detainer during a phone call with Ms. Cuevas on the morning of November 16, 2016, following receipt of a check returned to Appellants, un-cashed, by Ms. Cuevas. **(1 RT, 8, 9)**
   a. During the trial:
      i. Ms. Cuevas made no statements indicating that she had attempted personal service of the 3 Day Notice on either Appellant at their place of residence prior to her alleged service by posting and mailing.
      ii. Ms. Cuevas made no statements indicating she attempted personal service of the 3 Day Notice on either Appellant at their places of employment prior to her alleged service by posting and mailing.
      iii. Ms. Cuevas made no statements indicating she attempted substituted service of the 3 Day Notice on Appellants at their place of residence prior to her alleged service by posting and mailing.
      iv. Ms. Cuevas made no statements indicating she attempted substituted service of the 3 Day Notice on either Appellant at their places of employment prior to her alleged service by posting and mailing.
4. The court record contains no proof of service, declaration, affidavit, or other filing indicating that personal or substituted service was attempted on either Appellant at their place of residence or their places of employment.
5. Respondent electronically filed the Complaint with the trial court on 11/17/16. **(1 RT, 1)** In their Answer, and at trial, Appellants alleged the Complaint was invalid because it was filed prematurely. **(1 RT, 16-20; 1 CT, 20)** Appellants allegation is based on the provision of CA CCP 1013(a) which provides 5 extra days for a party to respond to a notice served by mail. Under this statute, Respondent should not have filed the Complaint before 11/24/16.

## ARGUMENT

1. RESPONDENTS SERVICE OF THE THREE DAY NOTICE TO PAY RENT OR QUIT DATED 11/10/15 IS INVALID AS A MATTER OF LAW.

   **A.** The Standard of Review. The trial court erred in ruling that the service of the 3 Day Notice dated 11/10/16 on Appellants by Ms. Cuevas was valid. In this argument, both the substantial evidence standard of review, and the de novo standard of review apply.

   **B.** The Elements of The Action. Under CA CCP 1162(a), a 3 Day Notice may be served on a non commercial tenant by the following methods:

   1. By delivering a copy to the tenant personally.
   2. If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence.
   3. If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner. [***Kwok v. Bergren (1982), 130 Cal. App. 3d 596, 181 Cal. Rptr. 795; Liebovich v. Shahrokhkhany (1997), 56 Cal. App. 4th 511, 513-514, 65 Cal. Rptr. 2d. 457; The Bank of New York Mellon v. Preciado, 224 Cal. App. 4th Supp. 1***]

   **C.** No Evidence of Attempted Personal Service On Appellants. At trial, Ms. Cuevas made no testimony that she attempted personal service on Appellants at their place of residence or their places of employment prior to her alleged service by posting and mailing (**1 RT, 3-4**); nor does the court record contain a proof of service, declaration,

## STATEMENT OF FACTS

1. Respondent's agent, Ms. Monica Cuevas, in her role as property manager for the subject premises located at 2743 B Street #2, San Diego, CA 92102, maintained custody and control of Appellants tenancy records regarding the subject premises. **(1 RT, 2)** Among the records currently under the custody and control of Ms. Cuevas are Appellants applications to rent the subject properties. **(1 CT, 43-45)**
   a. Appellants applications to rent:
      i. Clearly show Appellant's places of employment.
      ii. Having Appellant's places of employment verified by Ms. Cuevas' employee, Janice Reynosa
      iii. Were obtained from the office of Ms. Cuevas on or about 3/14/15, and provided to Appellants by Ms. Cuevas' employee, Christian (*last name unknown*) from Appellants tenancy file secured and maintained by Ms. Cuevas. Ms. Cuevas was present in her office when the applications were provided to Appellants.
2. In Respondents complaint, and during trial, Respondent's agent, Ms. Monica Cuevas, claimed to have served upon Appellants, a 3 Day Notice To Pay Rent Or Quit dated 11/10/15. Ms. Cuevas further testified that she served the 3 Day Notice on November 10, 2015, by posting and mailing the notice in accordance with CA CCP §1162 (a)(3). **(1 RT, 3-4)**

affidavit, or any other documentation indicating personal service had been attempted on Appellants at their place of residence or their places of employment prior to her alleged service by posting and mailing.

**D.** No Evidence of Attempted Substituted Service on Appellants. At trial, Ms. Cuevas made no testimony that she attempted substituted service on Appellants at their place of residence or their places of employment prior to her alleged service by posting and mailing **(1 RT, 3-4)**; nor does the court record contain a proof of service, declaration, affidavit, or any other documentation indicating substituted service had been attempted on Appellants at their place of residence or their places of employment prior to her alleged service by posting and mailing.

**E.** Respondent Agent's Failed To Comply With "Post and Mail" Procedures. CA CCP 1162 (a)(3), allows for service on non commercial tenants by posting and mailing only after two conditions have been met: [1] Personal service has been attempted on the tenant at their residence or place of business; [2] Substituted service has been attempted at the tenants residence or place of business. Appellants have clearly shown that Ms. Cuevas attempted neither before service by posting and mailing. Furthermore, CA CCP 1162 (a)(3) only allows for service by posting and mailing when, "... *such place of residence and business cannot be ascertained...*" It has been clearly shown that Ms. Cuevas had knowledge, possession, and control of Appellants original applications to rent the subject premises wherein the applications clearly showed Appellants places of business. **(1 RT, 2; 1 CT, 43-45).**

**F.** In Bank Of New York Mellon, supra, the Court of Appeal reversed an unlawful detainer judgment because the process server did not properly serve the three day notice under CA CCP 1162 (a)(3). In that regard, the court held as follows:

1. *"As explained above, no showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions is required under the statute. (See Hozz v. Lewis, supra, 215 Cal.App.3d at p. 317, 263 Cal.Rptr. 577.) Nevertheless, "post and mail" service is not*

*authorized as a first-resort method of service. Here, Vorsatz's declaration does not establish that Bank complied with section 1162 as it does show that personal service was ever attempted. The proofs of service do not state that Appellants were not home or that no one of a suitable age was home when the server posted the notice "in a conspicuous place."*

G. Ms. Cuevas failed to comply with all the procedures necessary under CA CCP 1162 to meet the prima facie threshold for valid service of notice on Appellants.

## ARGUMENT

2. THE TRIAL COURT ERRED BY RULING THAT THE 5 DAY EXTENSION PROVISION OF CA CCP 1013 (a) DID NOT APPLY TO THE SERVICE BY MAIL OF A 3 DAY NOTICE TO PAY RENT OR QUIT.

A. The Standard Of Review. During the trial, the court reviewed CA CCP 1162 and CA CCP 1013 (a) and found that the additional 5 calendar days in which a person has a right or duty to act or respond to a document or notice served by mail, does not apply to the service of notice and documents required as a prerequisite to initiating legal proceedings such as filing a complaint for unlawful detainer. In this instance, the trial court erred in its reading, understanding, and ultimate interpretation of the statutory language of CA CCP 1013 (a) in its decision. The trial court's finding presents a question of statutory construction question over which this Court exercises de novo review.

B. The Elements of The Action. The first sentence of CA CCP 1013 (a) reads, "*In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence.*" It is the statutory construction and legislative intent of this sentence that concerns us here.

C. "*The key to interpreting a landlord-tenant statute is to ascertain the effectuate legislative intent as expressed in the statute.*" **(In re Southern Cinemas, Inc., 256 B.R. 520 [Bankr. M.D. Fla. 2000]; In re Lisowski, 395 B.R. 771 [Bankr. M.D. Fla. 2008]).** "*The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law.*" **(California Toll Bridge Authority v. Kuchel, 40 Cal.2d 43, 53 [251 P.2d 4]; County of Alameda v. Kuchel, 32 Cal.2d 193, 199 [195 P.2d 17])** "*The statute's*

*language is the best and most reliable index of the statute's meaning and must be consulted first.*" **(Bleecker Charles Co. v. 350 Bleecker Apartment Corp., 327 F.3d 197 [2d Cir. 2003]; Wasatch Property Management v Degrate, 35 Cal. 4th 1111, 29 Cal. Rptr. 3d 262, 112 P. 3d 647 [2005], as modified, [July 27, 2005];)** In determining Legislative intent, "*The court turns first to the words themselves for the answer.*" **(People v. Knowles (1950) 35 Cal.2d 175, 182 [217 P.2d 1], cert. den. 340 U.S. 879 [95 L.Ed. 639, 71 S.Ct. 117].)** A correct reading and interpretation of the statutory construction as well as the punctuation of the sentence reveals the presence of two separate, independent clauses, with each clause showing a distinctly different Legislative intent in regards to service of notice or documents by mail under CA CCP 1013 (a). "*Courts construe words and phrases in a statute according to the rules of grammar and common usage.*" **(Kane v. Board of Appeals of Prince George's County, 390 Md. 145, 887 A.2d 1060 [2005]).** "*If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.*" **(Select Base Materials v. Board of Equalization, supra, 51 Cal.2d at p. 645.)** "*The legislature is presumed to know meaning of words and rules of 'grammar,' and the only way that court is advised of legislature's intention is by giving the generally accepted construction, not only to phraseology of act but to manner in which it is punctuated.*" **(Florida State Racing Commission v Bourquardez, 42 So.2d 87 [1949].)**

**D.** The Legislative intent of section 1013, subdivision (a) is to "*make allowances for the uncertainties of mail delivery by giving recipients of mailed notices or papers longer time to act or to exercise their rights.*" **(Highland Plastics, Inc. v. Enders (1980), 109 Cal. App. 3d Supp. 1, 167 Cal. Rptr. 353).** The plain language of CA CCP 1013 (a) makes no distinction as to the type of notice or document, or the stage of legal process (pending litigation, initiated litgation, post litigation, etc.) the notice or document must be a part of in order for the provisions of the section to apply when service is accomplished by mail. "*If the words of the statute are clear, the court*

*should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history."* **(Matson Nav. Co. v. United States, 284 U.S. 352, 356 [52 S.Ct. 162, 76 L.Ed. 336]; State Board of Equalization v. Young's Market Co., 299 U.S. 59, 62-64 [57 S.Ct. 77, 81 L.Ed. 38])**

E. The first independent clause of the passage from paragraph *B* reads, "*at the office address as last given by that person on any document filed in the cause and served on the party making service by mail;*". The grammatical usage of the semi-colon punctuation mark after the word "*mail*" indicates that the clause that follows is separate and distinct from that which preceded the semi-colon. "*The Oxford Dictionary, after defining a semicolon, says that it is used for "marking off a series of sentences or clauses of co-ordinate value." Volume VIII, part II, p. 440. According to this allegation of usage, every clause separated by a semicolon in the section under consideration is co-ordinate with each of the others, ...*" ***(McLeod v. Nagle, 48 F.2d 189.)*** "*Again, Crowell's Dictionary of English Grammar (Thomas Crowell, 1928) says, at *191 page 527: "The semicolon is used to separate independent clauses that are not joined by a conjunction as `He cried; I laughed'; to separate co-ordinate clauses of unusual length and those that contain commas, whether or not the clauses are joined by conjunctions; to separate conditional clauses joined by conjunctive adverbs.""* ***(McLeod, supra)*** "*[3] A semicolon is used in a "co-ordinating function between major sentence elements, separating them with more distinctness than comma...." (Webster's New International Dictionary, 2d ed., p. 2274.)*" ***(In re Jones' Estate, 360 P.2d 70, 11 Cal. Rptr. 574, Cal 2.d 531.)*** Using this independent clause by itself, without reference to what follows the semicolon gives us a complete sentence that would, by way of example, be read and inferred in statute as, "*In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with*

*postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail.*" This example clearly shows Legislative intent in defining, under CA CCP 1013 (a), a method of service upon a party in which legal proceedings have been initiated.

**F.** The second independent clause from paragraph *B* reads, "*otherwise at that party's place of residence.*" "*One of the usual meanings of '<u>otherwise</u>' is "contrarily".*" **(Contra Costa Water Co. v Breed [1903], 73 P. 189, 139 Cal. 432.)**" "*<u>Otherwise</u>" may be used with propriety in the sense "under any other conditions" and such a use appears reasonable here.*" **(Blue Diamond Co. v. Gollos, 39 P.2d 284, 3 Cal. App. 2d 432.)** "*Otherwise is also defined by the Standard Dictionary as meaning "in a different manner; in another way; differently in other respects"; by Webster, "in a different manner; in other respects"; and by the Century Dictionary, "in a different manner or way; differently in other respects.*" **(Thomson v City of Highland Park, 58 N.E. 328, 187 Ill.265.)**" "*Otherwise" is a compound word formed by adding the suffix "wise" to the word "other," and the word "wise" when used as an adverbial suffix denotes way, manner, respect. Thus, the word "otherwise" means in a different manner; in another way; or in other ways; contrarily.*" **(Kennedy v New York Life Ins. Co., 172 So. 743, 178 Miss. 258.)** From these definitions and citations, we find that in the second clause, the word otherwise carries a logical meaning in statute of: "***<u>if not</u>*** *at the office address as last given by that person on any document filed in the cause and served on the party making service by mail;*" in reference to the first independent clause. By way of example, using the second clause by itself, without reference to the first independent clause, which is grammatically negated by the semicolon at the end of the clause and the word otherwise beginning the second independent clause, gives us a complete sentence that would be read and inferred in statute as, "*In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility*

*regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at that party's place of residence.*" The second independent clause clearly demonstrates Legislative intent in defining service of notice and documents on a person in a situation where legal proceedings have not been initiated, yet that person still receiving the benefit of the additional 5 days to respond or act afforded under CA CCP 1013 (a).

**G.** The legislature further clarified its intent of extending the time to respond to service of a 3 Day Notice when mailed, by amending CA CCP 1013 (a) in 1995 with additional plain language stating that the provisions of CA CCP 1013 (a) apply, "*in the absence of a specific exception provided for by this section or other statute or rule of court.*" There is currently no specific exception under CA CCP sections 1159 - 1179a, otherwise know as the Unlawful Detainer Act, to the extension provisions of CA CCP 1013(a). "*Where the words of a statute are plain, they may not be added to or altered, in construction, to effect a purpose not apparent on its face or from its legislative history.*" P. 284 U. S. 356.

**H.** We now look to Respondents service of the 3 Day Notice and the filing of Respondents complaint. Ms. Cuevas testified at trial that she served the 3 Day Notice on November 10, 2015, with the complaint being filed on November 17, 2015. Appellants believe that the timing of the filing date of the complaint was based on the Veterans Day holiday of November 11, 2015, which was the day after service of the 3 Day Notice, as well as an intervening weekend. Adding the additional 5 days to respond as provided under CA CCP 1013 (a), as well as an intervening weekend, gives Defendants until November 23, 2015 to respond to the 3 Day Notice. Under the proper interpretation of CA CCP 1013 (a), we find that Respondents filed their complaint prematurely on November 17, 2015.

## CONCLUSION

Based on all the foregoing reasons, the judgment should be reversed in its entirety and:

- Appellants awarded costs
- Appellants awarded damages for loss of quiet enjoyment
- Reinstate Appellants forfeited lease at the subject premises
- Return possession of subject premises to Appellants
- Dismissal of the action in it's entirety

Dated: 12/6/16

Respectfully submitted,

By

Wesley C. Dorsey Jr.
Defendant-Appellant
In Pro Per

**CERTIFICATE OF COMPLIANCE**

I, Wesley C. Dorsey Jr. hereby certify that pursuant to Rule 8.204(c)(1) of the California Rules of Court, the enclosed brief including footnotes, contains approximately 5,080 words, which is less than the total words permitted by the rules of court. I relied on the word count of the computer program used to prepare this brief.

Dated: 12/6/16

Signed: ______________________

Print Name: Wesley C. Dorsey Jr.

In Pro Per

Case No. AD 37-2015-00200125-CL-UD-CTL
LJ 37-2015-00038520-CL-UC-CTL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

APPELLATE DIVISION

LEAVITT INVESTMENT CO.,

Respondent/Plaintiff,

vs.

WESLEY C. DORSEY, JR.,

Appellant/Defendant.

# RESPONDENT'S OPENING BRIEF

APPEAL FROM: SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY
CENTRAL DIVISION

PATRICIA H. TIREY, ESQ.
State Bar No. 110010
KIMBALL, TIREY & ST. JOHN LLP
7676 Hazard Center Drive, Suite 900-A
San Diego, CA 92108
(619) 234-1690

Ex 13

## TABLE OF CONTENTS


TABLE OF CASES AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,4

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

QUESTIONS PRESENTED:

1. Did the Trial Court err in ruling that service of the Three Day Notice to Pay Rent or Quit was valid?

2. Did the Trial Court err in ruling that the 5 day extension provision of CA CCP 1013(a) did not apply to the service by mail of a 3 day notice to pay rent or quit?

ARGUMENT:

I STANDARD OF REVIEW
A. Abuse of Discretion . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

II THE TRIAL COURT DID NOT ERR IN RULING THAT SERVICE OF THE THREE DAY NOTICE TO PAY RENT OR QUIT WAS VALID . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

III TRIAL COURT DID NOT ERR IN RULING THAT THE 5 DAY EXTENSION PROVISION OF CA CCP 1013(a) DID NOT APPLY TO THE SERVICE BY MAIL OF A 3 DAY NOTICE TO PAY RENT OR QUIT . . . . . . . . . . . . . . . . 10,11

IV CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF CASES AND AUTHORITIES**

**Cases**

*Blank v. Kirwan* (1985) 39 C3d 311, 311, 216 CR 718, 731. . . . . . . . . . . . 7

*Denham v. Super.Ct. (Marsh & Kidder)* (1970) 2 C3d 557
566, 86 CR 65, 71. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*In re Cortez* (1971) 6 C3d 78, 85, 98 CR 307, 311. . . . . . . . . . . . . . . . . . . .7

*Lent v. Tilson* (1887) 72 C 404, 422, 14 P 71, 77-78 . . . . . . . . . . . . . . . . . . 7

*Losornio v. Motta* (1998) 67 CA4th 110, 112. . . . . . . . . . . . . . . . . . . . . . . 10

**Codes**

California Code of Civil Procedure section 1162(a) . . . . . . . . . . . . . . . . . .8
California Code of Civil Procedure section 1162(a)(3) . . . . . . . . . . . . . . 9
California Code of Civil Procedure section 1103(a) . . . . . . . . . . . . . . . . . 10

STATEMENT OF THE CASE

This action is a proceeding in unlawful detainer as it regards those real property premises known as 2743 B Street, #2, San Diego, California 92102 [C.T. Complaint]. Respondent, LEAVITT INVESTMENT CO., is the owner of said premises and rented the same to the Appellant, WESLEY C. DORSEY, JR. and MARGARETE DORSEY pursuant to the terms of a written rental agreement entered into by and between the parties on or about September 17, 2011. [C.T. Complaint]

On October 1, 2015, Appellant failed to pay his monthly rent. [C.T. Complaint]. On November 10, 2015, Respondent served Appellant with a Three Day Notice to Pay Rent or Quit [C.T. Complaint]. The action was commenced by Respondent LEAVITT INVESTMENT CO. as against Appellant WESLEY C. DORSEY, JR. and MARGARETE DORSEY, with the filing of Respondent's Complaint on November 17, 2015 [C.T. Complaint]. The basis of Respondent's Complaint was Appellant's/Defendants' failure to pay and/or vacate the subject premises after expiration of the Three Day Notice. [C.T. Complaint].

Appellant/Defendants scheduled a Demurrer to the Complaint which was heard and Overruled on January 6, 2016, at 1:30 p.m., the Honorable Gary Kreep, Judge presiding. The Appellant/Defendants were ordered to

file an Answer within five days of the date of the Order or default would enter as against them. [C.T. Order After Hearing]

Appellant/Defendants failed to file an Answer. Therefore, on January 14, 2016, Respondent submitted its Request for Entry of Default the Court which was rejected with the reason that a Demurrer had been scheduled by Appellant/Defendants for February 10, 2016.

Respondent appeared Ex Parte on January 26, 2016, seeking an Order to vacate the second Demurrer scheduled by Appellant/Defendants, the Honorable Burt Pines, Judge presiding. The Court vacated Appellant's/Defendants' Demurrer and Appellant/Defendants were given until noon on January 29, 2016, in which to file Answer or default would enter as against them. [Order on Ex Parte]

On or about January 27, 2016, Appellant WESLEY C. DORSEY, JR. and MARGARET S. DORSEY filed Answers in the Unlawful Detainer action. [C.T. Answers]

On February 29, 2016, at 1:30 p.m., the Unlawful Detainer came on for trial in Department 7, the Honorable Gary Kreep, Judge presiding. After hearing the testimony of the parties and considering the evidence, Judgment was entered in favor of Plaintiff LEAVITT INVESTMENT CO. as against Appellant/Defendants for possession of the subject premises located at 2743

B Street, #2, San Diego, California 92012 and money in the amount of $7,240.00. [C.T. Judgment – by Court – After Trial] and Notice of Entry of Judgment was filed on March 2, 2016. [C.T. Notice of Entry of Judgment]

The Sheriff of the County of San Diego effectuated the lock-out on the subject premises on March 14, 2016.

Appellant WESLEY C. DORSEY, JR. filed a Notice of Appeal on March 11, 2016, [C.T. Notice of Appeal] along with a Notice of Intent to Move for New Trial. [C.T. Notice of Intent to Move for New Trial]

On October 6, 2016, Appellant WESLEY C. DORSEY, JR. appeared Ex Parte seeking a stay of eviction pending the appeal. The Court denied all of Appellant's requests. Respondent learned there was a motion on calendar filed by Appellant.

On November 15, 2016, Appellant appeared Ex Parte seeking an Order for the Court to recognize his statutory authority to hear Appellant's Motion for New Trial and the Court set a Motion for New Trial on November 30, 2016, at 1:30 p.m. which was heard and denied.

On December 5, 2016, Appellant appeared Ex Parte seeking the Court to grant his Renewed Motion for New Trial. Said request was denied without prejudice.

## STATEMENT OF THE FACTS

The facts germane to this appeal are not in issue:

1. The Defendants/Appellant were served with the Summons and Complaint in this action via post and mail service on December 1, 2015, at 4:40 p.m.
2. Defendants/Appellant filed Answers on January 27, 2016.
3. The Unlawful Detainer came on for trial on February 29, 2016, at 1:30 p.m.
4. Judgment was entered in favor of Plaintiff/Respondent as against Defendants/Appellant for possession of the subject premises located at 2743 B Street, #2, San Diego, California and for money in the amount of $7,240.00 after trial in this action.
5. That on March 11, 2016, Appellant filed an Appeal of the Judgment – by Court – After Trial [C.T. Notice of Appeal]
6. The Sheriff of the County of San Diego effectuated the lock-out on the subject premises on March 14, 2016.

7. On October 6, 2016, Defendant/Appellant appeared, Ex Parte, seeking a stay of judgment pending the Appeal. The Court denied requests of Defendant/Appellant.

8. On November 9, 2016, Defendant/Appellant brought a Motion for New Trial. The Court informed the parties that it had no jurisdiction to hear a Motion for New Trial as case was on Appeal.

9. On November 15, 2016, Defendant/Appellant appeared , Ex Parte, requesting the Court to hear his Motion for New Trial. The Court said it would hear Motion for New Trial and set a hearing date for November 30, 2016.

10. November 30, 2016, Defendant's/Appellant's Renewed Motion for New Trial was heard and denied.

11. Defendant/Appellant appeared , Ex Parte, requesting the Court to grant his Renewed Motion for New Trial. Defendant's/Appellant's Motion was denied, without prejudice.

## QUESTIONS PRESENTED

1. Did the Trial Court err in ruling that service of the Three Day Notice to Pay Rent or Quit was valid?

2.. Did the Trial Court err in ruling that the 5 day extension provision of CA CCP 1013(a) did not apply to the service by mail of a 3 day notice to pay rent or quit?

## ARGUMENT

## I

## STANDARD OF REVIEW

**A. Abuse of Discretion:**

When a trial court is called upon to make a discretionary ruling, such as a ruling on the credibility of a witness, the standard of review is "abuse of discretion." Under the "abuse of discretion" standard of review, an Appellate Court will not disturb a discretionary trial court ruling unless there is a "clear case of abuse" and "miscarriage of justice." See *Blank v. Kirwan* (1985) 39 C3d 311, 311, 216 CR 718, 731; *Denham v. Super.Ct. (Marsh & Kidder)* (1970) 2 C3d 557, 566, 86 CR 65, 71.

"Judicial discretion" is "the sound judgment of the court, to be exercised according to rules of law. See *Lent v. Tilson* (1887) 72 C 404, 422, 14 P 71, 77-78. "Judicial discretion" is the "absence of arbitrary determination, capricious disposition or whimsical thinking" See *In re Cortez* (1971) 6 C3d 78, 85, 98 CR 307, 311. Discretion is abused when the trier of fact "exceeds the bounds of reason, all circumstances before it being

considered." See *Denham v. Super.Ct. (Marsh & Kidder)* (1970) 2 C3d 557, 566.

Respondent maintains that there is no "clear case of abuse" and/or "miscarriage of justice." Therefore, the proper standard of review is *Abuse of Discretion.*

**II**

**THE TRIAL COURT DID NOT ERR IN RULING THAT SERVICE OF THE THREE DAY NOTICE TO PAY RENT OR QUIT WAS VALID**

Pursuant to Code of Civil Procedure section 1162(a):

> "(a) Expect as provided in subdivision (b), the notice required by Sections 1161 and 1161(a) may be served by any of the following methods:
>
> 1. By delivering a copy to the tenant personally; or,
>
> 2. If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence; or,
>
> 3. If such place of residence and business can not be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same

manner."

At the time of trial in this matter, the Court found that Defendants/Appellant were properly served with the Three Day Notice to Pay Rent or Quit on November 10, 2015, per CCP section 1162(a)(3), by "affixing a copy in a conspicuous place on the property… and also sending a copy through the mail addressed to the tenant **at the place where the property is situation.**" [Emphasis added]

The start time for the Notice began on November 11, 2015, and expired at the end of the day on November 13, 2015, a Friday and non-holiday.

The Appellant presented no evidence and/or law which would support the granting of Injunctive Relief to set aside the judgment and/or grant a motion for new or renewed trial, nor has he provided any evidence and/or law which would support his position on Appeal. Therefore, this Court must find that the Trial Court did not abuse its discretion and uphold the denial of Injunctive Relief in this matter.

///

///

///

///

///

III

**THE TRIAL COURT DID NOT ERR IN RULING THAT THE 5 DAY EXTENSION PROVISION OF CA CCP 1013(a) DID NOT APPLY TO THE SERVICE BY MAIL OF A 3 DAY NOTICE TO PAY RENT OR QUIT**

Service of the Three Day Notice to Pay Rent or Quit was effectuated upon the posting of said notice on the subject premises on November 10, 2016, which meant the time to calculate the notice period began on the following day, November 11, 2015, with the time expiring at the end of the day on November 13, 2015. November 13, 2015, was a Friday (a week day) and not a holiday.

The Summons and Complaint in this action was not filed until November 17, 2015, some 7 days after the service of the Three Day Notice to Pay Rent or Quit.

This Court did not err in ruling that the 5 day extension provision of California Code of Civil Procedure section 1013(a) does not apply to the post and mail service of the Three Day Notice to Pay Rent or Quit in this action. *Losornio v. Motta* (1998) 67 CA4th 110, 112.

It must be noted, in this action, Defendants/Appellant filed a Demurrer to the Complaint and then filed an Answer. Further, at the time of trial in this action on February 29, 2016, Defendants appeared and this action was fully litigated. Judgment was entered in favor of Plaintiff

LEAVITT INVESTMENT CO. as against Defendants/Appellant WESLEY DORSEY aka WESLEY C. DORSEY, JR. and MARGARETE S. DORSEY for possession of the subject premises located at 2743 B Street #2, San Diego, California 92102 and money in the amount of $7,240.00. The Sheriff of the County of San Diego effectuated the lock-out of the subject premises on March 14, 2016.

Defendant/Appellant then scheduled a Motion for New Trial hearing for November 9, 2016. Defendant/Appellant's Motion was denied as the Court stated it did not have jurisdiction as the case was pending Appeal. Defendant/Appellant then appeared, Ex Parte, on November 15, 2016, requesting the Court to hear his Motion. The Court set a Renewed Motion hearing for November 30, 2016, which was heard and denied. Defendant/Appellant again appeared before the court, Ex Parte, on December 5, 2016, seeking an order from the court to grant his Renewed Motion for New Trial. Said request was denied.

There is no evidence in the record on appeal that the Court erred in this action with regard to service of the Three Day Notice to Pay Rent or Quit.

///

///

## IV

## CONCLUSION

Based on the above, Appellant has failed to show that the court erred and/or abused its discretion in denying Defendants'/Appellant's request for Injunctive Relief and/or request for a new trial and/or renewed new trial in this matter. Therefore, the decision of the lower court must stand.

Dated: 12/19/16

Respectfully submitted,

PATRICIA H. TIREY, ESQ.
KIMBALL, TIREY & ST. JOHN LLP
Attorneys for Respondent
LEAVITT INVESTMENT CO.

**CERTIFICATE OF WORD COUNT**
(Cal. Rules of Court, rule 14(c)(1)

The text of this brief consists of 2,143 words as counted by Word word-processing program used to generate the brief.

DATED: 12/19/16

PATRICIA H. TIREY, ESQ.
KIMBALL, TIREY & ST. JOHN LLP
Attorneys for Plaintiff/Respondent
LEAVITT INVESTMENT CO.

12/10/16 ?

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| PATRICIA H. TIREY, ESQ 110010<br>KIMBALL, TIREY & ST. JOHN LLP<br>7676 Hazard Center Drive, Suite 900<br>San Diego, CA 92108<br>TELEPHONE NO.: 619-234-1690 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 WEST BROADWAY<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN DIEGO CA 92101<br>BRANCH NAME: APPELLATE DIVISION | |
| PETITIONER/PLAINTIFF: GERALD G. GOSSMAN<br>RESPONDENT/DEFENDANT: MASON COCROFT | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>37-2015-00038520-CL-UD-CTL<br>37-2016-00020125-CL-UD-CTL |

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   7676 Hazard Center Drive, Suite 900
   San Diego, CA 92108

3. On *(date)*: 12/21/2016 I mailed from *(city and state)*: San Diego, CA
   the following **documents** *(specify)*:
   RESPONDENT'S OPENING BRIEF

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: WESLEY C. DORSEY JR.
   b. **Address** of person served:
      660 9TH AVENUE
      SAN DIEGO, CA 92101

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/21/2016

M. Podeswik ▶ ______________________

(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM) (SIGNATURE OF PERSON COMPLETING THIS FORM)

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| PATRICIA H. TIREY, ESQ 110010<br>KIMBALL, TIREY & ST. JOHN LLP<br>7676 Hazard Center Drive, Suite 900<br>San Diego, CA 92108<br>TELEPHONE NO.: 619-234-1690 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 WEST BROADWAY<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN DIEGO CA 92101<br>BRANCH NAME: APPELLATE DIVISION | |
| PETITIONER/PLAINTIFF: GERALD G. GOSSMAN<br>RESPONDENT/DEFENDANT: MASON COCROFT | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>37-2015-00038520-CL-UD-CTL<br>37-2016-00200125-CL-UD-CTL |

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   7676 Hazard Center Drive, Suite 900
   San Diego, CA 92108

3. On *(date)*: 12/21/2016 I mailed from *(city and state)*: San Diego, CA
   the following **documents** *(specify)*:
   RESPONDENT'S OPENING BRIEF

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: THE HONORABLE GARY KREEP, JUDGE
   b. **Address** of person served:
      SAN DIEGO SUPERIOR COURT
      220 WEST BROADWAY
      SAN DIEGO, CA 92101

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/21/2016

M. Podeswik
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ ______________________
(SIGNATURE OF PERSON COMPLETING THIS FORM)

FILED
San Diego Superior Court
JAN 31 2017
By: T. Lancaster, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

APPELLATE DIVISION

LEAVITT INVESTMENT CO.,

Plaintiff(s) and Respondent(s),

v.

WESLEY C. DORSEY JR.,

Defendant(s) and Appellant(s).

Appellate Division No.: 37-2016-00200125-CL-UD-CTL
Trial Court Case No.: 37-2015-00038520-CL-UD-CTL
Trial Court Location: Central Division

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

APPEAL from the February 29, 2016 unlawful detainer judgment entered by the Superior Court, San Diego County, Gary G. Kreep, Judge. Following argument on January 26, 2017, this matter was taken under submission.

AFFIRMED.

Preliminarily, appellant's unopposed motion to augment the record on appeal filed on January 3, 2017 is granted. Prior to the finality of this Decision, the Appellate Division Clerk is directed to arrange for the augment of the record with the following:

- Notice of Renewed Motion and Renewed Motion for New Trial, Supporting Declaration of Wesley C. Dorsey, Jr. and Supporting Memorandum file-stamped October 12, 2016
- Memorandum in Support of Renewed Motion for New Trial file-stamped October 12, 2016



Ex 14

- Defendant's Statement of Undisputed Facts in Support of Motion for New Trial file-stamped October 12, 2016
- Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial file-stamped October 31, 2016
- Declaration of David C. Williamson, Esq. file-stamped October 31, 2016
- Defendant Wesley C. Dorsey's Reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial; Memorandum of Points and Authorities file-stamped November 2, 2016
- November 9, 2016 Minute Order taking Defendant's request for a motion for new trial off calendar for lack of jurisdiction
- Defendant's Ex Parte Application file-stamped November 10, 2016
- Defendant's Memorandum in Support of Defendant's Ex Parte Application Requesting the Trial Court Recognize its Statutory Authority to Hear the Renewed Motion for New Trial file-stamped November 10, 2016
- Declaration of Wesley C. Dorsey, Jr. in Support of Defendant's Ex Parte Application file-stamped November 10, 2016
- November 15, 2016 Minute Order granting Defendant's Ex Parte Application
- Plaintiff's Supplemental Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial file-stamped November 21, 2016
- Declaration of Wendy St. John, Esq. file-stamped November 21, 2016
- Defendant's Reply to Plaintiff's Supplemental Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial file-stamped November 22, 2016
- November 30, 2016 Minute Order denying Defendant's Renewed Motion for New Trial.
- Defendant's Ex Parte Application file-stamped December 5, 2016
- Defendant's Memorandum in Support of Defendant's Ex Parte Application Requesting the Trial Court Grant Defendant's Renewed Motion for New Trial file-stamped December 5, 2016

- Declaration of Wesley C. Dorsey, Jr. in Support of Defendant's Ex Parte Application file-stamped December 5, 2016
- December 5, 2016 Minute Order denying Defendant's Ex Parte Application.

(Cal. Rules of Court, rule 8.841.)

Appellant attempts to expand the scope of this appeal to include review of the trial court's denial of his motion for new trial. Although an appeal lies from an order granting a motion for new trial (Code Civ. Proc., §904.2), an order denying a motion for new trial is not an appealable order. (*Guld v. Weissman* (2004) 114 Cal.App.4th 1195, fn 3.) The scope of the appeal is limited to the trial court's February 29, 2016 judgment.

The complaint was timely filed after the expiration of the three-day notice period. A defendant served with a termination notice via "post and mail" pursuant to Code of Civil Procedure section 1162, subdivision (b)(3) is not entitled to an additional five days for the mailing. Here, it is undisputed that the three-day notice was posted and mailed on November 10, 2015, and the complaint was filed on November 17, 2015. The trial court correctly found that the notice was effective on the date of posting and mailing, and that the time to respond was not extended by Code of Civil Procedure section 1013, subdivision (a). (See *Walters v. Meyers* (1990) 226 Cal.App.3d Supp. 15, 18-19.)

Although a proof of service did not accompany the three-day notice admitted into evidence at trial, plaintiff presented uncontroverted live testimony of service of the notice, and the notice was admitted into evidence without any objection. Appellant correctly argues on appeal that proper service of a termination notice is an essential element of plaintiff's unlawful detainer action. (*Bank of New York Mellon v. Preciado* (2013) 224 Cal.App.4th Supp. 1, 8.) However, there is substantial evidence to support the trial court's implied finding that the notice was properly served. Unlike the tenant in *Bank of New York Mellon v. Preciado*, who testified that he did not receive any notice to quit (*id.* at p. 7), appellant testified at trial that he received multiple three-day notices, including the notice that was posted and mailed on November 10, 2015.

Appellant waived the related argument that the process server did not properly serve the notice because there was no showing of reasonable diligence in attempting personal service before

utilizing the substituted service provisions. By failing to object to the admission of the notice and not raising this argument at trial, appellant implicitly acquiesced to the trial court's finding that the opposing party had established this essential element of its unlawful detainer action. (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 ["It is settled that where a party by his conduct induces the commission of an error, under the doctrine of invited error he is estopped from asserting the alleged error as grounds for reversal. [Citations.] Similarly, an appellant waives his right to attack error by expressly or implicitly agreeing or acquiescing at trial to the ruling or procedure objected to on appeal. [Citations.]"].)

Appellant failed to demonstrate error on the part of the trial court, and the judgment must therefore be affirmed.

Respondent is awarded costs on appeal.

Unanimously affirmed.

KERRY WELLS
Presiding Judge, Appellate Division

CHARLES R. GILL
Judge, Appellate Division

GALE E. KANESHIRO
Judge, Appellate Division

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | FOR COURT USE ONLY<br>F I L E D<br>San Diego Superior Court<br>JAN 31 2017<br>By: T. Lancaster, Deputy |
| --- | --- |
| APPELLANT<br>WESLEY C. DORSEY JR. | |
| RESPONDENT<br>LEAVITT INVESTMENT CO. | |
| | SUPERIOR COURT CASE NUMBER<br>37-2016-00038520-CL-UD-CTL |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | APPELLATE DIVISION CASE NUMBER<br>37-2016-00200125-CL-UD-CTL |

I certify that I am not a party to the above-entitled cause, and that I placed a copy of the following document(s):
DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT, filed 01/31/17

in a sealed envelope addressed to the parties shown with postage prepaid, and deposited it in the United States mail at
☐Chula Vista ☐El Cajon ☐Ramona ☒San Diego ☐Vista, California.

Clerk of the Superior Court

Date: 01/31/17 by T. Lancaster [signature], Deputy
T. Lancaster

WESLEY C. DORSEY JR
660 9TH AVE
SAN DIEGO, CA 92101

Kimball, Tirey & St. John LLP
7676 Hazard Center Drive #900-C
San Diego, CA 92108

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

FILED
Clerk of the Superior Court
FEB 09 2017
By: M. Danielson, Deputy

LEAVITT INVESTMENT CO
Plaintiff and Respondent,

vs.

WESLEY C. DORSEY JR,
MARGARETE S DORSEY,
Defendants and Appellants

Court of Appeal No.
37-2016-00200125-CL-UD-CTL

Superior Court No.:
37-2015-00038520-CL-UD-CTL

Appeal From a Judgment
Of The Superior Court, County of San Diego,
The Honorable Gary Kreep, Judge

**PETITION FOR REHEARING**

Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
619-208-0241

Appellant
Self-Represented



EX 15

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff and Respondent,<br>vs.<br>WESLEY C. DORSEY JR.<br>MARGARETE S DORSEY.<br>Defendants and Appellants | Court of Appeal No.<br>37-2016-00200125-CL-UD-CTL<br><br>Superior Court No.:<br>37-2015-00038520-CL-UD-CTL |

Appellant, Wesley C. Dorsey Jr., seeks rehearing of the court's opinion in the above case filed on 1/31/17. The rehearing is necessary because of the following:

**ARUGMENTS**

1. Appellant, at trial did not testify to receipt of the 3 Day Notice dated 11/10/15.
   a. The Court in its Decision Statement, page 3, starting at line 25, has misinterpreted Appellant's testimony from the trial court transcript (**1 R.T. 8, lines 24 -26**) that reads, "*I received three-day notices. I continued to make payments. I continued to receive three day notices up until November 10th.*", as an indication, or admission

that Appellant had actually received the 3 Day Notice dated 11/10/15. This is not the case.

b. While Appellant readily admits to having received previous 3 Day Notices from Respondent, Appellants have consistently denied, and continue to deny, receipt or knowledge of the 3 Day Notice dated 11/10/15. The 11/10/15 date referenced in subparagraph (a) is the date of the mailing of the certified letter containing Appellants un-cashed check #1557 in the amount of $400, mailed to Appellant by Respondent, containing nothing other than the returned check itself.

c. The trial court transcript (**1, RT 8 - 10**) clearly shows the trial court and Respondent's counsel clarifying the nature of the last check cashed by Respondent as well as the check (#1557) returned to Appellant referenced in subparagraph (b).

d. Appellant's contention from subparagraph (a) is further supported by Attachment 3k of Appellant's Answer (**1 CT, 20, paragraph 1**) which reads. "*In reference to paragraphs 3c, on November 6, 2015, in accordance with the terms of an agreement between Ms. Cuevas and Defendants, Defendants paid Ms. Cuevas $400.00 in the form of Check #1157. Check #1557 was returned un-cashed, by Ms. Cuevas to Defendants via certified mail on November 10, 2015. The certified mailing contained no information whatsoever to indicate a reason for the return of the check.*"

e. Any other references to the 3 Day Notice dated 11/10/17 contained in the record merely serve as reference to the document as it appeared in Respondents Complaint as Exhibit #2.

2. Appellant did not waive the related argument that the process server did not properly serve the notice because there was no showing of reasonable diligence in attempting personal

service before utilizing the substituted service provisions (*of CA CCP 1162*). **[Decision/Statement of Reasons, page 3, line 27]**

a. Appellant agrees with The Courts contention that proper service of a 3 Day Notice is not contingent on a showing of reasonable diligence in attempting personal service before utilizing the substitute (*post and mail?*) service provisions of CA CCP 1162. Proper service of a 3 Day Notice is, however, under the provisions of CA CCP 1162, contingent upon showing an *attempt* at personal or substituted service:

   i. At a party's place of residence

   ii. At a party's place of employment, if known

   iii. Before resorting to posting and mailing

b. The Courts own reference to *The Bank of New York Mellon v. Preciado (2013) 224 Cal.App4th Supp. 1, 8* provides a clear showing of this requirement and reads, "*As explained above, no showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions is required under the statute. (See Hozz v. Lewis, supra, 215 Cal.App.3d at p. 317, 263 Cal.Rptr. 577.) Nevertheless, "post and mail" service is not authorized as a first-resort method of service. Here, Vorsatz's declaration does not establish that Bank complied with section 1162 as it does show that personal service was ever attempted. The proofs of service do not state that Appellants were not home or that no one of a suitable age was home when the server posted the notice "in a conspicuous place." In its opposition brief, Bank argues that Appellants may not challenge service of the notices as they did not include this as an affirmative defense in their answers. Bank is mistaken. An affirmative defense is an allegation of new matter in the answer that is not responsive to an essential allegation in the complaint. In other words, an affirmative defense is an allegation relied on by the defendant that is not put in issue by the*

*plaintiff's complaint. (Bevill v. Zoura (1994) 27 Cal.App.4th 694, 698, 32 Cal.Rptr.2d 635; State Farm Mut. Auto. Ins. Co. v. Superior Court (1991) 228 Cal.App.3d 721, 725, 279 Cal.Rptr. 116.) Where the answer alleges facts showing that some essential allegation of the complaint is not true, those facts are not "new matter," but only a traverse. (Ibid.) Because proper service of the termination notices was an essential element of Bank's unlawful detainer actions, Appellants' general denial of each statement of the complaint sufficiently put the service of the notices at issue and Appellants were not required to plead ineffective notice as an affirmative defense. (See Bevill v. Zoura, supra, 27 Cal.App.4th at p. 698, 32 Cal.Rptr.2d 635.) Accordingly, the judgment for possession must be reversed because Bank failed to establish proper service of the notices. (See Liebovich v. Shahrokhkhany, supra, 56 Cal.App.4th at p. 514, 65 Cal.Rptr.2d 457.)"*

c. At trial, Ms. Cuevas testified only that she served the 3 Day Notice by posting and mailing. She made no testimony, nor does the court record show that she made any attempt at personal or substituted on Appellants at their place of residence, or their places employment despite having in her possession and control, copies of Appellant's original applications to rent the subject premises; wherein said applications clearly listed Appellants places of employment; said places of employment verified by Ms. Cuevas' own staff prior to finalizing the lease agreement. [**Defendants Memorandum In Support Of Defendants Ex Parte Application Requesting The Court Grant Defendants Renewed Motion For New Trial; *Part of Motion To Augment Filed 1/3/17, Motion Granted 1/31/17***]

3. Appellant did not implicitly acquiesce to the trial courts finding that the opposing party had established this essential element (*proper service of the 3 Day Notice*) of its unlawful

detainer action by failing to object to the admission of the notice and not raising this argument at trial.

a. Appellants, in their Answer, checked box 2a, *Defendant generally denies each statement of the complaint*. This is allowed, because even though the Complaint demands more than $1,000.00, the Complaint itself is verified, is Limited Civil, and was not turned over to third party collections. **[CA CCP 431.30(d)]**

b. Turning again to *The Bank Of New York Mellon, supra,* it is clearly shown that failing to object to the admission of the notice at trial does not constitute implicit acquiescence to the trial courts finding that the opposing party had established this essential element of its unlawful detainer action, with the relevant section reading, " *In its opposition brief, Bank argues that Appellants may not challenge service of the notices as they did not include this as an affirmative defense in their answers. Bank is mistaken. An affirmative defense is an allegation of new matter in the answer that is not responsive to an essential allegation in the complaint. In other words, an affirmative defense is an allegation relied on by the defendant that is not put in issue by the plaintiffs complaint. (Bevill v. Zoura (1994) 27 Cal.App.4th 694, 698, 32 Cal.Rptr.2d 635; State Farm Mut. Auto. Ins. Co. v. Superior Court (1991) 228 Cal.App.3d 721, 725, 279 Cal.Rptr. 116.) Where the answer alleges facts showing that some essential allegation of the complaint is not true, those facts are not "new matter," but only a traverse. (Ibid.) Because proper service of the termination notices was an essential element of Bank's unlawful detainer actions, Appellants' general denial of each statement of the complaint sufficiently put the service of the notices at issue and Appellants were not required to plead ineffective notice as an affirmative defense. (See Bevill v. Zoura, supra, 27 Cal.App.4th at p. 698, 32 Cal.Rptr.2d 635.) Accordingly, the judgment for possession must be reversed*

*because Bank failed to establish proper service of the notices. (See Liebovich v. Shahrokhkhany, supra, 56 Cal.App.4th at p. 514, 65 Cal.Rptr.2d 457.)"* **[Defendants Memorandum In Support Of Defendants Ex Parte Application Requesting The Court Grant Defendants Renewed Motion For New Trial; *Part of Motion To Augment Filed 1/3/17, Motion Granted 1/31/17*]**

4. *"...issues of the sufficiency of the evidence are never waived."* (People v. Neal (1993) 19 Cal. App. 4th 1114, 1121 [24 Cal. Rptr. 2d 129])

5. The doctrine of invited error does not apply in this instance.

   a. Having clearly shown in paragraph 1 that Appellants never had knowledge or receipt of the 3 Day Notice dated 11/10/15, the doctrine of invited error cannot apply to the service of the 3 Day Notice.

6. The time to respond to a 3 Day Notice is extended by Code of Civil Procedure section 1013, subdivision (a.). **[Decision/Statement of Reasons, page 3, line 14]**

   a. Appellants position is supported by the following:

      i. In 1995, the Legislature amended CA CCP 1013(a), adding the sentence which reads, *"This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court."* Here, the Legislature has clearly shown its intention that the extension provisions of CA CCP 1013(a) do in fact apply to the service of a 3 Day Notice, since neither CA CCP 1161 or CA CCP 1162 provides a specific exception to the extension provisions of CA CCP 1013(a). It is important to note here that the 1995 amendment supersedes not only *Walters v Meyers supra*, but the citations contained in the opinion.

      ii. From the Courts own citation to *Walters v. Meyers (1990) Cal.App.3d.*, in regards to the applicability of CA CCP 1013(a) to service of notice in

pending civil actions, the reviewing court found that, "*Traditionally, section 1013, subdivision (a), has been applied to extend the time for responding to notices or other papers served by mail in pending civil actions. (Highland Plastics, Inc. v. Enders, supra, 109 Cal. App. 3d Supp. 1, 8, and cases cited therein.) In other situations, section 1013, subdivision (a), has been found to apply only if the language of the statute requiring the notice so provides.*"

iii. CA CCP 1177, under Summary Proceedings For Obtaining Possession Of Real Estate In Certain Cases [1159 - 1179a], provides, "*The provisions of Part 2 of this code, relative to new trials and appeals, except insofar as they are inconsistent with the provisions of this chapter or with rules adopted by the Judicial Council, apply to the proceedings mentioned in this chapter.*" Here we find that the statutory language of CA CCP 1161, provides no inconsistencies with CA CCP 1177 in regards to service of notice.

iv. Furthermore, the notice provisions of CA CCP 1013(a) falls under Part 2, Title 14, Chapter 5 of the CA Code of Civil Procedure, as required in CA CCP 1177.

7. An order denying a motion for new trial is appealable.

a. "*The courts denial of a motion for new trial based on error of law presents a question of law on appeal.*" **West's Ann.Cal.C.C.P. § 657(7). Westamerica Bank v MBG Industries, Inc., 158 Cal.App.4th 109, 70Cal.Rptr.3d 125 (5th Dist. 2007)**

b. "*The court of appeal will not disturb the trial court's determination of a motion for a new trial unless the court has abused its discretion; when the trial court has denied a motion for a new trial, the court of appeal must determine whether the trial court abused its discretion by examining the entire record and making an independent*

*assessment of whether there were probable grounds for granting the motion.*" **Code of Civ. Proc. §657. ABF Capital Corp. v. Berglass, 130 Cal.App4th 825, 30 Cal.Rptr3d 588 (2nd Dist. 2005), review denied, (Oct. 19, 2005)**

**CONCLUSION**

**Petitioner requests that rehearing be granted and that the court reverse the judgment.**

**Dated: February 3, 2017**

**Respectfully Submitted**

**Wesley C. Dorsey Jr.**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

F I L E D
Clerk of the Superior Court

FEB 09 2017

By: M. Danielson, Deputy

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff and Respondent,<br><br>vs.<br><br>WESLEY C. DORSEY JR,<br><br>MARGARETE S DORSEY,<br>Defendants and Appellants | Court of Appeal No.<br>37-2016-00200125-CL-UD-CTL<br><br>Superior Court No.:<br>37-2015-00038520-CL-UD-CTL |

REQUEST FOR JUDICIAL NOTICE TO THE HONORABLE KERRY WELLS, PRESIDING JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE APPELLATE DIVISION OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO

Pursuant to rule 8.809 of the California Rules of Court, and to Evidence Code sections 451, 452, and 459, Appellant Wesley C. Dorsey Jr. requests this court take judicial notice of the following matters, facts, and documents in connection with the above referenced cases and this Courts opinion filed in these matters on 1/30/17.

Judicial notice of the issues presented here is relevant to the appeal, as it will demonstrate that as a matter of law, Respondent's service of the 3 Day Notice dated 11/10/15 is in fact invalid.

Judicial notice of the issues presented here is relevant to the appeal, as it will also demonstrate that as a matter of law, Respondent's Complaint was filed prematurely.

This issue, the extension of time provisions of CA CCP 1013(a), extending the time to respond to a notice served by mail, was presented to the trial court. Judicial notice was not taken.

These issues presented here are subject to judicial notice as they relate directly to statutory laws of the State of California.

Ex 16

The issues presented here are related to the judgment which is the subject of above referenced appeal as well as the opinion issued in the appeal.

1. The Court is requested to take judicial notice of the content of CA CCP 1162.
2. The Court is requested to take judicial notice of the content of CA CCP 1177.
3. The Court is requested to take judicial notice of the fact that CA CCP 1013(a), is included in "*Part II of this code*" as stated in CA CCP 1177; with Part II of this code encompassing CA CCP sections 307 through 1062.20 inclusive.
4. The Court is requested to take judicial notice of the fact that within CA CCP Sections 1159 through 1179a inclusive, titled *Summary Proceedings For Obtaining Possession Of Real Property In Certain Cases*, no exception exists to the provisions of CA CCP 1177 to bar the provisions of CA CCP 1013(a) from being applicable to, and constituting the rules of practice as it relates to service of notice in CA CCP 1162.
5. The Court is requested to take judicial notice of the content of CA CCP 1013(a).
6. The Court is requested to take judicial notice of the fact within CA CCP Sections 1159 through 1179a inclusive, titled *Summary Proceedings For Obtaining Possession Of Real Property In Certain Cases*, no specific exception exists in relation to the final sentence of CA CCP 1013(a), which reads, "*This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.*", to bar the provisions of CA CCP 1013(a) from being applicable to, and constituting the rules of practice as it relates to service of notice in CA CCP 1162.

7. The Court is requested to take judicial notice of the content of Argument 1, "*RESPONDENTS SERVICE OF THE THREE DAY NOTICE TO PAY RENT OR QUITS DATED 11/10/15 IS INVALID AS A MATTER OF LAW*", from Appellant's Opening Brief filed 12/7/16.

8. The Court is requested to take judicial notice of the content of Argument 2, "*THE TRIAL COURT ERRED BY RULING THAT THE 5 DAY EXTENSION PROVISION OF CA CCP 1013(a) DID NOT APPLY TO THE SERVICE BY MAIL OF A 3 DAY NOTICE TO PAY RENT OR QUIT.*", from Appellant's Opening Brief filed 12/7/16.

Dated: February 3, 2017

Wesley C. Dorsey Jr.,
Appellant,
Self Represented

**CODE OF CIVIL PROCEDURE - CCP**

**PART 3. OF SPECIAL PROCEEDINGS OF A CIVIL NATURE [1063 - 1822.60]** *( Part 3 enacted 1872. )*

**TITLE 3. OF SUMMARY PROCEEDINGS [1132 - 1179a]** *( Title 3 enacted 1872. )*

**CHAPTER 4. Summary Proceedings for Obtaining Possession of Real Property in Certain Cases [1159 - 1179a]** *( Chapter 4 enacted 1872. )*

**1162.** (a) Except as provided in subdivision (b), the notices required by Sections 1161 and 1161a may be served by any of the following methods:

(1) By delivering a copy to the tenant personally.

(2) If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence.

(3) If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner.

(b) The notices required by Section 1161 may be served upon a commercial tenant by any of the following methods:

(1) By delivering a copy to the tenant personally.

(2) If he or she is absent from the commercial rental property, by leaving a copy with some person of suitable age and discretion at the property, and sending a copy through the mail addressed to the tenant at the address where the property is situated.

(3) If, at the time of attempted service, a person of suitable age or discretion is not found at the rental property through the exercise of reasonable diligence, then by affixing a copy in a conspicuous place on the property, and also sending a copy through the mail addressed to the tenant at the address where the property is situated. Service upon a subtenant may be made in the same manner.

(c) For purposes of subdivision (b), "commercial tenant" means a person or entity that hires any real property in this state that is not a dwelling unit, as defined in subdivision (c) of Section 1940 of the Civil Code, or a mobilehome, as defined in Section 798.3 of the Civil Code.

*(Amended by Stats. 2010, Ch. 144, Sec. 1. Effective January 1, 2011.)*

# CODE OF CIVIL PROCEDURE - CCP

## PART 3. OF SPECIAL PROCEEDINGS OF A CIVIL NATURE [1063 - 1822.60] *( Part 3 enacted 1872. )*

## TITLE 3. OF SUMMARY PROCEEDINGS [1132 - 1179a] *( Title 3 enacted 1872. )*

## CHAPTER 4. Summary Proceedings for Obtaining Possession of Real Property in Certain Cases [1159 - 1179a] *( Chapter 4 enacted 1872. )*

**1177.** Except as otherwise provided in this Chapter the provisions of Part II of this Code are applicable to, and constitute the rules of practice in the proceedings mentioned in this Chapter.

*(Enacted 1872.)*

# CODE OF CIVIL PROCEDURE - CCP

## PART 2. OF CIVIL ACTIONS [307 - 1062.20] *( Part 2 enacted 1872. )*

### TITLE 14. OF MISCELLANEOUS PROVISIONS [989 - 1062.20] *( Title 14 enacted 1872. )*

### CHAPTER 5. Notices, and Filing and Service of Papers [1010 - 1020] *( Chapter 5 enacted 1872. )*

**1013.** (a) In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence. Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 calendar days if either the place of mailing or the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.

(b) The copy of the notice or other paper served by mail pursuant to this chapter shall bear a notation of the date and place of mailing or be accompanied by an unsigned copy of the affidavit or certificate of mailing.

(c) In case of service by Express Mail, the notice or other paper must be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail, in a sealed envelope, with Express Mail postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by Express Mail; otherwise at that party's place of residence. In case of service by another method of delivery providing for overnight delivery, the notice or other paper must be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery

[illegible]

residence. Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document served by Express Mail or other method of delivery providing for overnight delivery shall be extended by two court days. The extension shall not apply

[illegible]

by this section or other statute or rule of court.

(d) The copy of the notice or other paper served by Express Mail or another means of delivery providing for overnight delivery pursuant to this chapter shall bear a notation of the date and place of deposit or be accompanied by an unsigned copy of the affidavit or certificate of deposit.

(e) Service by facsimile transmission shall be permitted only where the parties agree and a written confirmation of that agreement is made. The Judicial Council may adopt rules implementing the service of documents by facsimile transmission and may provide a form for the confirmation of the agreement required by this subdivision. In case of service by facsimile transmission, the notice or other paper must be transmitted to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. Service is complete at the time of transmission, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended, after service by facsimile transmission, by two court days, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.

(f) The copy of the notice or other paper served by facsimile transmission pursuant to this chapter shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted, or to be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice or other paper was transmitted.

(g) Electronic service shall be permitted pursuant to Section 1010.6 and the rules on electronic service in the California Rules of Court.

(h) Subdivisions (b), (d), and (f) are directory.

*(Amended by Stats. 2010, Ch. 156, Sec. 2. Effective January 1, 2011.)*

California LEGISLATIVE INFORMATION



**Code of Civil Procedure - CCP**

TITLE OF ACT

THE CODE OF CIVIL PROCEDURE OF CALIFORNIA

PRELIMINARY PROVISIONS

PART 1. OF COURTS OF JUSTICE [35 - 286]

PART 2. OF CIVIL ACTIONS [307 - 1062.20]

PART 3. OF SPECIAL PROCEEDINGS OF A CIVIL NATURE [1063 - 1822.60]

PART 4. MISCELLANEOUS PROVISIONS [1855 - 2107]

California
LEGISLATIVE INFORMATION



TITLE 3. OF SUMMARY PROCEEDINGS ... 1132-1179a

CHAPTER 1. Confession of Judgment Without Action ... 1132-1134

CHAPTER 2. Submitting a Controversy Without Action ... 1138-1140

CHAPTER 2.5. Judicial Arbitration ... 1141.10-1141.31

CHAPTER 4. Summary Proceedings for Obtaining Possession of Real Property in Certain Cases ... 1159-1179a

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

APPELLATE DIVISION

FILED
Clerk of the Superior Court
FEB 14 2017
By: A. SANTIAGO, Deputy

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff and Respondent,<br>vs.<br>WESLEY C. DORSEY JR.<br>MARGARETE S DORSEY,<br>Defendants and Appellants | Court of Appeal No.: TBD<br><br>Appellate Division No.<br>37-2016-00200125-CL-UD-CTL<br><br>Superior Court No.:<br>37-2015-00038520-CL-UD-CTL |

**PETITION FOR TRANSFER**

Request for transfer of limited civil case to the Court of Appeal, Fourth Appellate District

Superior Court of California, County of San Diego, Appellate Division

HONORABLE Kerry Wells, Presiding Judge

Superior Court of California, County of San Diego, Central Courthouse

HONORABLE Gary Kreep, Judge

For the Petitioner

Wesley C. Dorsey Jr.
IN PRO PER
660 9th Ave.
San Diego, CA 92101
619-208-0241



Ex 17

## TABLE OF CONTENTS


| | |
|---|---|
| Table of Authorities | 3 |
| Issues to be Certified | 4 |
| Introduction | 5 |
| Discussion | 6 |
| Conclusion | 11 |

**Table of Authorities**

California Cases


- Gold v. Weissman (2004) 114 Cal.App4th 1195, fn 3
- Fogo v. Cutter Laboratories, Inc. (1977) 68 Cal.App.3d 744, 748-749 [137 Cal.Rptr. 417]
- Walters v. Meyers (1990) 226 Cal.App.3d Supp. 15, 18-19
- Bank of New York Mellon v. Preciado (2013) 224 Cal.App.4th Supp. 1, 8


Statutes


- CA CCP 1013(a)
- CA CCP 1162
- CA CCP 1177
- CA CCP 431.30(d)

**Issues Sought to be Certified to the Court of Appeal**

1. Did the Appellate Division Court err in limiting the scope of the appeal to the trial courts 2/29/16 judgment and declining to review the trial courts denial of Appellants new trial motion?
2. Does the extension provision of CA CCP 1013(a), allowing an extra five days to respond to notices and documents served by mail, apply to service of a three day notice under CA CCP 1162 as a matter of law?
3. Did Respondents file their complaint prematurely, as a matter of law?
4. Did Appellant actually receive the Three Day Notice dated 11/10/15?
5. Was Ms. Cuevas's service on Appellants of the Three Day Notice dated 11/10/15 valid, in accordance with the provisions of CA CCP 1162, as a matter of law?
6. Does Appellants general denial of each statement of the complaint, in the Answer filed on 1/27/16, negate the waiver of objection to admission of the Three Day notice and failure to raise an objection to the service of the Three Day Notice at trial on appeal?

**Introduction**

Petitioner, Wesley C. Dorsey Jr.. Defendant and Appellant of *Leavitt Investment Co v. Dorsey* does hereby petition the Court of Appeal to grant transfer of *Leavitt Investment Co v. Dorsey* in the interest of justice and to secure uniformity of decision.

On 1/30/17, the Appellate Division of Superior Court of California, San Diego County, affirmed the Trial Court judgment. On 2/9/17, Appellant filed a timely Petition for Rehearing.

**Discussion**

1. Did the Appellate Division Court err in limiting the scope of the appeal to the trial courts 2/29/16 judgment and declining to review the trial courts denial of Appellants new trial motion?

This issue needs to be decided in order to secure uniformity of decision. In its opinion, the Appellate Division Court cited ***Gold v. Weissman (2004) 114 Cal.App4th 1195, fn 3*** as its basis for declining to review the trial courts order denying Appellants Renewed Motion For New Trial, as an order denying a motion for new trial is not an appealable order. The court in **Gold, supra,** referenced the opinion in ***Fogo v. Cutter Laboratories, Inc. (1977) 68 Cal.App.3d 744, 748-749 [137 Cal.Rptr. 417]***, which reads, "*Since the 1915 amendment to former C.C.P. 963 an order denying a new trial has been nonappealable. 'The purpose of the legislature evidently was to obviate the delays incident to the prosecution of two separate appeals in a single action in so far as proceedings for new trial are concerned, and to provide that such proceedings should be reviewable upon the appeal taken from the judgment.' ( Hughes v. De Mund (1924) 195 C. 242, 247, 233 P. 94; see also Conlar v. Whelan (1935) 8 C.A.2d 101, 104, 46 P.2d 991; Marr v. So. Calif. Gas Co. (1924) 194 C. 332, 336, 228 P. 534; Hamasaki v. Flotho (1952) 39 C.2d 602, 608, 248 P.2d 910; Rodriguez v. Barnett (1959) 52 C.2d 154, 156, 338 P.2d 907*". The Appellate Division Court, while allowing augmentation of the record with the proceedings from Appellants new trial motion, declines to review the renewed new trial motion which is in direct opposition to the case law directly cited by the Court itself. Did the Appellate Division Court err in its decision?

2. Does the extension provision of CA CCP 1013(a), allowing an extra five days to respond to notices and documents served by mail, apply to service of a three day notice under CA CCP 1162, as a matter of law?

This issue needs to be decided in order to secure uniformity of decision. The Appellate Division Court, in its statement held that the service of a three day notice under CA CCP 1162 (a) (3), (*the Appellate Division Court cited CA CCP 1162(b) (3), which is applicable to commercial tenants, but Appellant believes the Courts intent was to cite CA CCP 1162(a) (3)*), is not entitled to the five day extension provided under CA CCP 1013(a), and citing ***Walters v. Meyers (1990) 226 Cal.App.3d Supp. 15, 18-19*** as controlling. In 1995, the Legislature amended CA CCP 1013(a), adding the sentence which reads, "*This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.*" Here, the Legislature has clearly shown its intention that the extension provisions of CA CCP 1013(a) do in fact apply to the service of a 3 Day Notice, as CA CCP 1162 provides no specific exception to the extension provisions of CA CCP 1013(a). CA CCP 1177, under Summary Proceedings For Obtaining Possession Of Real Estate In Certain Cases [1159 - 1179a], under which CA CCP 1162 (a) (3) falls, provides, "*Except as otherwise provided in this Chapter the provisions of Part II of this Code are applicable to, and constitute the rules of practice in the proceedings mentioned in this Chapter.*" Here we find that the statutory language of CA CCP 1162 in its entirety provides no inconsistencies with CA CCP 1177 in regards to service of notice. Furthermore, the notice provisions of CA CCP 1013(a) fall under Part 2, Title 14, Chapter 5 of the CA Code of Civil Procedure, as required in CA CCP 1177. Do the extension provisions of CA CCP 1013(a) apply to the service of the three day notice?

3. Did Respondents file their complaint prematurely, as a matter of law?

This issue needs to be decided in order to secure uniformity of decision. Respondents filed the Complaint on 11/17/15 after allowing for three days, the Veterans Day holiday, and an intervening weekend. Respondents failed however, to allow for the 5 extra days provided under CA CCP 1013(a) for notices and documents served by mail, which would have extended Appellants time to respond to 11/23/17.

4. Did Appellant actually receive the Three Day Notice dated 11/10/15?

This issue needs to be decided in order to secure uniformity of decision. The Appellate Division Court in its statement held that Appellant Wesley C. Dorsey Jr. testified at trial to receipt of the Three Day Notice dated 11/10/15 and cited the court transcript from the trial where Appellant testified, "*I continued to received three day notices up until November 10th*." The Appellate Division Court interpreted this statement as *up to and including* November 10th. In its petition for rehearing, Appellant explained such was not the case. The November 10 date referred to by Appellant was the date of the certified letter sent by Respondent to Appellant containing an un-cashed rent check previously sent to Respondent by Appellant and nothing more. Appellant's contention is further supported by Attachment 3k of Appellant's Answer **(1 CT, 20, paragraph 1)** which reads, "*In reference to paragraphs 3c. on November 6, 2015, in accordance with the terms of an agreement between Ms. Cuevas and Defendants, Defendants paid Ms. Cuevas $400.00 in the form of Check #1157. Check #1557 was returned un-cashed, by Ms. Cuevas to Defendants via certified mail on November 10, 2015. The certified mailing contained no information whatsoever to indicate a reason for the return of the check.*" The trial court transcript **(1, RT 8 - 10)** clearly shows

the trial court and Respondent's counsel clarifying the nature of the last check cashed by Respondent as well as the un-cashed check being returned to Appellant by Respondent.

5. Was Ms. Cuevas's service on Appellants of the Three Day Notice dated 11/10/15 valid, in accordance with the provisions of CA CCP 1162, as a matter of law?

This issue needs to be decided in order to secure uniformity of decision. The Appellate Division Court held that Ms. Cuevas' service on Appellants of the Three Day Notice, by posting and mailing was valid. The Courts contention was that Ms. Cuevas, under the provisions of CA CCP 1162, was not required to demonstrate diligence in attempting personal or substituted service before serving the three day notice by posting and mailing, citing ***Bank of New York Mellon v. Preciado (2013) 224 Cal.App.4th Supp. 1, 8***. Appellants, in their petition for rehearing, agreed with the Court that a showing of diligence was not required in attempting personal or substituted service before resorting to posting and mailing, but also contended, as stated in ***Bank of New York Mellon, supra***, that an *attempt* at personal and substituted service must be shown prior to service by posting and mailing. In this instance, Ms. Cuevas, at trial, failed to show any attempt at personal or substituted service prior to serving Appellants by posting and mailing. Was Ms. Cuevas' service of the three day notice valid as a matter of law?

6. Does Appellants general denial of each statement of the complaint, in the Answer filed on 1/27/16, negate the waiver of objection to admission of the Three Day notice and failure to raise an objection to the Three Day Notice at trial on appeal?

This issue needs to be decided in order to secure uniformity of decision. The Appellate Division Court in their statement held that Appellants waived their objection to Ms. Cuevas' service of the three day notice by the substituted service provisions of CA CCP 1162 (a) (3) by failing to object at trial to the admission of the three day notice and not raising the argument at trial. Appellants, in their petition for rehearing, stated, "*Appellants, in their Answer, checked box 2a, Defendant generally denies each statement of the complaint. This is allowed, because even though the Complaint demands more than $1,000.00, the Complaint itself is verified, is Limited Civil, and was not turned over to third party collections.* ***[CA CCP 431.30(d)]***". Turning again to ***Bank of New York Melon, supra***, the court states, "*In its opposition brief, Bank argues that Appellants may not challenge service of the notices as they did not include this as an affirmative defense in their answers. Bank is mistaken. An affirmative defense is an allegation of new matter in the answer that is not responsive to an essential allegation in the complaint. In other words, an affirmative defense is an allegation relied on by the defendant that is not put in issue by the plaintiffs complaint. (Bevill v. Zoura (1994) 27 Cal.App.4th 694, 698, 32 Cal.Rptr.2d 635; State Farm Mut. Auto. Ins. Co. v. Superior Court (1991) 228 Cal.App.3d 721, 725, 279 Cal.Rptr. 116.) Where the answer alleges facts showing that some essential allegation of the complaint is not true, those facts are not "new matter," but only a traverse. (Ibid.) Because proper service of the termination notices was an essential element of Bank's unlawful detainer actions, Appellants' general denial of each statement of the complaint sufficiently put the service of the notices at issue and Appellants were not required to plead ineffective notice as an affirmative defense. (See Bevill v. Zoura, supra, 27 Cal.App.4th at p. 698, 32 Cal.Rptr.2d 635.) Accordingly, the judgment for possession must be reversed because Bank failed to establish proper service of the notices. (See Liebovich v. Shahrokhkhany, supra, 56 Cal.App.4th at p. 514, 65 Cal.Rptr.2d 457.)*" Appellant's have consistently held, and have clearly

shown on appeal that there was no receipt of the three day notice dated 11/10/17, putting this matter in direct agreement with the holdings in ***Bank of New York Mellon, supra.***

**Conclusion**

Petitioner requests the Court of Appeal grant transfer of Leavitt Investment Co v. Dorsey for decision on the above issues. The transfer is necessary to insure uniformity of decision and to settle important questions of law in the interest of justice.

Dated: 2/11/17

Respectfully submitted,

Wesley C. Dorsey Jr,

Petitioner, In Pro Per

FILED
San Diego Superior Court
MAR 02 2017
By: T. Lancaster, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO
APPELLATE DIVISION

| | |
|---|---|
| LEAVITT INVESTMENT CO., Plaintiff/Respondent, vs. WESLEY C. DORSEY, JR., Defendant/Appellant. | Appellate Division Case No.: **37-2016-00200125-CL-UD-CTL** Trial Court Case No.: 37-2015-00038520-CL-UD-CTL **ORDER MODIFYING DECISION AND DENYING REHEARING AND CERTIFICATION FOR TRANSFER** |

On February 9, 2017, Appellant filed a "Petition for Rehearing" and a "Request for Judicial Notice" of various portions of the Appellant's Opening Brief. On February 14, 2017, Appellant filed a "Petition for Transfer."

Following consideration by Appellate Division Presiding Judge Kerry Wells and Appellate Division Judges Charles R. Gill and Gale E. Kaneshiro, the Decision filed on January 31, 2017 is unanimously modified. The modified Decision issued concurrently with this Order does not change the appellate judgment. (Cal. Rules of Court, rule 8.888.)

The petition for rehearing and application for certification for transfer are denied. (Cal. Rules of Court, rules 8.889 and 8.1005.) The Appellate Division takes judicial notice of all "statutory law of this state" (Evid. Code, § 452, subd. (a)), and although the Appellate Division

Ex 18

reviewed and considered Appellant's Opening Brief, briefing is not subject to judicial notice. (Evid. Code, § 459.)

**IT IS SO ORDERED.**

Dated 03/2/17

**KERRY WELLS**
Presiding Judge, Appellate Division

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | *FOR COURT USE ONLY*<br>F I L E D<br>San Diego Superior Court<br>MAR 0 2 2017<br>By: T. Lancaster, Deputy |
| APPELLANT<br>WESLEY C. DORSEY, JR | |
| RESPONDENT<br>LEAVITT INVESTMENT CO. | |
| | SUPERIOR COURT CASE NUMBER<br>37-2015-00038520-CL-UD-CTL |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | APPELLATE DIVISION CASE NUMBER<br>37-2016-00200125-CL-UD-CTL |

I certify that I am not a party to the above-entitled cause, and that I placed a copy of the following document(s):
ORDER MODIFYING DECISION AND DENYING REHEARING AND CERTIFICATION FOR TRANSFER, dated 03/02/17

in a sealed envelope addressed to the parties shown with postage prepaid, and deposited it in the United States mail at
☐Chula Vista ☐El Cajon ☐Ramona ☒San Diego ☐Vista, California.

Clerk of the Superior Court

Date: 03/02/17

by [signature], Deputy
T. Lancaster

WESLEY C. DORSEY JR
660 9TH AVE
SAN DIEGO, CA 92101

Kimball, Tirey & St. John LLP
7676 Hazard Center Drive #900-C
San Diego, CA 92108

FILED
San Diego Superior Court
MAR 02 2017
By: T. Lancaster, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

LEAVITT INVESTMENT CO.,

Plaintiff(s) and Respondent(s),

v.

WESLEY C. DORSEY JR.,

Defendant(s) and Appellant(s).

Appellate Division No.: 37-2016-00200125-CL-UD-CTL
Trial Court Case No.: 37-2015-00038520-CL-UD-CTL
Trial Court Location: Central Division

**MODIFIED DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

APPEAL from the February 29, 2016 unlawful detainer judgment entered by the Superior Court, San Diego County, Gary G. Kreep, Judge. Following argument on January 26, 2017, this matter was taken under submission. The Decision filed on January 31, 2017 is hereby modified, but the modification does not change the appellate judgment. (Cal. Rules of Court, rule 8.888.)

AFFIRMED.

Preliminarily, appellant's unopposed motion to augment the record on appeal filed on January 3, 2017 is granted. Prior to the finality of this Decision, the Appellate Division Clerk is directed to arrange for the augment of the record with the following:

- Notice of Renewed Motion and Renewed Motion for New Trial, Supporting Declaration of Wesley C. Dorsey, Jr. and Supporting Memorandum file-stamped October 12, 2016
- Memorandum in Support of Renewed Motion for New Trial file-stamped October 12,

2016

- Defendant's Statement of Undisputed Facts in Support of Motion for New Trial file-stamped October 12, 2016
- Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial file-stamped October 31, 2016
- Declaration of David C. Williamson, Esq. file-stamped October 31, 2016
- Defendant Wesley C. Dorsey's Reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial; Memorandum of Points and Authorities file-stamped November 2, 2016
- November 9, 2016 Minute Order taking Defendant's request for a motion for new trial off calendar for lack of jurisdiction
- Defendant's Ex Parte Application file-stamped November 10, 2016
- Defendant's Memorandum in Support of Defendant's Ex Parte Application Requesting the Trial Court Recognize its Statutory Authority to Hear the Renewed Motion for New Trial file-stamped November 10, 2016
- Declaration of Wesley C. Dorsey, Jr. in Support of Defendant's Ex Parte Application file-stamped November 10, 2016
- November 15, 2016 Minute Order granting Defendant's Ex Parte Application
- Plaintiff's Supplemental Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial file-stamped November 21, 2016
- Declaration of Wendy St. John, Esq. file-stamped November 21, 2016
- Defendant's Reply to Plaintiff's Supplemental Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for New Trial file-stamped November 22, 2016
- November 30, 2016 Minute Order denying Defendant's Renewed Motion for New Trial.
- Defendant's Ex Parte Application file-stamped December 5, 2016
- Defendant's Memorandum in Support of Defendant's Ex Parte Application Requesting the Trial Court Grant Defendant's Renewed Motion for New Trial file-stamped

December 5, 2016

- Declaration of Wesley C. Dorsey, Jr. in Support of Defendant's Ex Parte Application file-stamped December 5, 2016
- December 5, 2016 Minute Order denying Defendant's Ex Parte Application.

(Cal. Rules of Court, rule 8.841.)

Appellant attempts to expand the scope of this appeal to include review of the trial court's denial of his motion for new trial. Although an appeal lies from an order granting a motion for new trial, an order denying a motion for new trial is not an appealable order. (Code Civ. Proc., §904.2.) The issues raised by Appellant in his motion for new trial were the same as those arising from the appeal from the judgment and were considered.

The complaint was timely filed after the expiration of the three-day notice period. A defendant served with a termination notice via "post and mail" pursuant to Code of Civil Procedure section 1162, subdivision (b)(3) is not entitled to an additional five days for the mailing. Here, it is undisputed that the three-day notice was posted and mailed on November 10, 2015, and the complaint was filed on November 17, 2015. The trial court correctly found that the notice was effective on the date of posting and mailing, and that the time to respond was not extended by Code of Civil Procedure section 1013, subdivision (a). (See *Walters v. Meyers* (1990) 226 Cal.App.3d Supp. 15, 18-19.)

Although a proof of service did not accompany the three-day notice admitted into evidence at trial, plaintiff presented uncontroverted live testimony of service of the notice, and the notice was admitted into evidence without any objection. Appellant correctly argues on appeal that proper service of a termination notice is an essential element of plaintiff's unlawful detainer action. (*Bank of New York Mellon v. Preciado* (2013) 224 Cal.App.4th Supp. 1, 8.) However, there is substantial evidence to support the trial court's implied finding that the notice was properly served. Unlike the tenant in *Bank of New York Mellon v. Preciado*, who testified that he did not receive any notice to quit (*id.* at p. 7), appellant testified at trial that he received multiple three-day notices, including the notice that was posted and mailed on November 10, 2015.

Appellant waived the related argument that the process server did not properly serve the

notice because there was no showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions. By failing to object to the admission of the notice and not raising this argument at trial, appellant implicitly acquiesced to the trial court's finding that the opposing party had established this essential element of its unlawful detainer action. (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 ["It is settled that where a party by his conduct induces the commission of an error, under the doctrine of invited error he is estopped from asserting the alleged error as grounds for reversal. [Citations.] Similarly, an appellant waives his right to attack error by expressly or implicitly agreeing or acquiescing at trial to the ruling or procedure objected to on appeal. [Citations.]"].)

Appellant failed to demonstrate error on the part of the trial court, and the judgment must therefore be affirmed.

Respondent is awarded costs on appeal.

Unanimously affirmed.

KERRY WELLS
Presiding Judge, Appellate Division

CHARLES R. GILL
Judge, Appellate Division

GALE E. KANESHIRO
Judge, Appellate Division

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | FOR COURT USE ONLY<br><br>F I L E D<br>San Diego Superior Court<br><br>MAR 0 2 2017<br><br>By: T. Lancaster, Deputy |
|---|---|
| APPELLANT<br>WESLEY C. DORSEY, JR | |
| RESPONDENT<br>LEAVITT INVESTMENT CO. | |
| | SUPERIOR COURT CASE NUMBER<br>37-2015-00038520-CL-UD-CTL |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | APPELLATE DIVISION CASE NUMBER<br>37-2016-00200125-CL-UD-CTL |

I certify that I am not a party to the above-entitled cause, and that I placed a copy of the following document(s):
MODIFIED DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT, dated 03/02/17

in a sealed envelope addressed to the parties shown with postage prepaid, and deposited it in the United States mail at
☐ Chula Vista ☐ El Cajon ☐ Ramona ☒ San Diego ☐ Vista, California.

Clerk of the Superior Court

Date: 03/02/17

by [signature], Deputy
T. Lancaster

WESLEY C. DORSEY JR
660 9TH AVE
SAN DIEGO, CA 92101

Kimball, Tirey & St. John LLP
7676 Hazard Center Drive #900-C
San Diego, CA 92108

Court of Appeal, Fourth Appellate District, Division One
Kevin J. Lane, Clerk/Administrator
Electronically RECEIVED on 3/12/2017 at 9.22.50 AM

Court of Appeal, Fourth Appellate District, Division One
Kevin J. Lane, Clerk/Administrator
Electronically FILED on 3/13/2017 by Jose Rodriguez, Deputy Clerk

CASE #: D071852

**IN THE COURT OF APPEAL OF THE STATE**

**FOURTH APPELATE DISTRICT, DIVISION ONE**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff and Respondent,<br>vs.<br>WESLEY C. DORSEY JR,<br>MARGARETE S DORSEY,<br>Defendants and Appellants | Court of Appeal No.: TBD<br><br>Appellate Division No.<br>37-2016-00200125-CL-UD-CTL<br><br>Superior Court No.:<br>37-2015-00038520-CL-UD-CTL |

**PETITION FOR TRANSFER**

Petition for transfer of a limited civil case to the Court of Appeal

Fourth Appellate District, Division One

Superior Court of California, County of San Diego, Appellate Divsion

HONORABLE Kerry Wells, Presiding Judge

Superior Court, County of San Diego, Central Courthouse

HONORABLE Gary Kreep, Judge

For the Petitioner

Wesley C. Dorsey Jr.
In Pro Per
660 9th Avenue
San Diego, CA 92101
619-208-0241
ska_major@hotmail.com

EX 19

# TABLE OF CONTENTS


Table of Authorities 4

Table of Statutes 5

Exhibits 6

Issues Sought to be Certified to the Court of Appeal 7

Introduction 8

Discussion 9

1. Does the statutory language of CA CCP 1177 allow Chapter 5, Title 14, Part II of the California Code of Civil Procedure to constitute the rules of service of notice by mail under CA CCP 1162? 9

2. Does the statutory construction of Chapter 5, Title 14, Part II of the California Code of Civil Procedure make a distinction between service by mail of notice as part of pending legal proceedings, and service of notice as a prerequisite to legal proceedings? 11

3. Do CA CCP sections 1177, 1010, 1011(a) and (b), 1012, and the 1995 amendment to CA CCP 1013(a) show Legislative intent in allowing an additional 5 days to respond to a three day notice served by posting and mailing? 14

4. Did Real Party In Interest file their complaint prematurely, as a matter of law? 14

5. Was Petitioner improperly denied an automatic rehearing, or supplemental briefing on the issue of receipt of the three day notice, an issue not briefed or proposed by either party, in accordance with the CA GOV 68081? 15

6. Was Petitioner improperly denied an automatic rehearing, or supplemental briefing on the issue of waiver of the "argument that the process server did not properly serve the notice because there was no showing of reasonable diligence in attempting personal or substituted service before service by posting and mailing", an issue not briefed or proposed by either party, in accordance with the CA GOV 68081? 16

7. Was Ms. Cuevas's service on Appellants of the Three Day Notice dated 11/10/15 valid, in accordance with the provisions of CA CCP 1162, as a matter of law? 17

8. Does Appellant's general denial of each statement of the complaint, in the Answer filed on January 27, 2016, negate the waiver of objection to admission of the Three Day notice and failure to raise an objection to the service of the Three Day Notice at trial on appeal? 18

9. Was there sufficient evidence in the record under the doctrine of implied findings to show that Petitioner actually received the three day notice? 19

Conclusion 23

Certificate of Compliance 24

# TABLE OF AUTHORITIES

## Cases


Bank of New York Mellon v. Preciado (2013) 15, 18
224 Cal.App4th Supp. 1, 8

Berger v. Limon 22
214 Cal.App.2d 149, 29 Cal.Rptr. 483 (1963)

Bonzer v. City of Huntington Park (1993) 22
20 Cal.App.4th 1474, 1481, 25 Cal.Rptr.2d 278

California Casualty Ins. Co. v. Appellate Department (1996) 15
46 Cal.App.4th 1145, 1147

Highland Plastics, Inc. v. Enders (1980) 9, 11
109 Cal. App. 3d Supp. 1 [167 Cal. Rptr. 353]

Losornio v. Motta (1998) 9, 11
67 Cal. App. 4th 110, 113, 78 Cal. Rptr.2d 799

Tremayne v. American SMW Corp., 22
125 Cal.App.2d 852, 271 P.2d 229 (1959)

Walters v Meyers (1990) 9, 11
226 Cal.App3d Supp. 15, 18-19

## TABLE OF STATUTES


| | |
|---|---|
| CA CCP 431.30(d) | 16, 18 |
| CA CCP 1010 | 7, 10, 12, 14 |
| CA CCP 1011 | 7, 12, 13, 14 |
| CA CCP 1012 | 7, 11, 14 |
| CA CCP 1013(a) | 7, 9, 10, 11, 12, 13, 14 |
| CA CCP 1162 | 7, 8, 9, 10, 11, 12, 17, 21 |
| CA CCP 1177 | 7, 9, 10, 14 |
| CA GOV 68081 | 7, 14, 15 |

**EXHIBITS**


| | |
|---|---|
| Exhibit 1 - Text of Referenced Statutes | 9-13, 15-18, 21 |
| Exhibit 2 - Testimony of Monica Cuevas in regards to service of the three day notice | 17, 20 |
| Exhibit 3 - The Court misconstruing receipt of the returned check with receipt of the three day notice | 15, 19 |
| Exhibit 4 - Regarding showing of diligence vs. making any attempt at all at service of the three day notice | 16 |
| Exhibit 5 - Testimony of Wesley C. Dorsey Jr. regarding receipt of returned check | 15, 19 |
| Exhibit 6 - Page one of answer to unlawful detainer complaint | 18 |
| Exhibit 7 - Testimony of Ms St. John regarding return of check to Mr. Dorsey | 21 |
| Exhibit 8 - Attachment to answer to UD complaint | 22 |

## Issues Sought to be Certified to the Court of Appeal

1. Does the statutory language of CA CCP 1177 allow Chapter 5, Title 14, Part II of the California Code of Civil Procedure to constitute the rules of service of notice under CA CCP 1162?

2. Does the statutory construction of Chapter 5, Title 14, Part II of the California Code of Civil Procedure make a distinction between service by mail of notice as part of pending legal proceedings, and service of notice as a prerequisite to legal proceedings?

3. Do CA CCP sections 1177, 1010, 1011(a) and (b), 1012, and the 1995 amendment to CA CCP 1013(a) show Legislative intent in allowing an additional 5 days to respond to a three day notice served by posting and mailing?

4. Did Respondents file their complaint prematurely, as a matter of law?

5. Was Petitioner improperly denied an automatic rehearing, or supplemental briefing on the issue of receipt of the three day notice, an issue not briefed or proposed by either party, in accordance with the CA GOV 68081?

6. Was Petitioner improperly denied an automatic rehearing, or supplemental briefing on the issue of waiver of the "argument that the process server did not properly serve the notice because there was no showing of reasonable diligence in attempting personal or substituted service before service by posting and mailing", an issue not briefed or proposed by either party, in accordance with the CA GOV 68081?

7. Was Ms. Cuevas's service on Appellants of the Three Day Notice dated 11/10/15 valid, in accordance with the provisions of CA CCP 1162, as a matter of law?

8. Does Appellants general denial of each statement of the complaint, in the Answer filed on 1/27/16, negate the waiver of objection to admission of the Three Day notice and failure to raise an objection to the service of the Three Day Notice at trial on appeal?

9. Was there sufficient evidence in the record under the doctrine of implied findings to show that Petitioner actually received the three day notice?

## INTRODUCTION

Petitioner, Wesley C. Dorsey Jr., Defendant and Appellant of *Leavitt Investment Co v Dorsey*, hereby petitions the Court of Appeal to grant transfer of Leavitt Investment Co v Dorsey in the interest of justice and secure uniformity of decision.

On January 31, 2017, the Appellate Division of the Superior Court of California, County of San Diego, affirmed the Trial Court judgment of February 29, 2016. On February 9, 2017, Petitioner timely filed a Petition for Rehearing and Request for Judicial Notice. On February 14, 2017, Petitioner timely filed a Petition for Transfer. On March 1, 2017 the Petition for Rehearing was automatically denied pursuant to California Rules of Court Rules 8.889 and 8.1005, the date of finality of the decision. On March 2, 2017, the Appellate Division Court filed an order Modifying Decision and Denying Rehearing and Certification for Transfer, and a Modified Decision/Statement of Decision affirming the Trial Courts ruling.

## DISCUSSION

1. Does the statutory language of CA CCP 1177 allow Chapter 5, Title 14, Part II of the California Code of Civil Procedure to constitute the rules of service of notice by mail under CA CCP 1162?

This issue needs to be decided in the interest of justice and to secure uniformity of decision. Appellate Courts in cases such as ***Walters v Meyers (1990) 226 Cal.App3d Supp. 15, Highland Plastics, Inc. v. Enders, supra, 109 Cal. App. 3d Supp. 1,*** and ***Losornio v. Motta (1998) 67 Cal. App. 4th 110, 113, 78 Cal. Rptr.2d 799,*** have held that the 5 day extension to respond to notices served by mail provided under CA CCP 1013(a) (***Exhibit 1, Text of Referenced Statutes***) does not apply to the service of a three day notice served by mail because there is no statutory language in the governing statutes that allow for the extension of time.

For example, in *Walters, supra*, the court held that, "*Traditionally, section 1013, subdivision (a), has been applied to extend the time for responding to notices or other papers served by mail in pending civil actions. (Highland Plastics, Inc. v. Enders, supra, 109 Cal. App. 3d Supp. 1, 8, and cases cited therein.) In other situations, section 1013, subdivision (a), has been found to apply only if the language of the statute requiring the notice so provides.*" The court also states, "*Moreover, there is no language in sections 1161, 1162, or the statutory scheme of which they are a part, extending the three-day notice period.*"

CA CCP Sections 1013(a) and 1177 (***Exhibit 1, Text of Referenced Statutes***) provide the required language for the application of the 5 day extension under CA CCP 1013(a) to a three day notice served by mail under CA CCP 1162 (***Exhibit 1, Text of Referenced Statutes***).

Chapter 4, of Title 3, of Part 3 of the Code of Civil Procedure, entitled, "*Summary Proceedings for Obtaining Possession of Real Property in Certain Cases*"

encompasses CA CCP sections 1159 through 1179a inclusive. CA CCP sections 1162 and 1177 (***Exhibit 1, Text of Referenced Statutes***) are included within this chapter.

CA CCP 1177 confirms CA CCP 1013(a) (***Exhibit 1, Text of Referenced Statutes***) as the statutory authority on service of notice by mail and reads as follows: "*Except as otherwise provided in this Chapter the provisions of Part II of this Code are applicable to, and constitute the rules of practice in the proceedings mentioned in this Chapter. - (Enacted 1872.)*"

Chapter 4, of Title 3, of Part 3 of the Code of Civil Procedure, entitled, "*Summary Proceedings for Obtaining Possession of Real Property in Certain Cases*", in its entirety contains no exception under CA CCP 1177 (***Exhibit 1, Text of Referenced Statutes***) that would bar the extension of time provision of CA CCP 1013(a) (***Exhibit 1, Text of Referenced Statutes***) from applying to the service of a three day notice.

Chapter 5, of Title 14, of Part 2 of the Code of Civil Procedure, entitled, "*Notices, and Filing and Service of Papers*" encompasses CA CCP sections 1010 through 1020 inclusive. CA CCP sections 1010 through 1013(a) inclusive are included within this chapter.

CA CCP 1010 (***Exhibit 1, Text of Referenced Statutes***) defines a notice, and what other documents, when required, must accompany the notice and, in pertinent part, reads as follows: "*Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code.*" Here we find that there is no other provision for service of a three day notice by mail other than the provisions of CA CCP 1013(a) (***Exhibit 1, Text of Referenced Statutes***) as allowed under CA CCP 1177 (***Exhibit 1, Text of Referenced Statutes***).

CA CCP 1012 (***Exhibit 1, Text of Referenced Statutes***) authorizes service by mail to a persons place of residence or has his office and reads as follows: "*Service by mail may be made where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail, or where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail.*"

CA CCP 1013(a) (***Exhibit 1, Text of Referenced Statutes***) was amended in 1995, adding the following language showing clear Legislative intent that the 5 day extension of time to respond provision of CA CCP 1013(a) does in fact apply to the service of a three day notice served by mail and reads as follows: *"This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court."* Here we find that neither CA CCP 1013(a), nor any other relevant section or statute, or rule of court provides a specific exception that would bar the application of the extension provision of CA CCP 1013(a) to notices served by mail under CA CCP 1162 (***Exhibit 1, Text of Referenced Statutes***).

2. Does the statutory construction of Chapter 5, Title 14, Part II of the California Code of Civil Procedure make a distinction between service by mail of notice as part of pending legal proceedings, and service of notice as a prerequisite to legal proceedings?

This issue needs to be decided in the interest of justice and to secure uniformity of decision. Appellate Courts in cases such as ***Walters v Meyers (1990) 226 Cal.App3d Supp. 15, Highland Plastics, Inc. v. Enders, supra, 109 Cal. App. 3d Supp. 1,*** and ***Losornio v. Motta (1998) 67 Cal. App. 4th 110, 113, 78 Cal. Rptr.2d 799,*** have held that the 5 day extension to respond to notices served by mail provided under CA CCP 1013(a) (***Exhibit 1, Text of Referenced Statutes***) do not apply to the service of a three day notice served by mail because section

1013(a) only applies to service of notice by mail in legal actions which have already been initiated.

For example, in *Losornio, supra*, the court held that, "*Furthermore, section 1013, subdivision (a) contemplates the service of papers in the course of legal or administrative proceedings, or at the very least, after proceedings have been initiated. The statute refers to service by mail to the last business address "given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence." (§ 1013, subd. (a), italics added.) Here, the service of the 30-day and 3-day notices is not part of any proceeding; the landlord and the tenant are not "parties" to any proceeding. Rather, the notices are required to terminate a tenancy and are prerequisites to filing an unlawful detainer action. As such, they are outside the purview of section 1013.*"

The statements from paragraph 1 are incorporated by reference herein as if fully set forth.

CA CCP sections 1010 through 1013(a) make no distinction between between service of notice by mail as part of pending legal action or service of notice by mail as a prerequisite to initiating legal action.

CA CCP section 1011(a) (***Exhibit 1, Text of Referenced Statutes***) provides instruction on personal service of notice, substituted service of notice, and service of notice by mail on an attorney, at both the attorney's office and the attorney's residence. These methods of service are similar to the service of notice provisions of CA CCP 1162.

CA CCP section 1011(b) (***Exhibit 1, Text of Referenced Statutes***) provides instruction on personal service of notice, substituted service of notice, and service of notice by mail on a party. These methods are similar to the service of notice provisions of CA CCP 1162 with the exception of service by mail wherein CA

CCP does not require posting the notice in a conspicuous place in addition to service by mailing. The party in this section may refer to a litigant in a pending legal action, or the party in this section may refer to parties to a contract. For example a lease contract. The meaning of party is not defined in this section. ***Black's Law Dictionary, 10th Edition*, page 1297**, defines a party as, "*A person who takes part in a legal transaction or proceeding is said to be a pary to it. Thus, if an agreement, conveyance, lease, or the like, is entered into between A. and B., they are said to be parties to it;*" Here we find that a party could be either party to legal proceedings, or party to a contract without being a party to legal proceedings.

CA CCP 1013(a) (***Exhibit 1, Text of Referenced Statutes***) combines CA CCP sections 1011(a) and 1011(b) into one sentence; describing in detail, the required procedure to effect valid service of notice by mail, as well as the extension of time provisions allowed as a result of serving notice by mail. This sentence is composed of two independent clauses and reads as follows: *In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, {(1st clause)**at the office address as last given by that person on any document filed in the cause and served on the party making service by mail;**} {(2nd clause)**otherwise at that party's place of residence.**} Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 calendar days if either the place of mailing or the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice*

*of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.*"

The first independent clause from above clearly mirrors CA CCP 1011(a) in regards to service of notice by mail on an attorney in a pending or initiated legal action. The second independent clause from above clearly mirrors CA CCP 1011(b) in regards to service of notice by mail on a party that is not an attorney, in a matter that may or may not be part of pending or ititiated legal action.

3. <u>Do CA CCP sections 1177, 1010, 1011(a) and (b), 1012, and the 1995 amendment to CA CCP 1013(a) show Legislative intent in allowing an additional 5 days to respond to a three day notice served by posting and mailing?</u>

From the discussion in paragraphs 1 and 2, incorporated by reference herein as if fully set forth, is Legislative intent shown to allow an additional 5 days to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, in regards to service of a three day notice by mail, as prescribed by CA CCP 1013(a)?

4. <u>Did Real Party In Interest file their complaint prematurely, as a matter of law?</u>

Leavitt served Petitioner the three day notice by posting and mailing on November 10, 2015 and filed their complaint on November 17, 2015. From the discussion in paragraphs 1 – 3, incorporated by reference herein as if fully set forth, did Leavitt file their complaint prematurely?

5. Was Petitioner improperly denied an automatic rehearing, or supplemental briefing on the issue of receipt of the three day notice, an issue not briefed or proposed by either party, in accordance with the CA GOV 68081?

[**a**] CA GOV 68081 (***Exhibit 1, Text of Referenced Statutes***) reads, "*Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party.*"

[**b**] In ***California Casualty Ins. Co. v. Appellate Department (1996) 46 Cal.App.4th 1145, 1147***, the Appeals Court held in part, "*Whatever might be said of the merit of the procedural deficiencies in the appeal, it was error to decide the case without warning the parties that the court was considering that ground, and giving them an opportunity to brief it.*"

In its decision, the Court found that Ms. Cuevas' service by posting and mailing, of the three day notice dated November 10, 1015, was valid based on testimony by Petitioner from the trial court transcript (***Exhibit 5, Testimony of Wesley C. Dorsey Jr. in regards to receipt of returned check***) indicating Petitioner had admitted to receiving the three day notice. The trial court cited **Bank of New York Mellon v. Preciado (2013) 224 Cal.App4th Supp. 1, 8**. The issue of receipt by Petitioner of the three day notice was not briefed, or proposed by any party during the appeal process.

On February 9, 2017, Petitioner filed a timely Petition for Rehearing (***Exhibit 3, the Court misconstruing receipt of the returned check with receipt of the three***

***day notice***) stating that the Court had misconstrued Petitioners receipt of a returned check, mailed by Leavitt, with receipt of the three day notice.

On March 2, 2017, the Court issued a modified order and decision denying Petitioners Petition for Rehearing.

6. Was Petitioner improperly denied an automatic rehearing, or supplemental briefing on the issue of waiver of the "argument that the process server did not properly serve the notice because there was no showing of reasonable diligence in attempting personal or substituted service before service by posting and mailing", an issue not briefed or proposed by either party, in accordance with the CA GOV 68081?

The discussion from paragraphs 5[a] and 5[b] are incorporated by reference herein as if fully set forth.

In its decision, and its modified decision, the Court held that Petitioner waived the objection to the validity of the service of the three day notice because there was no showing of reasonable diligence in attempting personal or substituted service before service was effected by posting and mailing.

To clarify preliminarily, Petitioner's statements in briefing and the Petition for Rehearing (***Exhibit 4, regarding showing of diligence vs. making any attempt at service of the three day notice***) was that there was no showing of any "attempt" at personal or substituted service as opposed to "diligence" in attempting personal or substituted service. The issue of diligence was not briefed or proposed by either party.

Petitioner filed a timely Petition for Rehearing indicating the objection had been made by general denial in accordance with CA CCP 431.3(d) (***Exhibit 1, Text of Referenced Statutes***) by checking box #2(a) in the answer filed on January 27,

2017. On March 2, 2017, the Court issued a modified decision denying the Petition for Rehearing.

7. Was Ms. Cuevas's service on Appellants of the Three Day Notice dated 11/10/15 valid, in accordance with the provisions of CA CCP 1162, as a matter of law?

Petitioner incorporates paragraphs 1-3 by reference herein as if fully set forth.

CA CCP 1162 (***Exhibit 1, Text of Referenced Statutes***) provides three methods of service that must be followed in order to effect valid service:

a. Personal service at the place of residence or place of business
b. Substituted service at the place of residence or place of business and mailing a copy to the place of residence.
c. If the above method are not possible, then by posting at the place of residence and mailing a copy to the place of residence.

Ms. Cuevas testified at trial (***Exhibit 2, Testimony of Monica Cuevas regarding service of the three day notice***) she served the three day notice on Petitioner by posting and mailing.

The record on appeal contains no evidence of any attempt at all by Ms. Cuevas to serve the three day notice on Petitioner by personal, or substituted service at Petitioners place of residence or place of business.

Ms. Cuevas has, at all times since entering into the lease agreement with Petitioner, maintained possession and control of Petitioners original application to rent the subject premises. The application clearly shows Petitioners place of

business as well as contact information for said place of business. This information was verified by Ms. Cuevas's staff prior to approval of the lease.

8. Does Appellant's general denial of each statement of the complaint, in the Answer filed on January 27, 2016, negate the waiver of objection to admission of the Three Day notice and failure to raise an objection to the service of the Three Day Notice at trial on appeal?

In its decision, the Court indicated Petitioner had waived the argument that the service of the three day notice was invalid based on the failure of Ms. Cuevas to attempt personal or substituted service before resorting to service by posting and mailing, because the introduction of the notice at trial was not objected to by Petitioner.

In the answer (***Exhibit 6, page one of answer to unlawful detainer complaint***) to the complaint filed on January 27, 2016 Petitioner checked box #2a entitled, "*Defendant generally denies each statement of the complaint*". This is allowed in this instance because the case is verified, is limited civil, and was not turned over to third party collections under CA CCP 431.30(d) (***Exhibit 1, Text of Referenced Statutes***).

*The court in* Bank of New York Mellon, *supra, held, "In its opposition brief, Bank argues that Appellants may not challenge service of the notices as they did not include this as an affirmative defense in their answers. Bank is mistaken. An affirmative defense is an allegation of new matter in the answer that is not responsive to an essential allegation in the complaint. In other words, an affirmative defense is an allegation relied on by the defendant that is not put in issue by the plaintiffs complaint. (Bevill v. Zoura (1994) 27 Cal.App.4th 694, 698, 32 Cal.Rptr.2d 635; State Farm Mut. Auto. Ins. Co. v. Superior Court (1991) 228 Cal.App.3d 721, 725, 279 Cal.Rptr. 116.) Where the answer alleges facts showing that some essential allegation of the complaint is not true, those facts are not*

*"new matter," but only a traverse. (Ibid.) Because proper service of the termination notices was an essential element of Bank's unlawful detainer actions, Appellants' general denial of each statement of the complaint sufficiently put the service of the notices at issue and Appellants were not required to plead ineffective notice as an affirmative defense. (See Bevill v. Zoura, supra, 27 Cal.App.4th at p. 698, 32 Cal.Rptr.2d 635.) Accordingly, the judgment for possession must be reversed because Bank failed to establish proper service of the notices. (See Liebovich v. Shahrokhkhany, supra, 56 Cal.App.4th at p. 514, 65 Cal.Rptr.2d 457.)"*

9. <u>Was there sufficient evidence in the record under the doctrine of implied findings to show that Petitioner actually received the three day notice?</u>

This issue needs to be decided in the interest of justice and to secure uniformity of decision. In its decision, the Court found that Petitioner had admitted at trial, via court trial transcript (***Exhibit 5, Testimony of Wesley C. Dorsey Jr. regarding receipt of returned check***), to receiving the three day notice to pay rent dated November 10, 2015.

The Court relied upon the doctrine of implied findings to find that Petitioner received the three day notice. Under this doctrine, it is presumed that the trial court made all the factual findings necessary to support the judgment in favor of Leavitt and substantial evidence or de novo review is required to overcome the presumption of correctness.

Petitioner, in his Petition for Rehearing (***Exhibit 3, The Court misconstruing receipt of the returned check with receipt of the three day notice***), contended that Petitioners admission referenced to by the Court from the trial court transcript (***Exhibit 5, Testimony of Wesley C. Dorsey Jr. regarding receipt of returned check***), was for receipt of a returned check, mailed to Petitioner by Leavitt, via

certified mail dated November 10, 2015, and not the three day notice served by Leavitt by posting and mailing.

If there was an admission of receipt of the three day notice by Petitioner, which Petitioner maintains there was none, there is no information in the record to show "*when*" such receipt may have occurred, nor which method of service by Leavitt was received by Petitioner, the posted notice or the mailed notice. Service of notice occurred on November 10, 2015, the complaint was filed on November 17, 2015, and the testimony in question did occur until February 29, 2016. The Court failed to take into account these hypothetical scenarios, according to the trial court transcript:

a. Did Petitioner receive the three day notice that was mailed, or the three day notice posted?
b. Did Petitioner receive the three day notice during the notice period? Two days after the notice period? Five days after the notice period? Two weeks after the notice period?

No proof of service for the three day notice was filed with the trial court and none is required by law. However, at trial (***Exhibit 2, Testimony of Monica Cuevas regarding service of the three day notice***), Ms. Cuevas only testified to posting and mailing copies of the three day notice. This begs the following questions that cannot be clarified because there is no proof of service:

a. Did Ms. Cuevas properly address the envelope containing the three day notice to Petitioners?
b. Did Ms. Cuevas write the proper Street name on the envelope?
c. Did Ms. Cuevas write the proper Street number on the envelope?
d. Did Ms. Cuevas write the correct Unit number on the envelope?
e. Did Ms. Cuevas write the correct City on the envelope?
f. Did Ms. Cuevas write the correct State on the envelope?
g. Did Ms. Cuevas write the correct Zip Code on the envelope?
h. Did Ms. Cuevas provide a return address on the envelope?

i. Did Ms. Cuevas affix the correct amount of postage on the envelope?

It is probable that Ms. Cuevas may have placed an envelope containing a three day notice in the mail with the intention of it being properly delivered to Petitioner, but there is nothing in the record to indicate that such delivery was ever took place.

In this instance, since the trial court found that Ms. Cuevas' service of the three day notice by posting and mailing was valid, and

a. Since there is no information in the record to show when, or how Petitioner may have hypothetically received the three day notice.
b. And since the issue of receipt of the three day notice would have been rendered moot, because actual receipt of the three day notice is not a requirement of service under CA CCP 1162 (***Exhibit 1, Text of Referenced Statutes***). Service is complete at the time of posting and mailing.
c. The Court should have found the issue of receipt/non receipt of the three day notice by Petitioner to be ambiguous at best, as well as irrelevant to the trial court's judgment.

Furthermore, the Court in its review and decision failed to take into account Petitioner's statement in the Petition for Rehearing (***Exhibit 3, The Court misconstruing receipt of the returned check with receipt of the three day notice***) regarding the Court misconstruing Petitioners receipt of a returned check with receipt of the three day notice, as well as statements in the trial court transcript (***Exhibit 7, Testimony of Ms. St John regarding return of check to Mr. Dorsey***) between the trial court and Leavitt's counsel confirming that Leavitt had indeed returned an un-cashed check to Petitioner.

Petitioners answer (***Exhibit 8, Attachment to answer to UD complaint***) to the unlawful detainer complaint contains the statement that reads: ""*In reference to paragraphs 3c, on November 6, 2015, in accordance with the terms of an agreement between Ms. Cuevas and Defendants, Defendants paid Ms. Cuevas $400.00 in the form of Check #1157. Check #1557 was returned un-cashed, by Ms. Cuevas to Defendants via certified mail on November 10, 2015. The certified mailing contained no information whatsoever to indicate a reason for the return of the check.*"

The presumption that a letter duly mailed was received by an addressee is not conclusive, but rebuttable by satisfactory evidence to the contrary. ***Tremayne v. American SMW Corp., 125 Cal.App.2d 852, 271 P.2d 229 (1959); Berger v. Limon, 214 Cal.App.2d 149, 29 Cal.Rptr. 483 (1963).*** Consequently, where, as here, there is uncontradicted evidence that the letter mailed was not received, the presumption of receipt is overcome.

The issue of actual receipt of a mailed notice is also addressed in ***Bonzer v. City of Huntington Park (1993) 20 Cal.App.4th 1474, 1481, 25 Cal.Rptr.2d 278.***

## CONCLUSION

Petitioner requests the Court of Appeal grant transfer of *Leavitt Investment Co v Dorsey* on the above issues. The transfer is necessary to secure uniformity of decision and to settle important questions of law in the interest of justice.

DATED: March 11, 2017

Respectfully submitted,

*//Wesley C. Dorsey Jr.//*
Wesley C. Dorsey Jr.

Petitioner, In Pro Per

## CERTIFICATE OF COMPLIANCE

I, Wesley C. Dorsey Jr. hereby certify that pursuant to Rule 8.1006(c)(4) of the California Rules of Court, the enclosed brief including footnotes, contains approximately 4,839 words, which is less than the total words permitted by the rules of court. I relied on the word count of the computer program used to prepare this brief.

Dated: March 11, 2017

Signed: *//Wesley C. Dorsey Jr.//*
Wesley C. Dorsey Jr.

Petition, In Pro Per

LEGISLATIVE COUNSEL BUREAU
STATE OF CALIFORNIA
AUTHENTICATED
ELECTRONIC LEGAL MATERIAL

# EXHIBIT 1

**State of California**

**CODE OF CIVIL PROCEDURE**

**Section 431.30**

---

431.30. (a) As used in this section:

(1) "Complaint" includes a cross-complaint.

(2) "Defendant" includes a person filing an answer to a cross-complaint.

(b) The answer to a complaint shall contain:

(1) The general or specific denial of the material allegations of the complaint controverted by the defendant.

(2) A statement of any new matter constituting a defense.

(c) Affirmative relief may not be claimed in the answer.

(d) If the complaint is subject to Article 2 (commencing with Section 90) of Chapter 5.1 of Title 1 of Part 1 or is not verified, a general denial is sufficient but only puts in issue the material allegations of the complaint. If the complaint is verified, unless the complaint is subject to Article 2 (commencing with Section 90) of Chapter 5.1 of Title 1 of Part 1, the denial of the allegations shall be made positively or according to the information and belief of the defendant. However, if the cause of action is a claim assigned to a third party for collection and the complaint is verified, the denial of the allegations shall be made positively or according to the information and belief of the defendant, even if the complaint is subject to Article 2 (commencing with Section 90) of Chapter 5.1 of Title 1 of Part 1.

(e) If the defendant has no information or belief upon the subject sufficient to enable him or her to answer an allegation of the complaint, he or she may so state in his or her answer and place his or her denial on that ground.

(f) The denials of the allegations controverted may be stated by reference to specific paragraphs or parts of the complaint; or by express admission of certain allegations of the complaint with a general denial of all of the allegations not so admitted; or by denial of certain allegations upon information and belief, or for lack of sufficient information or belief, with a general denial of all allegations not so denied or expressly admitted.

(g) The defenses shall be separately stated, and the several defenses shall refer to the causes of action which they are intended to answer, in a manner by which they may be intelligibly distinguished.

(Amended by Stats. 2003, Ch. 149, Sec. 8. Effective January 1, 2004.)

**State of California**

**CODE OF CIVIL PROCEDURE**

**Section 1010**

---

1010. Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based. If any such paper has not previously been served upon the party to be notified and was not filed by him, a copy of such paper must accompany the notice. Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code. No bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served upon any party whose default has been duly entered or who has not appeared in the action or proceeding.

(Amended by Stats. 1935, Ch. 722.)

**State of California**

**CODE OF CIVIL PROCEDURE**

**Section 1011**

---

1011. The service may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:

(a) If upon an attorney, service may be made at the attorney's office, by leaving the notice or other papers in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or with a person having charge thereof. When there is no person in the office with whom the notice or papers may be left for purposes of this subdivision at the time service is to be effected, service may be made by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office, or, if the attorney's office is not open so as to admit of that service, then service may be made by leaving the notice or papers at the attorney's residence, with some person of not less than 18 years of age, if the attorney's residence is in the same county with his or her office, and, if the attorney's residence is not known or is not in the same county with his or her office, or being in the same county it is not open, or a person 18 years of age or older cannot be found at the attorney's residence, then service may be made by putting the notice or papers, enclosed in a sealed envelope, into the post office or a mail box, subpost office, substation, or mail chute or other like facility regularly maintained by the Government of the United States directed to the attorney at his or her office, if known and otherwise to the attorney's residence, if known. If neither the attorney's office nor residence is known, service may be made by delivering the notice or papers to the address of the attorney or party of record as designated on the court papers, or by delivering the notice or papers to the clerk of the court, for the attorney.

(b) If upon a party, service shall be made in the manner specifically provided in particular cases, or, if no specific provision is made, service may be made by leaving the notice or other paper at the party's residence, between the hours of eight in the morning and six in the evening, with some person of not less than 18 years of age. If at the time of attempted service between those hours a person 18 years of age or older cannot be found at the party's residence, the notice or papers may be served by mail. If the party's residence is not known, then service may be made by delivering the notice or papers to the clerk of the court, for that party.

(Amended by Stats. 2007, Ch. 263, Sec. 11. Effective January 1, 2008.)

**State of California**

**CODE OF CIVIL PROCEDURE**

**Section 1012**

---

1012. Service by mail may be made where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail, or where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail.

(Amended by Stats. 1931, Ch. 739.)

**State of California**

**CODE OF CIVIL PROCEDURE**

**Section 1013**

---

1013. (a) In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence. Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 calendar days if either the place of mailing or the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.

(b) The copy of the notice or other paper served by mail pursuant to this chapter shall bear a notation of the date and place of mailing or be accompanied by an unsigned copy of the affidavit or certificate of mailing.

(c) In case of service by Express Mail, the notice or other paper must be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail, in a sealed envelope, with Express Mail postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by Express Mail; otherwise at that party's place of residence. In case of service by another method of delivery providing for overnight delivery, the notice or other paper must be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence. Service is complete at the time of the deposit, but any period of notice

and any right or duty to do any act or make any response within any period or on a date certain after service of the document served by Express Mail or other method of delivery providing for overnight delivery shall be extended by two court days. The extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.

(d) The copy of the notice or other paper served by Express Mail or another means of delivery providing for overnight delivery pursuant to this chapter shall bear a notation of the date and place of deposit or be accompanied by an unsigned copy of the affidavit or certificate of deposit.

(e) Service by facsimile transmission shall be permitted only where the parties agree and a written confirmation of that agreement is made. The Judicial Council may adopt rules implementing the service of documents by facsimile transmission and may provide a form for the confirmation of the agreement required by this subdivision. In case of service by facsimile transmission, the notice or other paper must be transmitted to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. Service is complete at the time of transmission, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended, after service by facsimile transmission, by two court days, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.

(f) The copy of the notice or other paper served by facsimile transmission pursuant to this chapter shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted, or to be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice or other paper was transmitted.

(g) Electronic service shall be permitted pursuant to Section 1010.6 and the rules on electronic service in the California Rules of Court.

(h) Subdivisions (b), (d), and (f) are directory.

(Amended by Stats. 2010, Ch. 156, Sec. 2. (SB 1274) Effective January 1, 2011.)

**State of California**

**CODE OF CIVIL PROCEDURE**

**Section 1162**

---

1162. (a) Except as provided in subdivision (b), the notices required by Sections 1161 and 1161a may be served by any of the following methods:

(1) By delivering a copy to the tenant personally.

(2) If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence.

(3) If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner.

(b) The notices required by Section 1161 may be served upon a commercial tenant by any of the following methods:

(1) By delivering a copy to the tenant personally.

(2) If he or she is absent from the commercial rental property, by leaving a copy with some person of suitable age and discretion at the property, and sending a copy through the mail addressed to the tenant at the address where the property is situated.

(3) If, at the time of attempted service, a person of suitable age or discretion is not found at the rental property through the exercise of reasonable diligence, then by affixing a copy in a conspicuous place on the property, and also sending a copy through the mail addressed to the tenant at the address where the property is situated. Service upon a subtenant may be made in the same manner.

(c) For purposes of subdivision (b), "commercial tenant" means a person or entity that hires any real property in this state that is not a dwelling unit, as defined in subdivision (c) of Section 1940 of the Civil Code, or a mobilehome, as defined in Section 798.3 of the Civil Code.

(Amended by Stats. 2010, Ch. 144, Sec. 1. (AB 1263) Effective January 1, 2011.)

**State of California**

**CODE OF CIVIL PROCEDURE**

**Section 1177**

---

1177. Except as otherwise provided in this Chapter the provisions of Part II of this Code are applicable to, and constitute the rules of practice in the proceedings mentioned in this Chapter.

(Enacted 1872.)

**State of California**

**GOVERNMENT CODE**

**Section 68081**

---

68081. Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party.

(Amended by Stats. 1998, Ch. 931, Sec. 224. Effective September 28, 1998.)

**EXHIBIT 2 - TESTIMONY OF MONICA CUEVAS IN REGARDS TO SERVICE OF THE THREE DAY NOTICE**



Q And how about the tenants?
A Yes.
Q Was the original monthly rent the sum of $950?
A Yes.
Q And was rent due in advance on the first day of each month?
A Yes.
Q Back in August of 2014, was the rent raised to $1,150 per month?
A Yes.
Q Did there come a time when the Defendants fell behind in their monthly rent?
A Yes.
Q Showing you Exhibit 2, did you prepare a three-day notice to pay rent or quit on November 10th of 2015?
A Yes.
Q Is this a true and correct copy of that notice?
A Yes.
Q After all payments have been credited to past-due rent, was there an outstanding balance of $1,150 for November of last year?
A Yes.
Q And $1,150 for October of last year?
A Yes.
Q And did that total $2,300?
A Yes.
Q Did you serve that notice on October -- I'm sorry -- November 10th, 2015 at the subject premises by posting and mailing?

A Yes.

MS. ST. JOHN: I'm going to offer those exhibits into evidence, sir, as Plaintiff's 1 and 2. You may have these to retain.

MR. DORSEY: It's all right. Thank you.

THE COURT: Mr. Dorsey, do you have any legal objection to my reviewing the lease or the three-day notice?

MR. DORSEY: No, Your Honor.

THE COURT: Okay. Without objection. I have not looked at them yet, but turned them upside down. All right.

BY MS. ST. JOHN:

Q Did you receive any payment after that time? Well, did you receive the full amount of $2,300 after that time?

A No.

Q And did you accept any money whatsoever?

A No.

Q Have you received possession of the premises?

A No.

Q And are you asking this Judge for restitution of the premises?

A Yes.

Q Judgment in favor of Plaintiff against both Defendants jointly and severally?

A Yes.

Q And are you seeking damages for rent and holdover damages for October, November, December, January, and 29 days of February, for a total principal of $5,750?

A Yes.

**EXHIBIT 3 - THE COURT MISCONSTRUING RECEIPT OF THE RETURNED CHECK WITH RECEIPT OF THE THREE DAY NOTICE**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

| | |
|---|---|
| LEAVITT INVESTMENT CO<br>Plaintiff and Respondent,<br>vs.<br>WESLEY C. DORSEY JR.<br>MARGARETE S DORSEY,<br>Defendants and Appellants | Court of Appeal No.<br>37-2016-00200125-CL-UD-CTL<br><br>Superior Court No.:<br>37-2015-00038520-CL-UD-CTL |

Appellant, Wesley C. Dorsey Jr., seeks rehearing of the court's opinion in the above case filed on 1/31/17. The rehearing is necessary because of the following:

**ARUGMENTS**

1. Appellant, at trial did not testify to receipt of the 3 Day Notice dated 11/10/15.
   a. The Court in its Decision Statement, page 3, starting at line 25, has misinterpreted Appellant's testimony from the trial court transcript (**1 R.T. 8, lines 24 -26**) that reads, "*I received three-day notices. I continued to make payments. I continued to receive three day notices up until November 10th.*", as an indication, or admission

that Appellant had actually received the 3 Day Notice dated 11/10/15. This is not the case.

b. While Appellant readily admits to having received previous 3 Day Notices from Respondent, Appellants have consistently denied, and continue to deny, receipt or knowledge of the 3 Day Notice dated 11/10/15. The 11/10/15 date referenced in subparagraph (a) is the date of the mailing of the certified letter containing Appellants un-cashed check #1557 in the amount of $400, mailed to Appellant by Respondent. containing nothing other than the returned check itself.

c. The trial court transcript (**1, RT 8 - 10**) clearly shows the trial court and Respondent's counsel clarifying the nature of the last check cashed by Respondent as well as the check (#1557) returned to Appellant referenced in subparagraph (b).

d. Appellant's contention from subparagraph (a) is further supported by Attachment 3k of Appellant's Answer (**1 CT, 20, paragraph 1**) which reads, "*In reference to paragraphs 3c, on November 6, 2015, in accordance with the terms of an agreement between Ms. Cuevas and Defendants, Defendants paid Ms. Cuevas $400.00 in the form of Check #1157. Check #1557 was returned un-cashed, by Ms. Cuevas to Defendants via certified mail on November 10, 2015. The certified mailing contained no information whatsoever to indicate a reason for the return of the check.*"

e. Any other references to the 3 Day Notice dated 11/10/17 contained in the record merely serve as reference to the document as it appeared in Respondents Complaint as Exhibit #2.

2. Appellant did not waive the related argument that the process server did not properly serve the notice because there was no showing of reasonable diligence in attempting personal

that Appellant had actually received the 3 Day Notice dated 11/10/15. This is not the case.

b. While Appellant readily admits to having received previous 3 Day Notices from Respondent, Appellants have consistently denied, and continue to deny, receipt or knowledge of the 3 Day Notice dated 11/10/15. The 11/10/15 date referenced in subparagraph (a) is the date of the mailing of the certified letter containing Appellants un-cashed check #1557 in the amount of $400, mailed to Appellant by Respondent, containing nothing other than the returned check itself.

c. The trial court transcript (**1, RT 8 - 10**) clearly shows the trial court and Respondent's counsel clarifying the nature of the last check cashed by Respondent as well as the check (#1557) returned to Appellant referenced in subparagraph (b).

d. Appellant's contention from subparagraph (a) is further supported by Attachment 3k of Appellant's Answer (**1 CT, 20, paragraph 1**) which reads, "*In reference to paragraphs 3c, on November 6, 2015, in accordance with the terms of an agreement between Ms. Cuevas and Defendants, Defendants paid Ms. Cuevas $400.00 in the form of Check #1157. Check #1557 was returned un-cashed, by Ms. Cuevas to Defendants via certified mail on November 10, 2015. The certified mailing contained no information whatsoever to indicate a reason for the return of the check.*"

e. Any other references to the 3 Day Notice dated 11/10/17 contained in the record merely serve as reference to the document as it appeared in Respondents Complaint as Exhibit #2.

2. Appellant did not waive the related argument that the process server did not properly serve the notice because there was no showing of reasonable diligence in attempting personal

**EXHIBIT 4 - REGARDING SHOWING OF DILIGENCE VS. MAKING ANY ATTEMPT AT ALL AT SERVICE OF THE THREE DAY NOTICE**

service before utilizing the substituted service provisions (*of CA CCP 1162*). **[Decision/Statement of Reasons, page 3, line 27]**

a. Appellant agrees with The Courts contention that proper service of a 3 Day Notice is not contingent on a showing of reasonable diligence in attempting personal service before utilizing the substitute (*post and mail?*) service provisions of CA CCP 1162. Proper service of a 3 Day Notice is, however, under the provisions of CA CCP 1162, contingent upon showing an *attempt* at personal or substituted service:

   i. At a party's place of residence

   ii. At a party's place of employment, if known

   iii. Before resorting to posting and mailing

b. The Courts own reference to *The Bank of New York Mellon v. Preciado (2013) 224 Cal.App4th Supp. 1, 8* provides a clear showing of this requirement and reads, "*As explained above, no showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions is required under the statute. (See Hozz v. Lewis, supra, 215 Cal.App.3d at p. 317, 263 Cal.Rptr. 577.) Nevertheless, "post and mail" service is not authorized as a first-resort method of service. Here, Vorsatz's declaration does not establish that Bank complied with section 1162 as it does show that personal service was ever attempted. The proofs of service do not state that Appellants were not home or that no one of a suitable age was home when the server posted the notice "in a conspicuous place." In its opposition brief, Bank argues that Appellants may not challenge service of the notices as they did not include this as an affirmative defense in their answers. Bank is mistaken. An affirmative defense is an allegation of new matter in the answer that is not responsive to an essential allegation in the complaint. In other words, an affirmative defense is an allegation relied on by the defendant that is not put in issue by the*

**EXHIBIT 5 - TESTIMONY OF WESLEY C DORSEY JR REGARDING RECEIPT OF RETURNED CHECK**



basically was crippling our business.

She recovered to a small degree and she was able to do some work. Like I said, she was hospitalized twice more with complications. And for the majority of the summer, we were able to continue to pay our rent on time. Later on in the year, we weren't. We were --

THE COURT: You're talking about 2015, sir?

MR. DORSEY: This is 2015.

THE COURT: Thank you. I'm sorry. Please proceed.

MR. DORSEY: So then we contacted San Diego Properties and Management and we explained to them that we were not able to pay our rent in full. In my answer, this is probably -- referenced at paragraph 3(d). This is August 3rd, 2015. I received an agreement from Ms. Cuevas to make partial rent payments.

THE COURT: Is this part of your attachment to the case, sir?

MR. DORSEY: Yes, Your Honor.

THE COURT: I printed that off, so I've got it right here.

MR. DORSEY: Okay. And Ms. Cuevas made me to understand that even though I was making partial payments, she would still have to send out three-day notices which I agree with completely. And I made payments. I received three-day notices. I continued to make payments. I continued to receive three-day notices up until November 10th. The last payment check that I sent in to San Diego Properties and Management was returned to me without explanation, which I did not find out

**EXHIBIT 6 - PAGE 1 OF ANSWER TO UNLAWFUL DETAINER COMPLAINT**

UD-105

ATTORNEY OR PARTY WITHOUT ATTORNEY
NAME: Margarete S. Dorsey
STATE BAR NO.:
FIRM NAME:
ADDRESS: 2743 B Street #2
CITY: San Diego STATE: CA ZIP CODE: 92102
TELEPHONE NO.: 619-208-0241
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name): In Pro Per

FOR COURT USE ONLY
FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
2016 JAN 27 PM 2:00
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway, Room 225
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF: Leavitt Investment Co
DEFENDANT: Margarete S Dorsey

**ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: 37-2015-00038520-cl-ud-ctl

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):* Margarete S. Dorsey

answers the complaint as follows:

2. ***Check ONLY ONE of the next two boxes:***
   a. [✓] Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. [ ] Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025):* [ ] Explanation is on MC-025, titled as Attachment 2b(1).

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
      [ ] Explanation is on MC-025, titled as Attachment 2b(2).

3. AFFIRMATIVE DEFENSES *(NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*
   a. [ ] *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. [ ] *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. [✓] *(nonpayment of rent only)* On *(date)*: 11/06/15 before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. [✓] Plaintiff waived, changed, or canceled the notice to quit.
   e. [ ] Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. [✓] By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. [ ] Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. [ ] Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. [ ] Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. [✓] Other affirmative defenses are stated in item 3k.

**EXHIBIT 7 - TESTIMONY OF ST. JOHN REGARDING RETURN OF CHECK TO MR DORSEY**



about until the 16th, at which time I called Ms. Cuevas up to get an explanation of why the check was returned. I was told that her supervisor had told her to evict us. She further explained that I was falling behind in my rent, which was not true, and that it was in our best interest to just go ahead and move out.

THE COURT: May I ask you a question, Mr. Dorsey, please?

MR. DORSEY: Yes.

THE COURT: The -- I've got your 3K here, and it references that this check in question is for $400; is that correct, sir?

MR. DORSEY: Yes, Your Honor.

THE COURT: Now, was that a check on October's rent or November's rent? It's unclear from what I'm reading here.

MR. DORSEY: The last payments that were cashed, that was for September rent.

THE COURT: Okay. The $400?

MR. DORSEY: Yes.

THE COURT: Okay. So -- just a second. Let me -- Ms. St. John, so is that money also due from September for the $400 or --

MS. ST. JOHN: If the Court would take a look at the ledger, what you will see is that the amount due after his last $400 payment in November says it was applied to September --

THE COURT: Okay.

MS. ST. JOHN: -- balance and --

THE COURT: Then returned.

MS. ST. JOHN: -- the total -- no, it wasn't. That was not returned. The last -- the last payment that they have happened to be $400. A subsequent payment for 400 was --

THE COURT: Okay.

MS. ST. JOHN: -- returned, but that left a balance of 2500. The three-day is 2300.

THE COURT: All right.

MS. ST. JOHN: They did not ask for that holdover balance of September.

THE COURT: Okay. That's fine. I just am trying to figure out what we're talking about here.

MS. ST. JOHN: The little bit of September that wasn't paid was not asked for.

THE COURT: Okay. Go ahead, Mr. Dorsey. I'm sorry. I'm trying to -- I'm trying to understand what's going on in my own mind, sir. Okay.

MR. DORSEY: Well, in the lump sum, Your Honor, we had an agreement with Ms. Cuevas to make payments to address our back rent as well as paying our current rent. Our rent at that time was 1150 a month. And the checks were totaling, you know -- one check a week was totaling $1600, and there was no explanation as to why all of this stopped, why we were being put out. There was just nothing. So, you know --

THE COURT: Well, unfortunately, under -- well, I shouldn't say unfortunately. As I regularly tell, I'm a landlord myself. While I was practicing law, I represented tenants. And California law gives the landlord the right to demand the rent in full on time. I mean, whether you think it's

**EXHIBIT 8 - ATTACHMENT TO ANSWER TO UD COMPLAINT**

MC-025

| SHORT TITLE: Leavitt Investment Co v Dorsey | CASE NUMBER: 37-2015-00038520-cl-ud-ctl |
|---|---|

**ATTACHMENT** *(Number)*: Attachment 3k

*(This Attachment may be used with any Judicial Council form.)*

In reference to paragraphs 3c, on November 6, 2015, in accordance with the terms of an agreement between Ms. Cuevas and Defendants, Defendants paid Ms. Cuevas $400.00 in the form of Check #1557. Check #1557 was returned un-cashed, by Ms. Cuevas to Defendants via certified mail on November 10, 2015. The certified mailing contained no information whatsoever to indicate a reason for the return of the check.

In reference to paragraph 3d, 1. On or about August 3, 2015, Monica Cuevas (Ms. Cuevas), a representative of Leavitt Investment Co. (Leavitt) entered into an implied in fact agreement with Defendants to accept late, as well as partial rent payments from Defendants with the goal of curing delinquent rent owed to Leavitt by Defendants. Since entering into the agreement, Ms. Cuevas has accepted and processed several partial as well as late payments made by Defendants. In each instance of serving Defendants a 3 Day Notice, Ms. Cuevas waived her right to enforce the terms of the 3 Day Notices, by continuing accept partial and late payments from Defendants under the terms of the agreement.

In reference to paragraph 3f, The complaint was filed prematurely. Plaintiff placed a 3 day notice dated November 10, 2015 in the mail on Tuesday, November 10, 2015. The following day, Wednesday, November 11, 2015, was Veterans Day, a holiday. The three days fo Defendants to perform or quit began on Thursday, November 12, 2015 and ended on Monday November 16, 2015. Defendants are allowed an additional five days to respond because the 3 day notice was mailed, giving Defendants until Monday November 23, 2015 to perform or quit. This timeframe includes an intervening weekend. The complaint was digitally filed with the court on Tuesday, November 17, 2015, before Defendants time to respond ended.

In reference to paragraph 3j, After entering into the agreement with Defendants, Ms. Cuevas also sent numerous 3 Day Notices To Pay Rent Or Quit (3 Day Notices) to Defendants. These 3 Day Notices were interspersed with Defendant's payments to Ms. Cuevas. In each instance of serving Defendants a 3 Day Notice, Ms. Cuevas waived her right to enforce the terms of the 3 Day Notices, by continuing accept payments from Defendants under the terms of the agreement. These 3 Day Notices over time became so common place to Defendants as to become a mere administrative necessity to ensure Defendants continued compliance with the terms of agreement as opposed to a "Genuine Demand To Pay Rent Or Quit". At no time after entering into the agreements with Defendants dk Ms. Cuevas communicate to Defendants in any way shape or form, any intent to modify, change, or otherwise, alter the terms and conditions of the agreement. Defendants had no knowledge of Ms. Cuevas's intent to enforce the terms of the 3 Day Notice dated November 10, 2015. Defendants had no knowledge of Ms. Cuevas' termination of the agreement, or initiation of Unlawful Detainer proceedings against Defendants until Defendant Wesley C Dorsey Jr received a return call from Ms. Cuevas on November 16, 2015.

In further reference to paragraph 3j, In a phone conversation with Ms. Cuevas on November 16, 2015, she indicated to Defendant Wesley C. Dorsey Jr. that eviction proceedings had been undertaken against Defendants. She alleged in the phone conversation that the Defendants were falling behind in their rent payment commitments as grounds for eviction. Ms. Cuevas's allegation is false. Defendants maintain and reiterate they have performed consistently with the terms of the agreement between Defendants and Ms. Cuevas.

The rent due on November 10, 2015 was not $2300.00.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

F I L E D
Clerk of the Superior Court
JAN 03 2017
By: Deputy

LEAVITT INVESTMENT CO
Plaintiff and Respondent,

vs.

WESLEY C. DORSEY JR,
MARGARETE S DORSEY,

Defendants and Appellants

Court of Appeal No.
37-2016-00200125-CL-UD-CTL

Superior Court No.:
37-2015-00038520-CL-UD-CTL

Appeal From a Judgment
Of The Superior Court, County of San Diego,
The Honorable Gary Kreep, Judge

APPELLANT'S REPLY BRIEF

Wesley C. Dorsey Jr.
660 9th Avenue
San Diego, CA 92101
619-208-0241

Appellant
Self-Represented



Ex 20

**TABLE OF CONTENTS**


| | | |
|---|---|---|
| TABLE OF AUTHORITIES | | 3 |
| INTRODUCTION | | 4 |
| ARGUMENT: ABUSE OF DISCRETION IN THE TRIAL COURTS RULING OF VALID SERVICE OF THE 3 DAY NOTICE TO PAY RENT OR QUIT IS NOT THE PROPER STANDARD OF REVIEW TO APPLY IN THIS INSTANCE. | | 4 |
| ARGUMENT: ABUSE OF DISCRETION IN THE TRIAL COURTS RULING ON THE 5 DAY EXTENSION PROVISION OF CA CCP 1013(a) IS NOT THE PROPER STANDARD OF REVIEW TO APPLY IN THIS INSTANCE. | | 6 |
| | | |
| CONCLUSION | | 7 |
| CERTIFICATE OF COMPLIANCE | | 8 |

## TABLE OF AUTHORITIES



| | |
|---|---|
| | |
| CA CCP 1013(a) | 4, 5, 6 |
| CA CCP 1162 | 5 |
| | |
| Westside Community for Independent Living v. Obledo (1983) 33 Cal.3d 348, 355 | 4 |
| 6 Witkin (2d ed. 1971) Appeal, § 244, p. 4235 . . . | 4 |
| Horsford v. Board of Trustees of Cal. State Univ. (2005) 132 Cal.App.4th 359, 393-394. | 4 |
| City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, at pages 1297 to 1298 | 4 |
| People v. Jacobs (2007) 156 Cal.App.4th 728, 735-740 | 5 |
| Haraguchi v. Superior Court (2008) 43 Cal.4th 706, 711-712, fns. omitted | 5 |
| California Sixth District Appellate Program Web Page at: http://www.sdap.org/news-10-10-08.html | 5 |

## INTRODUCTION

Respondents argue in their brief that *Abuse Of Discretion* is the proper standard of review to apply to Appellants arguments regarding the trial courts ruling on the validity of the 3 Day Notice To Pay Rent Or Quit, and the 5 Day Extension Provision of CA CCP 1013(a). Appellants disagree with Respondents contention and reasoning.

## ARGUMENT

1. ABUSE OF DISCRETION IN THE TRIAL COURTS RULING OF VALID SERVICE OF THE 3 DAY NOTICE TO PAY RENT OR QUIT IS NOT THE PROPER STANDARD OF REVIEW TO APPLY IN THIS INSTANCE.

*"The abuse of discretion standard, ... is not an abstract test based on whether the trial court judge was totally irrational. Instead, the court discretion is grounded in the policy and purpose of the statutes or laws being applied. "[T]rial court discretion is not unlimited. 'The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown.' (6 Witkin (2d ed. 1971) Appeal, § 244, p. 4235 . . .)" (Westside Community for Independent Living v. Obledo (1983) 33 Cal.3d 348, 355.) "[J]udicial discretion must be measured against the general rules of law and, in the case of a statutory grant of discretion, against the specific law that grants the discretion. [Citations.]" (Horsford v. Board of Trustees of Cal. State Univ. (2005) 132 Cal.App.4th 359, 393-394.)*

*A good discussion of the practical limits of a court's discretion is contained in City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, at pages 1297 to 1298: "The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is*

*outside the scope of discretion and we call such action an 'abuse' of discretion. [Citation.] If the trial court is mistaken about the scope of its discretion, the mistaken position may be 'reasonable', i.e., one as to which reasonable judges could differ. [Citation.] But if the trial court acts in accord with its mistaken view the action is nonetheless error; it is wrong on the law. [¶] The legal principles that govern the subject of discretionary action vary greatly with context. [Citation.] They are derived from the common law or statutes under which discretion is conferred. . . . The pertinent question is whether the grounds given by the court . . . are consistent with the substantive law . . . and, if so, whether their application to the facts of this case is within the range of discretion conferred upon the trial courts under [the statute], read in light of the purposes and policy of the statute. (Id., at pp. 1297-1298; see also People v. Jacobs (2007) 156 Cal.App.4th 728, 735-740.)*

*There are several components to an abuse of discretion standard. "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a court's ruling under review. [1] The trial court's findings of facts are reviewed for substantial evidence, [2] its conclusions of law are reviewed de novo, and [3] its application of the law to the facts is reversible only if arbitrary and capricious." (Haraguchi v. Superior Court (2008) 43 Cal.4th 706, 711-712, fns. omitted.)* **[California Sixth District Appellate Program Web Page at: http://www.sdap.org/news-10-10-08.html]**

In this instance, the plain language provisions of CA CCP 1162 provide strict guidelines for service of notice that the trial court is required to follow. The facts regarding the service of the 3 Day Notice are not in dispute. The laws regarding service of the 3 Day Notice are not in dispute. Substantial evidence and/or de novo are the proper standards of review here.

## ARGUMENT

**2.** ABUSE OF DISCRETION IN THE TRIAL COURTS RULING ON THE 5 DAY EXTENSION PROVISION OF CA CCP 1013(a) IS NOT THE PROPER STANDARD OF REVIEW TO APPLY IN THIS INSTANCE.

The text from page 4, lines 12 - 28; and page 5, lines 1 - 20 is incorporated by reference herein as if fully set forth herein.

Here, the application of abuse of discretion as a standard of review is wholly inappropriate. Appellants are not challenging the trial courts discretion in it's ruling on the 5 day provision of CA CCP 1013(a). Rather, Appellants are challenging the court's interpretation of the statutory construction of CA CCP 1013(a). Therefore in this instance, de novo review is the appropriate standard of review to apply.

CONCLUSION

Based on the above, Appellants have clearly demonstrated that Substantial Evidence and De Novo are the proper standards of review to apply to the arguments presented in this appeal. Therefore, the judgment of the trial court must be reversed.

Dated: 12/23/16

Respectfully submitted,

By ______________

Wesley C. Dorsey Jr.
Defendant-Appellant
In Pro Per

**CERTIFICATE OF COMPLIANCE**

I, Wesley C. Dorsey Jr. hereby certify that pursuant to Rule 8.204(c)(1) of the California Rules of Court, the enclosed brief including footnotes, contains approximately 1,171 words, which is less than the total words permitted by the rules of court. I relied on the word count of the computer program used to prepare this brief.

Dated: 12/23/16

Signed: ______________________

Print Name: Wesley C. Dorsey Jr.

In Pro Per

APP-009

PROOF OF SERVICE ~~(Court of Appeal)~~ gh

[ ] Mail [✓] Personal Service

**Notice: This form may be used to provide proof that a document has been served in a proceeding in the Court of Appeal. Please read *Information Sheet for Proof of Service (Court of Appeal)* (form APP-009-INFO) before completing this form.**

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
JAN 03 2017
gh
By: [signature], Deputy

Case Name: Leavitt Investment Co vs. Dorsey

Court of Appeal Case Number: 37-2016-00200125-CL-UD-CTL

Superior Court Case Number: 37-2015-00038520-CL-UD-CTL

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My [ ] residence [✓] business address is *(specify)*:
302 Washington Street, #939, San Diego, CA 92103

3. I mailed or personally delivered a copy of the following document as indicated below *(fill in the name of the document you mailed or delivered and complete either a or b)*: Appellant's Reply Brief; Motion to Augment Record

a. [ ] **Mail.** I mailed a copy of the document identified above as follows:

(1) I enclosed a copy of the document identified above in an envelope or envelopes and

(a) [ ] **deposited** the sealed envelope(s) with the U.S. Postal Service, with the postage fully prepaid.

(b) [ ] **placed** the envelope(s) for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope(s) with postage fully prepaid.

(2) Date mailed:

(3) The envelope was or envelopes were addressed as follows:

(a) Person served:
(i) Name:
(ii) Address:

(b) Person served:
(i) Name:
(ii) Address:

(c) Person served:
(i) Name:
(ii) Address:

[ ] Additional persons served are listed on the attached page *(write "APP-009, Item 3a" at the top of the page).*

(4) I am a resident of or employed in the county where the mailing occurred. The document was mailed from *(city and state)*:

APP-009

CASE NAME: Leavitt Investment Co vs. Dorsey | CASE NUMBER: 37-2016-00200125-CL

3. b. [✓] **Personal delivery.** I personally delivered a copy of the document identified above as follows:

(1) Person served:

(a) Name: Patricia Tirey, Esq.

(b) Address where delivered:

7676 Hazard Center Drive, Suite 900
San Diego, CA 92108

(c) Date delivered: 12/28/2016

(d) Time delivered: 3:36PM

(2) Person served:

(a) Name: The Honorable Gary Kreep, Judge

(b) Address where delivered:

220 West Broadway, Department 7
San Diego, CA 92101

(c) Date delivered: 12/28/2016

(d) Time delivered: 2:52PM

(3) Person served:

(a) Name:

(b) Address where delivered:

(c) Date delivered:

(d) Time delivered:

[ ] Names and addresses of additional persons served and delivery dates and times are listed on the attached page *(write "APP-009, Item 3b" at the top of the page).*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/29/2016

Jeremy Blatchley
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ [signature]
(SIGNATURE OF PERSON COMPLETING THIS FORM)