UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY C. DORSEY, JR., MARGARETE S. DORSEY,<br><br>                      Plaintiff,<br><br>v.<br><br>GARY KREEP, KERRY WELLS, CHARLES R. GILL, GALE E. KANESHIRO,<br><br>                      Defendants. | Case No.: 17-cv-0871-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint with Prejudice (ECF No. 14) filed by Defendants Judge Gary Kreep, Judge Kerry Wells, Judge Charles Gill, and Judge Gale Kaneshiro.

**I.    Background**

      On May 1, 2017, Plaintiffs Wesley C. Dorsey, Jr. and Margarete S. Dorsey (the "Dorseys") initiated this action by filing the Complaint (ECF No. 1) against Defendants Judge Gary Kreep, Judge Kerry Wells, Judge Charles Gill, and Judge Gale Kaneshiro. On September 28, 2017, the Dorseys filed the First Amended Complaint (FAC) (the "FAC"). The FAC brings claims under 42 U.S.C. § 1983 alleging violations of the Dorseys' Fourteenth Amendment rights to due process and equal protection. *Id.* On October 12,

1  2017, Defendants filed the Motion to Dismiss' Plaintiffs' First Amended Complaint with
2  Prejudice (ECF No. 14). On October 19, 2017, the Dorseys filed an Opposition to the
3  Motion to Dismiss. (ECF No. 15). On November 13, 2017, Defendants filed a Reply to
4  the Opposition to the Motion to Dismiss. (ECF No. 16).

**II.     Allegations of the First Amended Complaint**

In late 2015, the Dorseys were renting an apartment from the Leavitt Investment Company ("Leavitt"). FAC Ex. 4, ECF No. 8, at 37. The Dorseys and Ms. Cuevas, Leavitt's property manager, entered into an agreement after the Dorseys encountered financial hardship. *Id.* at 43. Under the terms of that agreement, the Dorseys were permitted to pay partial rent but Leavitt had the right to demand payment of the full amount due at any time. *Id.* at 45.

Under California law, Leavitt could file a complaint to evict the Dorseys three days after serving the Dorseys with a notice of eviction (a "three-day notice"). Cal. Civ. Proc. Code § 1161. California Civil Procedure Code § 1162 provides that three-day notices may be served

> (1) By delivering a copy to the tenant personally;
> (2) If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence;
> (3) If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there cannot be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated.

Cal. Civ. Proc. Code § 1162.

On November 10, 2015, Ms. Cuevas posted and mailed a three-day notice to the Dorsey's place of residence. FAC at ¶ 20; FAC Ex. 2, ECF No. 8, at 21.

On November 17, 2015, the Leavitt Investment Company ("Leavitt") filed an unlawful detainer complaint against the Dorseys in the Superior Court for the County of San Diego. FAC at ¶ 25 (citing *Leavitt Investment Company v. Dorsey*, Case No. 37-2015-

00038520-Cl-UD-CTL (hereinafter the "Detainer Action")). The Detainer Action was assigned to Defendant Judge Kreep. FAC Ex. 4, ECF No. 8, at 33. At trial, the Dorseys argued that Leavitt's complaint was filed prematurely because the three-day notice was posted and mailed on Tuesday, November 10, 2015, and the following day was Veterans Day, so only two business days elapsed between the mailing and posting of the three-day notice and the filing of the complaint on Tuesday, November 17, 2015. *Id.* at 52:6-13. The Dorseys argued a trial that Section 1013(a) of the California Code of Civil Procedure[1] applied to extend the notice requirement from three days to five days because the notice was mailed. *Id.* at 52:14-27. At trial, Judge Kreep held that Section 1013(a) only applied to post-litigation notices and that the complaint was filed properly on November 17, 2015. *Id.* at 54:6-13. On February 29, 2016, Judge Kreep entered judgment against the Dorseys, which resulted in their eviction from the property that they were then occupying. FAC at ¶¶ 31–35. The Dorseys filed two motions for a new trial, both of which were denied by Judge Kreep. *Id.* ¶¶ 39–42.

On March 11, 2016, the Dorseys appealed Judge Kreep's judgment and denial of the motions for a new trial to the Appellate Division of the Superior Court for the County of San Diego. *Id.* ¶¶ 34–46. The Dorseys' appeal was assigned to Defendants Judge Wells, Judge Gill, and Judge Kaneshiro (the "Defendant Appellate Judges"). *Id.* ¶ 34. On January 31, 2017, the "Defendant Appellate Judges" issued a Statement of Decision that rejected the Dorseys' arguments on appeal and unanimously affirmed the judgment entered by Judge Kreep. *Id.* ¶¶ 46, 50. In their Statement of Decision, the Defendant Appellate Judges: (1) declined to review the Dorseys' renewed motion for new trial, holding that an order denying a motion for new trial is not an appealable order; (2) held that Leavitt's unlawful detainer complaint was timely filed after the expiration of the three-day notice

---

[1] "In case of service by mail . . . any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days . . . ." Cal. Civ. Proc. Code § 1013(a).

period; (3) held that Cuevas's service by mail of the three-day notice was proper; and (4) held that the Dorseys waived the argument that there was no showing of reasonable diligence in Cuevas's attempt at personal service by failing to object to the admission of the notice at trial. *Id.*

On February 9, 2017, the Dorseys filed a petition for rehearing. *Id.* ¶ 47. On March 2, 2017, in its modified decision, the Defendant Appellate Judges denied the petition for rehearing. *Id.* ¶ 50. On March 13, 2017, the Defendant Appellate Judges denied the Dorseys' petition for transfer to the California Court of Appeals, Fourth Appellate District, Division One. *Id.* ¶ 54. The Dorseys do not allege that they have sought review of the decision of the Defendant Appellate Judges by the California Supreme Court. *See id.*

The FAC alleges that Judge Kreep violated the Dorseys' Fourteenth Amendment rights by: (1) failing to address the Dorseys' contention that the service by mail of the three-day notice was defective; (2) failing to address the Dorseys' contention that Leavitt filed its complaint prematurely; and (3) failing to rule on the issue of whether there was sufficient evidence submitted at trial to justify the decision of the court. *Id.* ¶ 57. The FAC alleges that the Defendant Appellate Judges violated the Dorseys' Fourteenth Amendment rights by: (1) not addressing de novo the validity of the service by mail of the three-day notice; (2) denying supplemental briefing; (3) failing to address whether an objection based on the sufficiency of evidence introduced at trial can be waived; (4) failing to address whether a general denial of all allegations of the complaint requires defendants to plead affirmative defenses; and (5) failing to grant the Dorseys' petition for rehearing. *Id.* ¶¶ 65, 69.

The FAC seeks the following injunctive relief: (1) an order from this court either (a) vacating the judgment in the Detainer Action or (b) requiring Defendants to provide a rehearing on the claims set forth in the FAC; and (2) an order directing the Clerk of the San Diego Superior Court to seal the Detainer Action. *Id.* at ¶¶ 72–73. The FAC also seeks a declaration (1) that the Defendants' alleged acts constitute fraud on the court; (2) clarifying

the applicability of Cal. Civ. P. Code § 1177[2] to the five-day extension provision of Cal. Civ. Proc. Code § 1013(a); (3) that the service of the three-day notice was invalid under Cal. Civ. Proc. Code § 1162; (4) that Leavitt's complaint was filed prematurely; (5) the applicability of Cal. Gov't Code § 68081[3] to the failure of the Defendant Appellate Judges to grant a rehearing on an issue not briefed by either party; and (6) outlining all Defendants violations of the California Code of Judicial Ethics, Canon 3B(8). *Id.* ¶¶ 74–79.

### III. Standard of Review

Defendants move to dismiss the Dorseys' claims on the grounds that "this Court lacks jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine." (ECF No. 14-1 at 2). Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926) *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

### IV. Discussion

Because federal court jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court, district courts lack subject matter jurisdiction to review an appeal from a state court judgment. *Rooker v. Fidelity Trust Co.*,

---

[2] "Except as otherwise provided in this Chapter the provisions of [California Code of Civil Procedure §§ 307–1062.5] are applicable to, and constitute the rules of practice in the proceedings mentioned in this Chapter."

[3] "Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."

263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 (1983). Accordingly, a district court may not adjudicate an action seeking to reverse or nullify a final state court judgment. *Id.* Nor may it adjudicate issues "inextricably intertwined" with those adjudicated by the state court (e.g., claims that the judgment violates the non-prevailing party's constitutional rights). *Id.* at 483. The non-prevailing party in state court cannot avoid a state court judgment by bringing a claim in federal district court that the state judgment violates the party's federal rights. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292-293 (2005); *Johnson v. De Grandy,* 512 U.S. 997, 1005-1006 (1994).

The *Rooker-Feldman* doctrine precludes "de facto appeals" from state court judgments when a federal plaintiff asserts a legal wrong from an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision. *Carmona v. Carmona,* 603 F.3d 1041, 1050 (9th Cir. 2010). The four requirements of the *Rooker-Feldman* doctrine are: (1) the plaintiff must have lost in state court; (2) the plaintiff must have filed suit in federal court after the state proceedings ended; (3) plaintiff must complain of injuries caused by the state court judgment; and (4) the plaintiff must be asking the district court to review and reject the state court judgment. *Exxon*, 544 U.S. at 284.

**A. Plaintiffs Must Have Lost in State Court**

The *Rooker-Feldman* doctrine only applies when a plaintiff was the losing party in state court. *Id.* at 291; *Johnson v. De Grandy*, 512 U.S. at 1005-1006; *Bennett v. Yoshina*, 140 F.3d 1218, 1224 (9th Cir. 1998). Defendant Judge Gary Kreep issued a judgment against the Dorseys and denied two motions for a new trial filed by the Dorseys. FAC at ¶¶ 31–35. The Defendant Appellate Judges affirmed the judgment. *Id.* ¶¶ 46, 50. The Court finds that the Dorseys were the losing party in state court.

**B. Plaintiffs Must Have Filed Suit in Federal Court After the State Proceedings Ended**

The *Rooker-Feldman* doctrine bars federal actions filed after the state court proceedings have ended. *Exxon*, 544 U.S. at 284. "Proceedings end for *Rooker–Feldman*

purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 (9th Cir. 2005), *as amended on denial of reh'g* (July 21, 2005) (citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 25 (1st Cir. 2005)).

On February 29, 2016, Defendant Judge Kreep entered judgment against the Dorseys on the Detainer Action. FAC at ¶¶ 31–35. On January 31, 2017, and as modified on March 2, 2017, the Defendant Appellate Judges rejected the Dorseys' claims and unanimously affirmed the judgment issued by Judge Kreep. *Id.* ¶¶ 46, 50. On March 13, 2017, the Defendant Appellate Judges denied the Dorseys' petition for transfer. *Id.* ¶ 54. The Dorseys do not allege that they have sought review of the decision of the Defendant Appellate Judges by the California Supreme Court. See *id.* Consequently, the Dorseys have exhausted their appeals. *See* Cal. R. Ct. 8.500(a)(1) ("A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal . . . except the denial of a transfer of a case within the appellate jurisdiction of the superior court."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."). The Dorseys filed their Complaint on May 1, 2017, (ECF No. 1), after the period of time during which the Dorseys could have appealed the decision of the Defendant Appellate Judges had elapsed, *see* FAC at ¶¶ 46, 50 (The Defendant Appellate Judges issued their modified decision on March 2.); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."). The Court finds that the state proceeding has ended for purposes of the *Rooker-Feldman* doctrine.[4]

---

[4] In their Opposition to the Motion to Dismiss, the Dorseys contend that the state proceedings have not ended because the Dorseys have filed motions in the Detainer Action that have not yet been adjudicated. ECF No. 15 at 7:3-7. However, the FAC does not allege that the Dorseys have filed any pending motions in the Detainer Action. Even if the Dorseys have filed motions in the Detainer action,

7

## C. Plaintiffs Must Complain of Injuries Caused by the State Court Judgment

Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over claims "complaining of an injury caused by the state-court judgment." *Exxon*, 544 U.S. at 291. The Dorseys allege that Defendants injured them by violating their Fourteenth Amendment rights. The Dorseys allege that Judge Kreep violated their Fourteenth Amendment rights by (1) failing to address the Dorseys' contention that the service by mail of the three-day notice was defective; (2) failing to address the Dorseys' contention that Leavitt filed its complaint prematurely; (3) failing to rule on the issue of whether there was sufficient evidence submitted at trial to justify the decision of the court. FAC at ¶ 57. The Dorseys allege that the Defendant Appellate Judges violated their Fourteenth Amendment rights by: (1) not addressing de novo the validity of the service by mail of the three-day notice; (2) denying supplemental briefing; (3) failing to address whether an objection based on the sufficiency of evidence introduced at trial can be waived; (4) failing to address whether a general denial of all allegations of the complaint requires defendants to plead affirmative defenses; and (5) failing to grant the Dorseys' petition for rehearing. *Id.* ¶¶ 65, 69. The Court finds that Plaintiff's' claims are based on injuries caused by the state-court judgments.

## D. Plaintiffs Must Be Asking the District Court to Review and Reject the State Court Judgment

District courts do not have jurisdiction over claims "essentially invit[ing] federal courts of first instance to review and reverse unfavorable state-court judgments," *Exxon*, 544 U.S. at 283–84, or claims "inextricably intertwined" with state court judgments, *District of Columbia v. Feldman,* 460 U.S. at 483. A federal claim is "inextricably

---

the state proceeding has still ended for purposes of the *Rooker-Feldman* doctrine because "the state courts finally resolve[d] the issue that the federal court plaintiff seeks to relitigate in a federal forum." *Mothershed*, 410 F.3d at 604 (citing *Federacion de Maestros*, 410 F.3d at 25).

intertwined" with a state court judgment if its success depends on a determination that the state court wrongly decided the issues before it. *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (stating that "we have found claims inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (internal quotes omitted)). "The clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

The Dorseys seek injunctive and declaratory relief under 42 U.S.C. § 1983. The Dorseys seek injunctive relief in the form of an order either (a) vacating the judgment in the Detainer Action or (b) requiring Defendants to provide a rehearing on the claims set forth in the FAC. FAC at ¶ 72.[5] The Dorseys also seek a declaration: (1) that the Defendants' alleged acts constitute fraud on the court; (2) clarifying the applicability of Cal. Civ. Proc. Code § 1177 to the five-day extension provision of Cal. Civ. Proc. Code § 1013(a); (3) that the service of the three-day notice by Ms. Cuevas was invalid under Cal. Civ. Proc. Code § 1162; (4) that the complaint for the Detainer Action filed on November 17, 2015, was filed prematurely; (5) on the applicability of Cal. Gov't Code § 68081 in regard to the failure of the Defendant Appellate Judges to grant a rehearing on an issue not briefed by either party; and (6) outlining all of Defendants' violations of the California

---

[5] The Dorseys also request an order directing the Clerk of the San Diego Superior Court to seal the Detainer Action. FAC at ¶ 73. Parties only have standing to request relief that is likely to redress their alleged injuries. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The Dorseys' alleged injuries are violations of their Fourteenth Amendment rights caused by the decisions issued by the Defendants. FAC at ¶¶ 57, 65, 69. Sealing the Detainer Action would not redress those alleged injuries. Consequently, the Dorseys do not have standing to request an order directing the Clerk of the San Diego Superior Court to seal the Detainer Action, and the Court does not have jurisdiction over that request. *See Lujan*, 504 U.S. at 560–61.

Code of Judicial Ethics, Canon 3B(8). *Id.* ¶¶ 74–79. The Court addresses each request for relief in turn.

The Dorseys request an order from this court either (a) vacating the judgment in the Detainer Action or (b) requiring Defendants to provide a rehearing on the claims set forth in the FAC. On January 31, 2017, the Defendant Appellate Judges affirmed the judgment against the Dorseys entered by Judge Kreep. *Id.* ¶ 46. On March 2, 2017, the Defendant Appellate Judges denied the Dorseys' petition for rehearing. *Id.* ¶¶ 47–50. An order vacating the judgment issued in the Detainer Action would "reverse [an] unfavorable state-court judgment[]." *Exxon*, 544 U.S. at 283–84. An order requiring Defendants to provide a rehearing on the claims set forth in the FAC would reject the state court order denying the Dorseys' petition for rehearing. FAC at ¶¶ 46–50.

The Dorseys request a declaration clarifying the applicability of Cal. Civ. Proc. Code § 1177 to the five-day extension provision of Cal. Civ. Proc. Code § 1013(a) in reference to the service of the three-day notice by posting and mailing. *Id.* at ¶ 75. The Dorseys argued at trial that § 1177 applied to extend § 1162's three-day notice requirement to five days under §1013(a) when an individual mails any notice of litigation. FAC Ex. 4, ECF No. 8, at 52:6-13. At trial, Judge Kreep held that § 1013(a) only applied to post-litigation notices and that the complaint was filed properly on November 17, 2015. *Id.* at 52:14-27; 54:6-13. Judge Kreep entered a judgment in accordance with that holding and the Defendant Appellate Judges affirmed the judgment entered by Judge Kreep. FAC at ¶¶ 31, 46. The Dorseys' request for a declaration clarifying the applicability of § 1013(a) applied to § 1177 asks this Court to reject the judgment issued by Judge Kreep and affirmed by the Defendant Appellate Judges.

The Dorseys request a declaration that the service of the three-day notice by Ms. Cuevas was invalid under Cal. Civ. Proc. Code § 1162. *Id.* ¶ 76. Defendant Judge Kreep determined that the three-day notice was valid. FAC Ex. 4, ECF No. 8, at 54:6-13. Judge Kreep entered a judgment in accordance with that holding and the Defendant Appellate Judges affirmed the judgment entered by Judge Kreep. FAC at ¶¶ 31, 46. The Dorseys

10

request for a declaration that the service of the three-day notice by Ms. Cuevas was invalid would reject the state-court judgment.

The Dorseys request a declaration that the Leavitt's complaint was filed prematurely. *Id.* ¶ 77. Judge Kreep held that the complaint was not filed prematurely. FAC Ex. 4, ECF No. 8, at 54:6-13. Judge Kreep entered a judgment in accordance with that holding and the Defendant Appellate Judges affirmed the judgment entered by Judge Kreep. FAC at ¶¶ 31, 46. A declaration stating that Leavitt filed its complaint prematurely would reject the state-court judgment.

The Dorseys request a declaration of the applicability of Cal. Gov't Code § 68081 to the failure of the Defendant Appellate Judges to grant the Dorseys' request for a rehearing. *Id.* ¶ 78. The Defendant Appellate Judges denied the Dorseys' request for a rehearing. *Id.* The Dorseys' request would reject the Defendant Appellate Judges decision denying a rehearing.

The Dorseys request a declaration that the Defendants' decisions constitute fraud on the court. *Id.* ¶¶ 74–79. The Dorseys also request a declaration outlining all of Defendants' violations of the California Code of Judicial Ethics, Canon 3B(8). *Id.* These requests are "inextricably intertwined" with the judgments issued in the Detainer Action because granting them would require a determination that the state court wrongly decided the issues before it. *Cooper*, 704 F.3d at 779.

### E. Conclusion

In sum, the allegations of the FAC allege that the Dorseys lost in state court then filed suit after the state proceedings had ended alleging injuries based on the unfavorable state court judgments and seeking relief that would reverse those state court judgments. Consequently, the Court lacks jurisdiction over all of the Dorseys' claims under the *Rooker-Feldman* doctrine.

### F. Leave to Amend

Defendants ask the Court to dismiss the Dorseys' claims without leave to amend. (ECF No. 14 at 11:13-19). A district court may dismiss a claim without leave to amend if

11

"any proposed amendment would be futile." *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th Cir. 1990) (citing *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983)). The Court finds that any proposed amendment would be futile because no plausible amendment to the Complaint would allow the Court to assert jurisdiction in compliance with the *Rooker-Feldman* doctrine.

## V.     Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 14) is GRANTED. The FAC (ECF No. 8) is DISMISSED WITH PREJUDICE. The Clerk of the Court shall close the case.

Dated: March 28, 2018

Hon. William Q. Hayes
United States District Court